UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| OMAR SANTOS and AMANDA CLEMENTS on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>  vs.<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>      Defendants.<br>_____ | Case No 1:19-cv-23084-KMW |

## JOINT SCHEDULING REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, this Court's Local Rule 16(1)(b) and July 26, 2019 Order [ECF 7], Plaintiffs Omar Santos and Amanda Clements ("Plaintiffs") and Defendants Healthcare Revenue Recovery Group, LLC ("HRRG") and Experian Information Solutions, Inc. ("Experian") (collectively "Defendants"), by and through their undersigned counsel, submit this Joint Scheduling Report and attached Joint Proposed Scheduling Order and state as follows:

**1.     The Likelihood of Settlement**

The Parties do not believe that settlement is likely at this time. As discovery develops, the Parties agree to maintain a dialogue regarding settlement and will pursue settlement options in good faith.

**2.     The Likelihood of Appearance in the Action of Additional Parties**

Plaintiffs do not anticipate adding any additional defendants to this case. Prior to class certification, however, Plaintiffs may seek to add additional class representatives.

3. **Proposed Case Management Deadlines**

The Parties recommend that the Court assign this case to a Complex Case Management Track. As reflected in the Parties' attached Joint Proposed Scheduling Order, the Parties request twelve months of fact discovery followed by expert discovery before class certification and trial.

4. **Proposals for the Formulation and Simplification of Issues, Including the Elimination of Frivolous Claims or Defendants, and the Number and Timing of Motions for Summary Judgment or Partial Summary Judgment**

Plaintiffs allege a single claim under the Fair Credit Reporting Act.

The Parties presently have no specific proposals for the simplification of issues or defenses, however, the Parties will continue to look for opportunities to simplify this case before trial.

5. **The Necessity or Desirability of Amendments to the Pleadings**

Pending review of any motion to dismiss filed by Defendant Experian Information Solutions, Inc., Plaintiffs do not presently anticipate amending their operative complaint.

6. **The Possibility of Obtaining Admissions of Fact and of Documents Which Will Avoid Unnecessary Proof, Stipulations Regarding Authenticity of Documents and the Need for Advance Rulings from the Court on Admissibility of Evidence**

Based on the allegations, the Parties anticipate that they will be able to cooperate as to certain admissions of fact and stipulate to the authenticity and admissibility of a majority of documents and electronically stored information in the possession of Defendants, Plaintiffs and non-parties.

7. **Suggestions for the Avoidance of Unnecessary Proof and Cumulative Evidence**

As the discovery record develops, the Parties will work toward narrowing the factual and legal issues in dispute whenever possible in an effort to curtail the pretrial and trial proceedings.

8. **Suggestions on the Advisability of Referring Matters to a Magistrate Judge or Master**

The Parties agree that referring discovery motions to the Magistrate Judge will facilitate the resolution of such motions. Pursuant to this Court's Order of Referral (ECF No. 7), such referral should not include dispositive pre-trial motions, including motions to dismiss, motions for summary judgment, motions *in limine* and *Daubert* motions. The Parties respectfully request that the Court preside over all such motions, Plaintiffs' motion for class certification and the trial of this matter.

9. **Preliminary Estimate of the Time Required for Trial**

The Parties anticipate that this case will require approximately ten days for trial.

10. **Requested Date of Dates for Conferences Before Trial, a Final Pretrial Conference and Trial**

The Parties do not request any pre-trial conferences at this time. As set forth in the attached Joint Proposed Scheduling Order, Plaintiffs respectfully request the Court set a Final Pretrial Conference on July 16, 2021 and propose that trial commence during the week of August 16, 2021.

11. **Any Issues About: (i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and (iii) when the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist**

The Parties agree to use the District's checklist for Rule 26(f) Conference Regarding Electronically Stored Information. The Parties agree to further discuss in good faith any issues relating to the production of ESI that arise in this case including, if necessary, negotiating a comprehensive ESI protocol to govern the production of ESI and related issues. The Parties agree

to negotiate and submit to the Court for approval a stipulated protective order governing the production of confidential information in this case.

**12.  Whether the Trial Will Be Jury or Non-Jury**

The Parties request a jury trial.

**13.  An Outline of the Legal Elements of Each Claim and Defense Raised by the Pleadings**

Plaintiffs allege Defendants violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.*, by falsely altering delinquent account information on Plaintiffs' and class members' Experian consumer credit reports/profiles, and by failing to properly investigate Plaintiffs' and class members' disputes regarding the accuracy of such credit reports/profiles.

The FCRA imposes a duty on HRRG to report accurate information and conduct an investigation regarding disputed information and then correct or delete inaccurate information. 15 U.S.C. §1681s-2(b). HRRG denies that it violated any provision of the FCRA, and asserts the defenses to liability under the FCRA, including that it conducted a reasonable investigation or reinvestigation.

