**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO. 1:19-CV-23084-WILLIAMS/TORRES**

| | | |
|---|---|---|
| OMAR SANTOS and AMANDA CLEMENTS on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | CASE NO. 1:19-cv-23084-KMW |
| v. | ) ) ) | |
| HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES, and EXPERIAN INFORMATION SOLUTIONS, INC., | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) ) | |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
MOTION FOR SUMMARY JUDGMENT**

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ...................................................................................................... ii
INTRODUCTION .......................................................................................................................... 1
FACTUAL BACKGROUND ........................................................................................................ 3
    I.    FACTS RELATED TO OMAR SANTOS ............................................................ 3
    II.    FACTS RELATED TO AMANDA CLEMENTS ................................................ 4
LEGAL STANDARD .................................................................................................................... 5
LEGAL ARGUMENT ................................................................................................................... 6
    I.    EXPERIAN IS ENTITLED TO SUMMARY JUDGMENT ON THE SECTION 1681E(B) CLAIM ................................................................................ 6
    II.    EXPERIAN ALSO IS ENTITLED TO SUMMARY JUDGMENT ON THE SECTION 1681I CLAIM ............................................................................ 10
CONCLUSION ........................................................................................................................... 13

# **TABLE OF AUTHORITIES**

Page

**CASES**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ................................................................................................................. 5

*Bailey v. Equifax Credit Info. Servs., Inc.*,
    No. 1:14-CV-00797-MHC-JCF, 2016 WL 11540113
    (N.D. Ga. Nov. 28, 2016), *adopted by*, No. 1:14-CV-797-MHC,
    2017 WL 10728913 (N.D. Ga. Jan. 9, 2017) ......................................................................... 10

*Beaudry v. TeleCheck Servs., Inc.*,
    579 F.3d 702 (6th Cir. 2009) .................................................................................................... 7

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.*,
    116 F.3d 1364 (11th Cir. 1997) ................................................................................................ 6

*Butler v. Equifax Info. Servs., LLC*,
    No. 3:17-cv-422-MCR-CJK, 2018 WL 5986534 (N.D. Fla. Oct. 12, 2018) ........................ 7, 8

*Cahlin v. Gen. Motors Acceptance Corp.*,
    936 F.2d 1151 (11th Cir. 1991) ............................................................................................ 6, 7

*Clark v. Trans Union, LLC*,
    2019 WL 3505446 (N.D. Ga. June 5, 2019), *adopted by*,
    2019 WL 5413874 (N.D. Ga. July 17, 2019) ........................................................................... 7

*Cleveland v. Pol'y Mgmt. Sys. Corp.*,
    526 U.S. 795 (1999) ................................................................................................................. 6

*Collins v. Experian Info. Sols., Inc.*,
    775 F.3d 1330 (11th Cir. 2015) .............................................................................................. 10

*Cordoba v. Dillard's Inc.*,
    419 F.3d 1169 (11th Cir. 2005) .............................................................................................. 10

*Cunningham v. Ocwen Fin.*,
    No. 3:12-CV-0440, 2014 WL 688229 (M.D. Tenn. Feb. 20, 2014) .................................. 2, 12

*Davis v. Equifax Info. Servs. LLC*,
    346 F. Supp. 2d 1164 (N.D. Ala. 2004) ................................................................................. 10

*Dreher v. Experian Info. Sols., Inc.*,
    856 F.3d 337 (4th Cir. 2017) ...................................................................................................6

*Enwonwu v. Trans Union, LLC*,
    164 F. App'x 914 (11th Cir. 2006) ......................................................................................7, 10

*Enwonwu v. Trans Union, LLC*,
    364 F. Supp. 2d 1361 (N.D. Ga. 2005) ....................................................................................8

*F.T.C. v. Gill*,
    265 F.3d 944 (9th Cir. 2001) .................................................................................................12

*Harris v. RELS Reporting Servs., LLC*,
    No. 2:14-CV-0805-SLB, 2016 WL 4366892 (N.D. Ala. Aug. 16, 2016) .................................7

*Henson v. CSC Credit Servs.*,
    29 F.3d 280 (7th Cir. 1994) ...................................................................................................12

