UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

OMAR SANTOS and AMANDA CLEMENTS on behalf of themselves and all others similarly situated,

        Plaintiffs,

vs.

HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES and EXPERIAN INFORMATION SOLUTIONS, INC.,

        Defendants.
_____/

Case No 1:19-cv-23084-KMW

**PLAINTIFFS' STATEMENT OF DISPUTED AND ADDITIONAL FACTS IN RESPONSE TO DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Omar Santos and Amanda Clements ("Plaintiffs"), pursuant to S.D. Fla. L. R. 56.1, file their statement of disputed facts in response to the motion for summary judgment filed by Defendant Experian Information Solutions, Inc. ("Experian").

    1.    Disputed. A consumer report is statutorily defined by the Fair Credit Reporting Act ("FCRA"), 16 U.S.C. 1681a(d); further, Plaintiffs lack sufficient discovery to respond (*See* Declaration of Jonas P. Mann Pursuant to Rule 56(d)).

    2.    Disputed. A consumer report is statutorily defined by the Fair Credit Reporting Act ("FCRA"), 16 U.S.C. 1681a(d); further, Plaintiffs lack sufficient discovery to respond (*See* Mann Decl. Pursuant to Rule 56(d)).

3.     Disputed. A consumer report is statutorily defined by the Fair Credit Reporting Act ("FCRA"), 16 U.S.C. 1681a(d); further, Plaintiffs lack sufficient discovery to respond (*See* Mann Decl. Pursuant to Rule 56(d)); further, what Experian now attempts to label as "consumer file disclosure" or a "consumer disclosure" is clearly called a "credit report" on the document itself (*See* Taylor Decl. Exs. 1 & 7).

4.     Disputed. A consumer report is statutorily defined by the Fair Credit Reporting Act ("FCRA"), 16 U.S.C. 1681a(d); further, Plaintiffs lack sufficient discovery to respond (*See* Mann Decl. Pursuant to Rule 56(d)); the credit reports provided to Plaintiffs contain a "First Reported Date" (*See* Taylor Decl. Exs. 1 & 7).

5.     Undisputed.

6.     Undisputed.

7.     Disputed. Plaintiffs dispute Experian's seventh material fact. On July 24, 2017, Plaintiff Santos requested his credit report from Experian." (*See* Taylor Decl. Ex. 1).

8.     Disputed. Plaintiffs dispute Experian's eighth material fact. On July 24, 2017, Plaintiff Santos obtained his credit report from Experian. (*See* Taylor Decl. Ex. 1). The July 24 report contained three ARS Accounts (Nos. 71670***, 80732***, and 81364***), all of which had a "Date of Status" of July 2017 and a "First Reported" date of July 2017. (ECF No. 40-1.) All of these dates were inaccurate and made the debts appear newer or fresher on Santos' credit report. *Id.*; ECF No. 1, ¶ 38; ECF No. 40-5 at No. 8.

9.     Undisputed.

10.    Undisputed.

11.    Undisputed.

12.    Undisputed.

13. Undisputed.

14. Disputed. Santos' July 27, 2017 dispute letter stated that his account information was inaccurate. The Date of Status and First Reported Dates are part of the account that he was disputing as inaccurate. He stated that he thought the account had been re-aged. The re-aging he was referring to was the updating of the Date of Status and Frist Reported Dates to more recent dates.

15. Disputed. The July 26, 2017 is the only relevant dispute letter as to Plaintiff's claims against Experian in this action.

16. Disputed. Exhibit 4 to the Taylor Declaration is an undated letter; Experian has not produced a document with any date on it to show a notice went out to Mr. Santos indicating his social security number was incorrect. Mr. Santos does not recall ever receiving a letter from Experian in regards to his Social Security Number. Plaintiffs lack sufficient discovery to fully respond.

17. Disputed. Exhibit 4 to the Taylor Declaration is an undated letter; Experian has not produced a document with any date on it to show a notice went out to Mr. Santos indicating his social security number was incorrect. Mr. Santos does not recall ever receiving a letter from Experian in regards to his Social Security Number. Plaintiffs lack sufficient discovery to fully respond.

18. Disputed. Exhibit 4 to the Taylor Declaration is an undated letter; Experian has not produced a document with any date on it to show a notice went out to Mr. Santos indicating his social security number was incorrect. Mr. Santos does not recall ever receiving a letter from Experian in regards to his Social Security Number. Plaintiffs lack sufficient discovery to fully respond.

19. Disputed. Santos testified that when looking for a home loan, he believed the re-aged debts on his credit report affected his ability to obtain a mortgage and prevented him from getting the size of a loan he wanted. *See* Exhibit A (Declaration of Roland K. Tellis), Ex. 1 (36:13 – 37:15; 54:7 – 56:1). Santos also testified that Wells Fargo denied him a credit card. *Id.* (43:12 – 44:9). Santos's Supplemental Interrogatory responses also establish that he was denied credit. *See* Exhibit B.

20. Undisputed.

21. Undisputed.

22. Undisputed.

23. Disputed. Prior to Experian filing its motion for summary judgment, Plaintiff Santos agreed to supplement his responses by March 20, 2020. This denial has been listed on his second supplemental responses dated March 20, 2020.