The FCRA, in turn, imposes a duty on Experian to prepare consumer credit reports with "maximum possible accuracy." 15 U.S.C.A. § 1681e. And, the FCRA imposes a duty on Experian to properly conduct an investigation following a dispute, and either correct or delete inaccurate information. 15 U.S.C.A. § 1681i(a). Experian denies that it violated any provision of the FCRA, denies that it is liable to Plaintiffs, and denies that Plaintiffs suffered damage as a result of any alleged wrongful actions or inactions of Experian.

**14.  Estimate of the Specific dollar Valuation of Actual Damages and Other Relief at Issue**

Plaintiffs seek statutory penalties under FCRA "of not less than $100 and not more than $1000;" punitive damages; and attorneys' fees. The exact amount is not presently known and will depend on discovery.

15. **Need for Variance from the Discovery Limitations Imposed by Local Rule and/or the Federal Rules of Civil Procedure**

None known at this time. The Parties agree to confer in good faith before bringing any such matter to the Court.

Dated:  September 27, 2019           Respectfully submitted,

**PODHURST ORSECK, P.A.**

 /s/*Peter Prieto*
Peter Prieto (FBN 501492)
pprieto@podhurst.com
Matthew Weinshall (FBN 84783)
mweinshall@podhurst.com
Alissa Del Riego (FBN 99742)
adelriego@podhurst.com
**PODHURST  ORSECK, P.A.**
SunTrust International Center
One S.E. 3rd Avenue, Suite 2300
Miami, Florida  33131

Roland Tellis (*admitted pro hac vice*)
rtellis@baronbudd.com
Jonas P. Mann (*admitted pro hac vice*)
jmann@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, California  91436

Dennis McCarty (*admitted pro hac vice*)
dennismccartylaw@gmail.com
Jonathan Raburn (*admitted pro hac vice*)
jonathan@geauxlaw.com
**McCARTY & RABURN PLLC**
2931 Ridge Road, Suite 101 #504
Rockwall, Texas  75032

*Attorneys for Plaintiffs*

5

/s/ Ernest H. Kohlmyer, III
Ernest H. Kohlmyer, III
Florida Bar No. 110108
SKohlmyer@shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Pkwy, Suite 100
Maitland, Florida 32751
Phone: 407-622-1772
Fax: 407-622-1884

*Attorneys for Defendant Healthcare Revenue Recovery Group, LLC*

/s/ Marc A. Weinroth
A. Cristina Pérez Soto, Fla. Bar No. 096692
Marc A. Weinroth, Fla. Bar No. 042873
**JONES DAY**
600 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: +1.305.714.9700
Facsimile: +1.305.714.9799
E-mail: cperezsoto@jonesday.com
E-mail: mweinroth@jonesday.com

William R. Taylor, TX Bar No. 24070727
(admitted *pro hac vice*)
Alexander G. Hughes, TX Bar No. 24092546
(admitted *pro hac vice*)
**JONES DAY**
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
Email: wtaylor@jonesday.com
Email: ahughes@jonesday.com

*Attorneys for Defendant Experian Information Solutions, Inc.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

| | |
|---|---|
| OMAR SANTOS and AMANDA CLEMENTS on behalf of themselves and all others similarly situated, | Case No 1:19-cv-23084-KMW |
| Plaintiffs, | |
| vs. | |
| HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES and EXPERIAN INFORMATION SOLUTIONS, INC., | |
| Defendants. _____/ | |

### SCHEDULE JOINTLY PROPOSED BY THE PARTIES

THIS MATTER is set for trial the week of **August 16, 2021**. The Parties propose to adhere to the following schedule:

| | |
|---|---|
| **November 4, 2019** | The Parties shall furnish their initial disclosures pursuant to Fed. R. Civ. P. 26. The Parties are under a continuing obligation to furnish supplements within ten (10) days of receipt or other notice of new or revised information. |
| **April 6, 2020** | The Parties shall file motions to amend pleadings or join Parties. |
| **September 7, 2020** | The Parties shall complete fact discovery. |
| **September 21, 2020** | Plaintiff shall file a motion for class certification. |
| **November 9, 2020** | Plaintiff shall disclose experts, expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(a)(2). |

7

| | |
|---|---|
| **December 7, 2020** | Defendant shall disclose experts, expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(a)(2). |
| **February 1, 2021** | The Parties shall exchange rebuttal expert witness summaries and reports, as required by Federal Rule of Civil Procedure 26(a)(2). |
| **April 5, 2021** | The Parties shall complete expert discovery. |
| **May 3, 2021** | The Parties shall complete mediation and file a mediation report with the Court. |
| **June 7, 2021** | The Parties shall file all dispositive pre-trial motions and memoranda of law. The Parties shall also file any motions to strike or exclude expert testimony, whether based on Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), or any another basis. |
| **June 14, 2021** | The Parties shall each file one motion *in limine*. All motions *in limine* must be filed at least six (6) weeks before calendar call. |
| **July 5, 2021** | The Parties shall file their joint pretrial stipulation, witness lists, and exhibit lists in accordance with Local Rule 16.1(d) and (e). The Parties shall also file final proposed jury instructions or conclusions of law (for non-jury trials). |
| **July 12, 2021** | The Parties shall submit their deposition designations. |