*Herisko v. Bank of Am.*,
    367 F. App'x 793 (9th Cir. 2010) ...........................................................................................11

*Jackson v. Equifax Info. Servs, LLC*,
    167 Fed. App'x 144 (11th Cir. 2006) ............................................................................. *passim*

*Librizzi v. Ocwen Loan Servicing, LLC*,
    120 F. Supp. 3d 1368 (S.D. Fla. 2015) .................................................................................7, 9

*Macuba v. Deboer*,
    193 F.3d 1316 (11th Cir. 1999) ................................................................................................9

*Oses v. Corelogic Saferent, LLC*,
    171 F. Supp. 3d 775 (N.D. Ill. 2016) ......................................................................................11

*Pagazani v. Equifax Info. Servs., LLC*,
    No. 0:15-cv-61467-BB, 2016 WL 2997586 (S.D. Fla. May 25, 2016) .................................1, 7

*Pettway v. Equifax Info. Servs., LLC*,
    No. CIV.A. 08-0618-KD-M, 2010 WL 653708 (S.D. Ala. Feb. 17, 2010) .........................7, 11

*Petty v. Equifax Info. Servs., LLC*,
    No. CCB-10-694, 2010 WL 4183542 (D. Md. Oct. 25, 2010) ...............................................11

*Ray v. Equifax Info. Servs., LLC*,
    327 F. App'x 819 (11th Cir. 2009) ...................................................................................1, 6, 7

*Rollins v. TechSouth, Inc.*,
   833 F.2d 1525 (11th Cir. 1987) ...................................................................................10

*Ruffin-Thompkins v. Experian Info. Sols., Inc.*,
   422 F.3d 603 (7th Cir. 2005) ...........................................................................2, 11, 12

*Seay v. Trans Union, LLC*,
   No. 7:18-CV-204 (HL), 2019 WL 4773827 (M.D. Ga. Sept. 30, 2019) ...................7

*Smith v. Specialized Loan Servicing, LLC*,
   No. 1:17-CV-02940-LMM-RGV, 2018 WL 4856039 (N.D. Ga. July 19, 2018)
   *adopted by*, No. 1:17-CV-2940-LMM-RGV,
   2018 WL 4850229 (N.D. Ga. Sept. 17, 2018) .........................................................12

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016) ...............................................................................................6

*Stacy v. Dollar Tree Stores, Inc.*,
   274 F. Supp. 3d 1355 (S.D. Fla. 2017) ......................................................................6

*Wickstrom v. Experian*,
   No. 1:09-cv-591, 2010 WL 2651303 (W.D. Mich. July 1, 2010) ...........................12

**STATUTES**

15 U.S.C. § 1681c(a)..................................................................................................12

15 U.S.C. § 1681i(a)(1)(A).........................................................................................11

**OTHER AUTHORITIES**

16 C.F.R. § 660.4(d)(2)..............................................................................................13

Fed. R. Civ. P. 56(a) ....................................................................................................5

## **INTRODUCTION**

Omar Santos and Amanda Clements contend that Experian Information Solutions, Inc. willfully violated two provisions of the Fair Credit Reporting Act—(1) 15 U.S.C. § 1681e(b) (for allegedly failing to have reasonable procedures to ensure the maximum possible accuracy of information contained in a consumer report), and (2) 15 U.S.C. § 1681i (for allegedly failing to conduct a reasonable reinvestigation of their credit disputes). The undisputed evidence conclusively establishes that neither plaintiff can maintain either claim.

Under controlling Eleventh Circuit precedent, in order to maintain a claim under Section 1681e(b) or Section 1681i, a plaintiff must establish two things: (1) the presence of inaccurate information appearing in a credit report furnished to a third party; ***and*** (2) the denial of credit caused by that inaccuracy. *See, e.g., Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 826 (11th Cir. 2009) (citing *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156, 1161 (11th Cir. 1991)); *Jackson v. Equifax Info. Servs, LLC*, 167 Fed. App'x 144, 146 (11th Cir. 2006). In the Eleventh Circuit, these two elements are part of a plaintiff's *prima facie* case, regardless of whether the claim is pleaded as a negligent or willful violation. *See Ray*, 327 F. App'x at 826; *see also Pagazani v. Equifax Info. Servs., LLC*, No. 0:15-cv-61467-BB, 2016 WL 2997586, at *4 (S.D. Fla. May 25, 2016) (dismissing willful violation claim because plaintiff failed to establish that an inaccuracy in his credit report caused the credit denial). Here, Plaintiffs admitted at deposition that they cannot point to a single credit application that was denied because of inaccurate information appearing in an Experian credit report. Thus, under controlling precedent of this Circuit, Experian is entitled to summary judgment on both claims.