24. Undisputed.

25. Undisputed.

26. Undisputed.

27. Undisputed.

28. Disputed. On July 25, 2017, Plaintiff Clements requested her credit report from Experian. (*See* Taylor Decl., Ex. 7).

29. Disputed. On July 25, 2017, Plaintiff Clements received her credit report from Experian. (*See* Taylor Decl., Ex. 7). The report contained two ARS accounts (Account Nos. 71788*** and 72822***), both of which had a "Date of Status" of July 2017 and a "First Reported" date of July 2017. *Id.* These dates were incorrect and re-aged to appear newer. *Id.*; ECF No. 1, ¶ 44; ECF No. 40-9 at No. 8.

30. Undisputed

31. Undisputed

32. Undisputed

33. Disputed. Plaintiff Clements worked with her counsel in drafting the dispute letter and read and reviewed it before it was mailed by counsel on her behalf.

34. Disputed. Clements' July 26, 2017 dispute letter stated that her account information was inaccurate. The Date of Status and First Reported Dates are part of the account that she was disputing as inaccurate. She stated that he thought the account had been re-aged. The re-aging she was referring to was the updating of the Date of Status and Frist Reported Dates to more recent dates.

35. Disputed. The July 26, 2017 is the only relevant dispute letter as to Plaintiff's claims against Experian in this action.

36. Plaintiff Clements has no way of knowing when Experian Completed its investigation of her dispute dated July 26, 2017. Plaintiffs lack sufficient discovery to fully respond.

37. Disputed. (Tellis Decl., Ex. 2.) Clements testified that when she tried to get a mortgage the broker informed her there were negative accounts on her report (*id.* at 46:18-22); Clements testified that she was unable to get a mortgage because of the ARS accounts listed on her credit report (*id.* at 58:16 – 59:5).

38. Disputed. Prior to Experian filing its motion for summary judgment, Plaintiff Clements agreed to supplement her responses by March 27, 2020.

39. Undisputed

40. Undisputed

**Plaintiffs' Additional Facts Necessary For Response**

41. Experian continued to re-age Plaintiffs' HRRG-reported accounts each month and remove prior account history. (Taylor Decl. Exs. 1 & 7; Tellis Decl., Ex. 3.)

42. Creditors and viewed the inaccurate reports after Plaintiffs disputed the inaccuracies. (Tellis Decl. Ex. 3.)

43. Plaintiff Santos requested and received another Experian credit report on September 5, 2017. (Tellis Decl., ¶ 5 & Ex.4.) All three ARS Accounts appeared again, but had Dates of Status and First Report Dates of 9/2017 and the account history for the intervening months had been removed. *Id.* The accounts had been re-aged again to appear newer. *Id.*

44. Plaintiff Clements requested and received another Experian credit report on August 22, 2017. (Tellis Decl., ¶ 6 & Ex.5.) This time, one ARS account was removed, but the remaining ARS account had a First Reported Date and a Date of Status of 8/2017 and no prior account history. *Id.* The account had been re-aged to appear newer. *Id.*

45. As Experian's own statements on its own website demonstrate, re-aging accounts to make it appear that missed payments and delinquent accounts are more recent than they actually are adversely impacts and lowers a consumer's credit score. (Tellis Decl., ¶ 8 & Ex. 7.) Experian states: "The more recently the missed payment occurred, the greater that impact will be, and the more missed payments you have, the longer it will take to recover."

46. The ACDV response form relating to Plaintiff Clements received from Experian in discovery undercuts its claim that the "re-aging" reference in Plaintiff Clements's letter to Experian was understood by Experian as a term of art. (Tellis Decl., ¶ 7 & Ex. 6.) The form indicates that Experian understood that Plaintiff Clements "[c]laims inaccurate information" in her Experian file. *Id.*

|  |  |
|---|---|
| Dated:  March 20, 2020 | **PODHURST ORSECK, P.A.**<br><br>*/s/ Peter Prieto*<br>Peter Prieto (FBN 501492)<br>pprieto@podhurst.com<br>Matthew P. Weinshall (FBN 84783)<br>mweinshall@podhurst.com<br>Alissa Del Riego (FBN 99742)<br>adelriego@podhurst.com<br>SunTrust International Center<br>One S.E. Third Avenue, Suite 2300<br>Miami, Florida 33131<br><br>Roland Tellis<br>rtellis@baronbudd.com<br>Jonas P. Mann<br>jmann@barobudd.com<br>**BARON & BUDD, P.C.**<br>15910 Ventura Boulevard<br>Suite 1600<br>Encino, California 91436<br><br>Dennis McCarty<br>dennismccartylaw@gmail.com<br>Jonathan Raburn<br>jonathan@geauxlaw.com<br>**McCARTHY & RABURN PLLC**<br>2931 Ridge Road, Suite 101 #504<br>Rockwall, Texas 75032<br><br>Attorneys for Plaintiffs OMAR SANTOS and AMANDA CLEMENTS on behalf of themselves and all others similarly situated |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on March 20, 2020, and the foregoing document is being served this day on all counsel or parties of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

/s/ Peter Prieto
Peter Prieto