Although the foregoing is sufficient to enter summary judgment in Experian's favor, the Section 1681i claim fails for an additional reason: Plaintiffs did ***not*** even dispute the information

1

they claim Experian failed to reinvestigate, which is fatal to a claim under Section 1681i. The relevant dispute letter—which is identical for both Santos and Clements—reads as follows:

> Hello:
>
> I think the above listed account is not accurate. I think it has been re-aged. Please investigate and fix or delete.

Under the FCRA, "re-aging" is a term of art, and means an account's "date of last activity" has been modified such that the account will report beyond the statutory obsolete deadline. *See*, *e.g.*, *Cunningham v. Ocwen Fin.*, No. 3:12-CV-0440, 2014 WL 688229, at *1 (M.D. Tenn. Feb. 20, 2014) ("Re-aging occurs when a Reporting Agency or a CRA modifies the date of last activity on a delinquent account to extend the reporting date beyond the permissible . . . timeframe.").

Plaintiffs' complaint, however, seeks to maintain a Section 1681i claim on the basis of an entirely *different* claim of inaccuracy—to wit:  That Experian inaccurately reported the "Date of Status" and "First Reported" dates for several ARS accounts.  But an account's "Date of Status" and "First Reported" date—the only purported inaccuracies at issue in this case—have nothing to do with the date on which an account will stop reporting.  To put a finer point on it, those two dates have nothing to do with whether an account has been "re-aged."  Because Plaintiffs never filed a dispute with Experian contending that the "Date of Status" and "First Reported" date for any of the ARS accounts was inaccurate, Experian is entitled to summary judgment on Plaintiffs' Section 1681i claim. *Ruffin-Thompkins v. Experian Info. Sols., Inc.*, 422 F.3d 603, 608 (7th Cir. 2005) ("No reinvestigation is required until the credit reporting agency is notified of an error….").

For these straightforward reasons and those set forth below, Experian respectfully requests that the Court enter summary judgment in Experian's favor.

**FACTUAL BACKGROUND**

I.   **FACTS RELATED TO OMAR SANTOS**

On July 24, 2017, Santos requested a copy of his file from Experian—known as a "consumer disclosure"—over the Internet. *See* Experian's Statement of Material Facts in Supp. of Mot. for Summ. J. ("SOMF"), at ¶ 7.[1] The same day, Experian provided Santos with a copy of his file in the form of a consumer disclosure. *Id*. at ¶ 8. On July 27, 2017, Santos filed a dispute with Experian, contending that the following three accounts had been "re-aged": (1) ARS Account No. 71670***, (2) ARS Account No. 80732***, and (3) ARS Account No. 81384***. *Id*. at ¶ 9. Santos' dispute letter—which was drafted by his litigation counsel in this case—did not request a reinvestigation of the "Date of Status" or the "First Reported" dates of any of these ARS accounts. *Id.* at ¶¶ 13, 14.[2]

In a timely manner, Experian reinvestigated Santos' dispute. *Id.* at ¶ 16. At the conclusion of the reinvestigation, Experian notified Santos that the Social Security number contained in the dispute letter did "not match the identification information" in Experian's database. *Id*. Experian, therefore, requested that Santos send in proof of his Social Security number. *Id.* at ¶ 17. Santos did not respond to that request. *Id.* at ¶ 18.

At all times relevant to this action, there is no evidence that Santos was ever denied credit, much less denied credit based upon an inaccurate date appearing in his credit report. *Id.* at ¶ 19.

---

[1] A "consumer report" or "credit report" is a report of credit information furnished by a consumer reporting agency ("CRA") such as Experian to a third-party, such as a credit grantor, insurer, or employer for the purpose of evaluating a consumer's eligibility for credit. SOMF at ¶ 1. It is primarily used for personal, family or household purposes, or sometimes for employment purposes. *Id.* at ¶ 2. When a consumer seeks access to his or her own credit information directly from a CRA, the resulting document is called a "consumer file disclosure" or "consumer disclosure." *Id.* at ¶ 3.

[2] According to Santos' interrogatory responses, this is the only dispute letter relevant to his claims in this action. *See* SOMF at ¶ 15.

Indeed, in response to interrogatories asking Santos to identify any credit applications he has submitted, Santos stated only that he "obtained a home mortgage through Loan Depot around the month of April of 2018, and that he maintains automobile insurance with Progressive Insurance Company." *Id.* at ¶ 20. In his deposition, Santos testified that he was denied a credit card by Wells Fargo. *Id.* at ¶ 21. But Santos does not recall when that denial occurred, has no documents related to that denial, and does not even know which credit bureau's information was used to evaluate his application. *Id.* at ¶ 22. Santos also did not list this purported denial in his supplemental response to the aforementioned interrogatory regarding credit denials, which was served after his deposition. *Id.* at ¶ 23.

Santos testified that he believes the existence of his ARS accounts on his credit report affected the amount of money he was able to obtain in a mortgage for a house. *Id.* at ¶ 24. But Santos it is undisputed that Santos got the mortgage he applied for. *Id.* And Santos acknowledged that he has no evidence the mortgagor's decision was based on the account's alleged inaccurate dates, as opposed to the mere existence of his debt obligations. *Id.* at ¶ 25.

II.  **FACTS RELATED TO AMANDA CLEMENTS**

On July 25, 2017, Clements requested a consumer disclosure from Experian over the Internet. SOMF at ¶ 28. That same day, Experian provided Clements with a copy of her file. *Id.* at ¶ 29. On July 26, 2017, Clements filed a dispute with Experian, contending that the following two accounts had been "re-aged": (1) ARS Account No. 71788***, and (2) ARS Account No. 72822***. *Id.* at ¶ 30. Like Santos, Clements' dispute letter was drafted by her litigation counsel. *Id.* at ¶ 33. And, like Santos' letter, it did not request a reinvestigation of the "Date of Status" or

the "First Reported" date of any of these ARS accounts. *Id.* at ¶ 34.[3] On August 23, 2017, Experian completed its reinvestigation of Clements' dispute, and conveyed the results of that reinvestigation to Clements. *Id.* at ¶ 36.

At all times relevant to this action, there is no evidence that Clements was ever denied credit, much less denied credit based upon an inaccurate date appearing in her credit report. *Id.* at ¶ 37. Indeed, in response to interrogatories asking her to identify any credit applications, Clements only referenced a mortgage that she considered applying for but ultimately did not, as well as automobile insurance and credit cards that were obtained. *Id.* at ¶ 38. At her deposition, Clements confirmed that she never applied for credit—let alone was denied credit—within the two year statute of limitations that applies to her claims. *Id.* at ¶ 39. Clements considered applying for a mortgage within this time period, but did not do so, and thus was never granted or denied a mortgage within the relevant time period. *Id.* at ¶ 40.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under this standard, "[o]nly disputes over facts that might affect the outcome of the suit under the governing [substantive] law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

"Summary judgment for a defendant is appropriate when the plaintiff 'fails to make a sufficient showing to establish the existence of an element essential to [his] case, and on which

---

[3] According to Clements' interrogatory responses, this is the only dispute letter relevant to her claims in this action. SOMF at ¶ 35.

[he] will bear the burden at trial.'" *Cleveland v. Pol'y Mgmt. Sys. Corp.*, 526 U.S. 795, 805-06 (1999) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Thus, "[i]f the non-movant . . . fails to adduce evidence which would be sufficient . . . to support a jury finding for the non-movant, summary judgment may be granted." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1370 (11th Cir. 1997) (citation omitted).

## LEGAL ARGUMENT

### I. EXPERIAN IS ENTITLED TO SUMMARY JUDGMENT ON THE SECTION 1681E(B) CLAIM

"In enacting the FCRA, Congress sought 'to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'" *Dreher v. Experian Info. Sols., Inc.*, 856 F.3d 337, 346 (4th Cir. 2017) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007)). Congress was not concerned about technical inaccuracies that have no real world harm. *Spokeo , Inc. v. Robins*, 136 S. Ct. 1540, 1550 (2016). "To hold otherwise 'would raise every technical violation of [the FCRA] to the realm of a major substantive harm.'" *Stacy v. Dollar Tree Stores, Inc.*, 274 F. Supp. 3d 1355, 1363 (alteration in original) (S.D. Fla. 2017) (citations omitted).

Thus, while Section 1681e(b) requires that a consumer reporting agency maintain "reasonable procedures" to ensure the "maximum possible accuracy" of credit information it furnishes in a consumer report, the FCRA "does not make reporting agencies strictly liable for all inaccuracies." *Cahlin* , 936 F.2d at 1156; *Jackson*, 167 Fed. App'x at 146 (holding same). Instead, in the Eleventh Circuit, "[t]o establish a prima facie violation of § 1681e(b), a consumer must present evidence that (1) a credit reporting agency's report was inaccurate and (2) that the inaccurate report was a causal factor in the denial of his credit application." *Ray*, 327 F. App'x at 826 (citing *Cahlin*, 936 F.2d at 1156, 1161). The Eleventh Circuit is not concerned about a

technical inaccuracy—like a wrong date or zip code—that does not cause the denial of credit. *Id.* Thus, in the Eleventh Circuit, if an inaccuracy does not cause the denial of credit, there is no claim under Section 1681e(b) ***period***. *Id.*; *see also Enwonwu v. Trans Union, LLC*, 164 F. App'x 914, 918 (11th Cir. 2006) (same); *Librizzi v. Ocwen Loan Servicing, LLC*, 120 F. Supp. 3d 1368, 1375 (S.D. Fla. 2015) (dismissing 1681e(b) claim because "Plaintiff has not alleged that he was denied credit because of inaccuracies in his credit report produced by these Defendants"); *Pagazani*, 2016 WL 2997586, at *4 (same). In short, proof that an inaccuracy on a credit report "led to a denial of credit … is a necessary element of [a] claim under section 1681e(b)." *Clark v. Trans Union, LLC*, 2019 WL 3505446, at *3 (N.D. Ga. June 5, 2019), *adopted by,* 2019 WL 5413874 (N.D. Ga. July 17, 2019).

Courts within the Eleventh Circuit—including the Court of Appeals itself—have repeatedly held that a plaintiff suing under Section 1681e must prove that an inaccurate credit report created by defendants caused the denial of a credit application—regardless of whether the plaintiff contends the violation was negligent or willful. *See, e.g.*, *Jackson*, 167 F. App'x at 145-47; *Butler v. Equifax Info. Servs., LLC*, No. 3:17-cv-422-MCR-CJK, 2018 WL 5986534, at *4 (N.D. Fla. Oct. 12, 2018); *Seay v. Trans Union, LLC*, No. 7:18-CV-204 (HL), 2019 WL 4773827, at *3 (M.D. Ga. Sept. 30, 2019); *Pettway v. Equifax Info. Servs., LLC*, No. CIV.A. 08-0618-KD-M, 2010 WL 653708, at *7 (S.D. Ala. Feb. 17, 2010); *Harris v. RELS Reporting Servs., LLC*, No. 2:14-CV-0805-SLB, 2016 WL 4366892, at *5 (N.D. Ala. Aug. 16, 2016); *Pagazani*, 2016 WL 2997586, at *4. To be sure, some *other* circuits have declined to impose a causation requirement on a willful violation claim under Section 1681e(b). *See Beaudry v. TeleCheck Servs., Inc.*, 579 F.3d 702 (6th Cir. 2009). But those same courts recognize that the rule is different in the Eleventh Circuit. *See id.* at 708 (discussing *Cahlin*, 936 F.2d at 1160-61).

The Eleventh Circuit has it right. A claim under Section 1681e of the FCRA is akin to a tort action, and "[a]s with most tort actions" includes a causation requirement: "[A] FCRA plaintiff must produce sufficient evidence from which a reasonable trier of fact could infer that the inaccurate entry was a 'substantial factor' that brought about the denial of credit." *Enwonwu v. Trans Union, LLC*, 364 F. Supp. 2d 1361, 1365-66 (N.D. Ga. 2005) (citation omitted). This elementary causation requirement does not disappear merely because the plaintiff contends that the defendant's conduct was willful under § 1681n. Section 1681n—and the corresponding provision at Section 1681o (which addresses negligent conduct)—"are not substantive provisions of the FCRA." *Butler*, 2018 WL 5986534, at *1 n.2. Instead, "Sections 1681n and 1681o create civil liability for willful and negligent noncompliance with the FCRA's substantive provisions," like § 1681e(b). *Id.* Because it is not a substantive provision, Section 1681n does not eliminate the FCRA's causation requirement. Rather, Section 1681n simply provides that if the defendant willfully fails to comply with any FCRA provision, the consumer may recover statutory damages in lieu of "actual damages sustained by the consumer." That does not mean a consumer need not prove that a consumer report led to the denial of credit; it simply means the consumer can elect statutory damages, rather than actual damages (if any), from the denial of that credit application.

Against the weight of this controlling authority, it is clear why Experian is entitled to summary judgment on Plaintiffs' Section 1681e(b) claim. The undisputed evidence establishes that, while the "Date of Status" on some of Plaintiffs' ARS accounts was not correct, that technical inaccuracy, as shown by the undisputed evidence, was not a "causal factor in the denial of [any] credit application." *Jackson*, 167 Fed. App'x at 146. Indeed, Clements admits that she

- 8 -

did not even apply for credit during the relevant time period, much less denied credit due to a wrong "Date of Status" on an account. While Santos testified that he was denied a Wells Fargo credit card—although, notably, he omitted this purported denial from his supplemental response to the above-referenced interrogatory regarding credit denials, served after his deposition—he does not know whether Wells Fargo even viewed his Experian credit report. SOMF at ¶¶ at 21-23. Santos therefore cannot prove causation based on the denial of that credit card. *See Librizzi*, 120 F. Supp. 3d at 1375.

Santos also testified that he obtained a lower mortgage than he desired, but acknowledged that he has no evidence the mortgagor's decision was based on the account's status date, as opposed to the mere existence of his debt obligation. SOMF at ¶¶ 24, 25. Elsewhere in his deposition, Santos contradicts himself, testifying that the loan officer told him the loan amount was affected because his "delinquencies were too current." *Id.* at ¶ 26. At a different point in his deposition, Santos contradicts himself again in response to the following question: "Q. Did [the mortgage loan officer] specifically state to you that the impact on your credit bureau was from the re-aged amount, the data -- the date of status, rather than the existence of the debt obligation in its entirety?" A. He never got into that." *Id.* at ¶ 27.

Santos' testimony is far too slim a reed on which to oppose summary judgment. To begin, the loan officer's statement is classic hearsay. Hearsay statements, even if stated in a deposition, cannot be considered on a motion for summary judgment. *See Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999) ("The general rule is that inadmissible hearsay 'cannot be considered on a motion for summary judgment.'" (citation omitted)). Further, Santos' speculation as to the weight this unidentified loan officer gave to the date of his delinquencies is not supported by any record evidence, and has no probative value. "[U]nsubstantiated assertions alone are not enough

to withstand a motion for summary judgment." *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1529 (11th Cir. 1987). Similarly, "[s]peculation does not create a genuine issue of fact [....]" *Cordoba v. Dillard's Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005). Thus, other than his say-so, Santos has no evidence to support his speculation that the amount of the loan he received was affected by the "Date of Status" of any of his ARS accounts. *See Davis v. Equifax Info. Servs. LLC*, 346 F. Supp. 2d 1164, 1174 (N.D. Ala. 2004) (granting summary judgment where evidence did not substantiate plaintiff's claim that she was denied credit based upon inaccurate information provided by a CRA). Given that Santos had negative entries in his credit file that are not disputed here—entries that indisputably would have affected a loan origination decision—Santos' unsupported assertion that his mortgage amount was affected by a mere status date does not create a genuine issue of material fact. *See* SOMF at ¶ 10; *Enwonwu*, 164 F. App'x at 918 (plaintiff's own assertion that credit reporting agency caused his inability to obtain satisfactory financing because it inaccurately reported judgment against him did not create genuine issue of material fact "given that there were several other negative entries in [his] credit report").[4]

### II. EXPERIAN ALSO IS ENTITLED TO SUMMARY JUDGMENT ON THE SECTION 1681I CLAIM

The Section 1681i claim fails for the same reason: "A consumer asserting claims under § 1681i(a) … against a credit reporting agency bears the burden of proving that the agency's

---

[4] Plaintiffs also alleged that their Experian files have an inaccurate date of "first reported" for these ARS accounts. Compl. at ¶¶ 38-39. But the date of "first reported" is *not* included in a consumer report. SOMF at ¶ 4. Because Section 1681e(b) requires an inaccuracy in a consumer report (which is furnished to a third party for a credit decision)—rather than simply an inaccuracy appearing solely in one's file (which is never seen by anyone)—Plaintiff's complaint regarding date of "first reported" is irrelevant, and cannot support a violation Section 1681e(b). *See Collins v. Experian Info. Sols., Inc.*, 775 F.3d 1330, 1335 (11th Cir. 2015); *Bailey v. Equifax Credit Info. Servs., Inc.*, No. 1:14-CV-00797-MHC-JCF, 2016 WL 11540113, at *18 (N.D. Ga. Nov. 28, 2016), *adopted by*, No. 1:14-CV-797-MHC, 2017 WL 10728913 (N.D. Ga. Jan. 9, 2017).

credit report was a causal factor in the denial of his credit application." *Jackson*, 167 Fed. App'x at 146 (citing *Cahlin*, 936 F.2d at 1156, 1161); *see also Pettway*, 2010 WL 653708, at *9 (same). As demonstrated above, neither Santos nor Clements were denied credit at all, much less denied credit due to an inaccurate date. Thus, Experian is entitled to summary judgment. *Jackson*, 167 Fed. App'x at 146.

The Section 1681i claim fails for an independent reason: Plaintiffs never disputed the "Date of Status" or the "First Reported" date associated with their ARS accounts. Instead, their dispute letter claimed that these accounts had been "re-aged." The FCRA provides that a consumer reporting agency must conduct a reinvestigation "if the completeness or accuracy of any item of information contained in a consumer's file … is disputed by the consumer and the consumer ***notifies the agency … of such dispute …***." 15 U.S.C. § 1681i(a)(1)(A) (emphasis added). A CRA cannot possibly reinvestigate a dispute that a consumer never makes. Instead, the duty to reinvestigate under the FCRA is limited to what a consumer actually disputes—*i.e.*, the CRA must "conduct a reasonable reinvestigation to determine whether the ***disputed information*** is inaccurate …." *Id.* (emphasis added).

Consistent with this plain statutory language, courts roundly have held that "to trigger a credit reporting agency's duty under the FCRA to investigate a claim of inaccurate information, a consumer must notify the agency of the purported reporting error." *Herisko v. Bank of Am.*, 367 F. App'x 793, 794 (9th Cir. 2010); *see also Ruffin-Thompkins*, 422 F.3d at 608 ("[n]o reinvestigation is required until the credit reporting agency is notified of an error"); *Petty v. Equifax Info. Servs., LLC*, No. CCB-10-694, 2010 WL 4183542, at *3 (D. Md. Oct. 25, 2010) (granting motion to dismiss and describing alleged incompleteness as "irrelevant" because plaintiff never notified the CRAs about it); *Oses v. Corelogic Saferent, LLC*, 171 F. Supp. 3d

775, 782 (N.D. Ill. 2016) (granting summary judgment because CRA was not required to reinvestigate "inaccuracies plaintiff himself had not identified"); *Wickstrom v. Experian*, No. 1:09-cv-591, 2010 WL 2651303, at *5 (W.D. Mich. July 1, 2010) (granting summary judgment because plaintiff disputed a "single issue" and failed to "provide notice to defendant that he was claiming that there were other inaccuracies"). Proper notice is crucial because "'[t]he consumer is in a better position than the credit reporting agency to detect errors[.]'" *Ruffin-Thompkins*, 422 F.3d at 608 (alterations in original) (quoting *Henson v. CSC Credit Servs.*, 29 F.3d 280, 286 (7th Cir. 1994)). Courts thus place the burden on the plaintiff to "show[] that [she] brought the alleged error in [her] credit report to [the CRA's] attention." *Henson*, 29 F.3d at 287.

Plaintiffs cannot bear their burden. The only dispute letters upon which Plaintiffs base their Section 1681i claim disputed the accuracy of an account because "it has been re-aged." *See* SOMF at ¶¶ 9, 15, 30, 35. Plaintiffs' dispute letter thus asked Experian to reinvestigate one issue: Whether Experian was "re-aging" the ARS accounts in such a way that the account would continue to report beyond the permissible timeframe. Under the FCRA, "re-aging" is a term of art. The FCRA permits credit reporting agencies to report delinquencies for a specified period of time – often, seven years. *See F.T.C. v. Gill*, 265 F.3d 944, 948 (9th Cir. 2001) ("[B]ankruptcies may be reported for ten years; all other negative information can remain on a report for up to seven years."); 15 U.S.C. § 1681c(a). "Re-aging occurs when a Reporting Agency or a CRA modifies the date of last activity on a delinquent account to extend the reporting date beyond the permissible … timeframe." *Cunningham*, 2014 WL 688229, at *1; *see also Smith v. Specialized Loan Servicing, LLC*, No. 1:17-CV-02940-LMM-RGV, 2018 WL 4856039, at *11 (N.D. Ga. July 19, 2018), *adopted by*, No. 1:17-CV-2940-LMM-RGV, 2018 WL 4850229 (N.D. Ga. Sept. 17, 2018) (same).

Critically, however, neither the "Date of Status" nor the "First Reported" dates associated with Plaintiffs' ARS accounts has anything to do with the date by which Plaintiffs' account will cease to report. SOMF at ¶ 5. Wholly distinct information is used to determine when an account must stop reporting under the FCRA. *Id.* at ¶ 6. It is thus unsurprising that the dates by which Plaintiffs' ARS accounts were set to stop reporting never changed, and were appropriately calculated using the historical information reported by ARS, in compliance with the FCRA and Experian's policies and procedures. *Id.* at ¶¶ 11, 12, 31, 32. In short, contrary to the only dispute raised by Plaintiffs, their ARS accounts were ***not*** improperly re-aging.

Because Plaintiffs did not dispute "[t]he specific information" at issue in this case, 16 C.F.R. § 660.4(d)(2), they cannot maintain a claim under Section 1681i based on an inaccurate "Date or Status" or "First Reported" date. For this independent reason, Experian is entitled to summary judgment on the Section 1681i claim.

## **CONCLUSION**

In closing, the evidence establishes that neither Santos nor Clements were denied credit, much less turned down due to an inaccurate date appearing in an Experian credit report. The evidence further establishes that neither Santos nor Clements ever filed a dispute with Experian over the information Plaintiffs now contend Experian failed to reinvestigate. Accordingly, under controlling precedent of this Circuit, Experian respectfully requests that the Court grant this motion for summary judgment in full.[5]

---

[5] Experian recognizes that Federal Rules of Civil Procedure 5.2(a) and 49.1(a) require the redaction of all digits of a financial account number other than the last 4 digits. However, as Plaintiffs cite to the disputed account numbers using the first five out of eight digits (*see* Compl. at ¶¶ 38, 44), in order to preserve the secrecy of these account numbers, Experian is redacting them in the same manner as Plaintiffs.

Dated: March 6, 2020                                             Respectfully submitted,

                                                              */s/ A.M. Cristina Pérez Soto*
A.M. Cristina Pérez Soto
Fla. Bar No. 096692
Christina T. Mastrucci
Fla. Bar No. 113013
**JONES DAY**
600 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 714-9700
Facsimile: (305) 714-9799
E-mail: cperezsoto@jonesday.com
Email: cmastrucci@jonesday.com

William R. Taylor
TX Bar No. 24070727
Alexander G. Hughes
TX Bar No. 24092546
**JONES DAY**
717 Texas, Suite 3300
Houston, TX  77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
Email: wtaylor@jonesday.com
Email: ahughes@jonesday.com


*Attorneys for Defendant
Experian Information Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 6, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record.

*/s/ A.M. Cristina Pérez Soto*
A.M. Cristina Pérez Soto