# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# 1:19-CV-23084-WILLIAMS-TORRES

OMAR SANTOS and AMANDA CLEMENTS on behalf of themselves and all others similarly situated,

   Plaintiffs,

 v.

HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES, and EXPERIAN INFORMATION SOLUTIONS, INC.,

   Defendants.

CASE NO. 1:19-cv-23084-KMW

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

# INTRODUCTION

As Plaintiffs acknowledge, this is a "narrow" motion for summary judgment. Pls.' Opposition to Mot. for Summ. J. (ECF No. 48) ("Opposition" or "Opp.") at 1. Experian's motion established that it is entitled to summary judgment because Plaintiffs lack evidence of causation and injury, which is necessary to maintain a claim under 15 U.S.C. § 1681e(b) or § 1681i. To state a claim under the law in the Eleventh Circuit, a plaintiff must prove that an inaccurate consumer report was a causal factor in the denial of a credit application. Plaintiffs' primary response is a hyper-charged accusation that Experian has taken "wild liberties" and displayed an "alarming lack of candor" by failing to cite "binding" precedent. *Id.* at 2, 6, 8. But even a cursory look at Plaintiffs' cited cases shows they come nowhere close to addressing the relevant point. Instead, the binding precedent is the Eleventh Circuit's decision in *Cahlin*, reaffirmed in *Ray* and *Jackson*.

As discovery has now conclusively established, Plaintiffs were never denied credit because of alleged inaccuracies in the "Date of Status" and "First Reported" dates listed on their accounts. Plaintiffs assert otherwise, but they do not respond to the undisputed facts laid out in Experian's motion. *Compare* Mot. for Summ. J. (ECF No. 39) ("MSJ") at 3-5, 8-9, *with* Opp. at 4-6.

Plaintiffs' arguments also fail regarding the notice requirement for a reinvestigation claim. They lack any support for their contentions that (1) re-aging is not a legal term of art, and (2) there is a fact dispute about the notice provided to Experian through their lawyer's cryptic letter.

While Plaintiffs request additional discovery to oppose summary judgment, they fail to identify any evidence needed to rebut this motion that would not already be in their possession. After all, if any party were to have evidence that Plaintiffs were denied credit because of the alleged inaccuracies at issue here, that party would be Plaintiffs—not Experian. The problem is not that Plaintiffs need additional time for discovery, but simply that Plaintiffs lack an actionable claim.

# ARGUMENT

I. **Experian Is Entitled To Summary Judgment Because Plaintiffs' Alleged Credit-Reporting Inaccuracies Did Not Cause The Denial Of Any Credit Application.**

   A. **Plaintiffs' claims require proof that an alleged inaccuracy in a credit report was a causal factor in the denial of credit.**

"To establish a prima facie violation of § 1681e(b), a consumer must present evidence that (1) a credit reporting agency's report was inaccurate and (2) that the inaccurate report was a causal factor in the denial of his credit application." *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 826 (11th Cir. 2009) (citing *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156, 1161 (11th Cir. 1991)). The rule is the same for "[a] consumer asserting claims under § 1681i(a)." *Jackson v. Equifax Info. Servs., LLC.*, 167 F. App'x 144, 146 (11th Cir. 2006).

Plaintiffs erroneously assert that the availability of statutory damages for willful violations under § 1681n, added in the 1996 amendments to the FCRA, eliminates these causation and injury requirements. Opp. at 2. According to Plaintiffs, the statute's text and "binding precedent" compel this conclusion. *Id.* Plaintiffs are wrong.

The text of § 1681n merely provides that a defendant who willfully violates the FCRA is liable to a consumer for actual damages or statutory damages. The provision says nothing about eliminating the underlying requirement that a plaintiff must prove an inaccurate credit report caused *some* injury by a denial of credit. Causation is an indispensable element of a substantive § 1681e(b) claim and a predicate to any liability—whether for actual, statutory, or punitive damages.[1] The types of available damages do not modify the substantive requirements of

---

[1] As the Supreme Court recently explained, it is "textbook tort law" that a plaintiff seeking redress for a legal wrong must prove causation. *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, No. 18-1171, 2020 WL 1325816, at *3 (U.S. Mar. 23, 2020). This causation requirement "supplies the 'default' or 'background' rule against which Congress is normally presumed to have legislated when creating its own new causes of action." *Id.*

§ 1681e(b), just as they do not modify the basic elements of a cause of action implicit in any statutory tort. *Enwonwu v. Trans Union, LLC*, 364 F. Supp. 2d 1361, 1365-66 (N.D. Ga. 2005) (FCRA claim is akin to "most tort actions").[2]

That is why cases both before ***and after*** the 1996 amendments hold that a plaintiff must prove causation and injury as an element of a claim. In *Cahlin*, the Eleventh Circuit held that a claim for a willful violation of § 1681e(b) requires proof that an inaccurate "credit report was a causal factor in the denial" of credit by a third party. 936 F.2d at 1161. And the plaintiff had "utterly failed to produce any evidence tending to show that he was damaged as a result of an allegedly inaccurate . . . credit report." *Id.* at 1160.

Plaintiffs insist that *Cahlin* was abrogated when Congress added statutory damages in 1996. Opp. at 8-9. That is wrong as a textual matter, as explained above. Moreover, punitive damages were available for willful violations before the 1996 amendments, including at the time *Cahlin* was decided. *See Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1306 (11th Cir. 2009). On Plaintiffs' reading, the plaintiff in *Cahlin* would have been entitled to punitive damages for a willful violation, with no need to prove causation and injury. But *Cahlin* necessarily rejected that theory. The addition of statutory damages in 1996 provides no more reason to dispense with causation and injury than the availability of punitive damages did in *Cahlin*.

---

[2] Courts addressing other statutory torts have drawn precisely the same conclusion about the effect of statutory damages. *See Ferreira v. Sterling Jewelers, Inc.*, 130 F. Supp. 3d 471, 486 (D. Mass. 2015) ("[S]tatutory damages cannot substitute for the requirement that a plaintiff prove injury and causation," because "[s]tatutory damages substitute only for *quantifying* the loss"); *Hershenow v. Enter. Rent-A-Car Co. of Bos., Inc.*, 840 N.E.2d 526, 533 n.18 (Mass. 2006) ("The plaintiffs apparently assume that the availability of statutory damages . . . in lieu of actual damages, eliminates the need to prove a loss resulting from a defendant's deceptive conduct. The statutory damage provision does not supplant the requirement to prove causation . . . . It merely eliminates the need to quantify an amount of actual damages if the plaintiff can establish a cognizable loss caused by a deceptive act.").

3

More to the point, the Eleventh Circuit has twice reaffirmed *Cahlin* after 1996.  In *Ray*, the Court rejected a FCRA claim because "a consumer must present evidence that (1) a credit reporting agency's report was inaccurate and (2) that the inaccurate report was a causal factor in the denial of his credit application."  327 F. App'x. at 826.  In *Jackson*, the court again rejected a FCRA claim because a "consumer asserting claims under §§ 1681i(a) or 1681e(b) against a credit reporting agency bears the burden of proving that the agency's credit report was a causal factor in the denial of his credit application."  167 F. App'x at 146.

Because this precedent eviscerates Plaintiffs' position, they contend that the plaintiffs in *Ray* and *Jackson* never "alleged willful misconduct" or never "asserted a willful violation claim on appeal."  Opp. at 9.  But Plaintiffs are simply wrong.  In *Ray*, the plaintiff ***did*** assert willful misconduct, sought "statutory damages in lieu of actual damages," and argued that "[c]onsumers can proceed in cases of willful non-compliance even if they cannot show actual damages."  Brief in Opp. to Summ. J., at 15, No. 4-cv-00482 (N.D. Ga.) (Dkt. 225, filed Dec. 17, 2007).  There is no reason to think he did not pursue that claim on appeal.

And in *Jackson*, the plaintiff sued for both negligent ***and willful*** violations.  *See* 167 F. App'x at 145 ("Jackson, proceeding pro se, appeals the district court's grant of summary judgment in his suit alleging violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ ***1681n*** and 1681o.") (emphasis added).  Both *Ray* and *Jackson* thus reaffirm *Cahlin*'s holding.  And while those cases were unpublished, they amply show that the Eleventh Circuit disagrees with Plaintiffs' contention that the 1996 amendments abrogated *Cahlin*.

The Eleventh Circuit's position in *Cahlin*, *Ray*, and *Jackson* is also consistent with the FCRA's statutory scheme.  The FCRA is not concerned about technical inaccuracies that have no real-world harm.  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1550 (2016).  "To hold otherwise 'would

4

raise every technical violation of [the FCRA] to the realm of a major substantive harm.'" *Stacy v. Dollar Tree Stores, Inc.*, 274 F. Supp. 3d 1355, 1363 (S.D. Fla. 2017) (citations omitted). Under Plaintiffs' view, every triviality would lead to massive statutory and punitive damages, all with no showing of injury. This is no mere hypothetical. Plaintiffs insist that an inaccurate "First Reported" date justifies class-wide statutory and punitive damages—even though the "First Reported" date in a consumer file is never sent to third parties and thus cannot possibly cause any injury. MSJ at 10 n.4.[3] This remarkable theory should be rejected.

In responding to this argument, Plaintiffs get lost in an irrelevant discussion of Article III standing. Opp. at 11-12. Experian is not raising an Article III argument here. It is instead making the point that, as a substantive matter, Congress did not intend the FCRA to impose vast liability on companies for technical inaccuracies and bare procedural violations. *See Stacy*, 274 F. Supp. 3d at 1363 (the FCRA contains "no substantive right to be free of every procedural violation") (internal quotation marks omitted).

Plaintiffs insist that inaccurate First Reported dates and Date of Status entries are more than mere technical inaccuracies because they can cause "lower credit scores" and they "cause[] third parties . . . to believe that a consumer's delinquency is more recent than it really is." Opp. at 13. There are several problems with this argument. First, the Complaint does not allege that the inaccuracies lowered Plaintiffs' credit scores, and there is no evidence that Plaintiffs' own scores were lowered as a result of the Date of Status and First Reported dates. Second, the First Reported

---

[3] Indeed, because the First Reported date is never included on a consumer report, an inaccurate First Reported date can never violate § 1681e(b), which applies only to information in a "consumer report." MSJ at 10 n.4. Plaintiffs ask the Court not to reach this argument because Experian raised it in a footnote in its Motion for Summary Judgment. Opp. at 14 n.4. But Experian raised this point in both its Motion for Summary Judgment (MSJ at 10 n.4) and its Statement of Material Facts in support thereof (SOMF ¶ 4), which was plainly sufficient to put Plaintiffs on notice of the argument. Delaying a ruling would also waste resources by requiring Experian to raise the same dispositive argument again in the next round of briefing.

5

date is not included on a credit report and therefore is never sent to third parties. MSJ at 10 n.4. Third, and most importantly, Plaintiffs' new theory of injury would not satisfy the holding of *Cahlin*, *Ray*, and *Jackson* that a plaintiff must prove that an inaccurate report caused the denial of a credit application. *See, e.g.*, *Librizzi v. Ocwen Loan Serv., LLC*, 120 F. Supp. 3d 1368, 1375 (S.D. Fla. 2015) (allegation of "steep drops in credit scores" was insufficient to state a § 1681e(b) claim because "Plaintiff has not alleged that he was denied credit because of inaccuracies in his credit report produced by these Defendants").

This brings us to the crescendo of Plaintiffs' response, where they accuse Experian of "an alarming disregard of its duty of candor to the Court" for failing to discuss "binding authorities" that are supposedly directly contrary to Experian's position. Opp. at 2, 6, 8. But even a cursory look at these "binding authorities" shows they fall far short of Plaintiffs' smoking gun. Indeed, the cited cases do not even address the relevant question of whether a plaintiff suing for a willful violation of § 1681e(b) must prove causation.

Plaintiffs' lead case is *Safeco*, in which the Supreme Court considered the meaning of "willfulness." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52-53 (2007). The case says nothing about causation and injury for a § 1681e(b) claim, not even in dicta. Plaintiffs' supposed holding comes from a line in the opinion's background section paraphrasing the statute. Opp. at 7.

Next, in *Harris*, the Eleventh Circuit addressed challenges to the validity of statutory damages. 564 F.3d at 1310-13. As in *Safeco*, the court paraphrased section § 1681n in stating that plaintiffs "may elect to receive actual damages or statutory damages." *Id.* And, of course, that is true: a plaintiff who proves causation and injury may elect statutory damages in lieu of actual damages. But *Harris* does not hold that a plaintiff electing statutory damages need not prove

6

causation and injury. Plaintiffs string-cite four other Eleventh Circuit cases, but all merely paraphrase the statute; none purport to hold that *Cahlin* is no longer good law. Opp. at 7-8.

That leaves Plaintiffs' three district court cases. Opp. at 4 & n.1. The first states that willful violations of a different FCRA provision are "actionable even when the plaintiff has suffered no actual damages." *Lawrence v. S. Fla. Racing Ass'n, LLC*, No. 18-cv-24264, 2019 WL 3890314, at *1 (S.D. Fla. June 28, 2019). *Lawrence* did not involve a claim under § 1681e(b), so it says nothing about the substantive requirements of a § 1681e(b) claim. And because it did not involve a § 1681e(b) claim, *Lawrence* had no occasion to cite or address *Cahlin*, *Ray*, or *Jackson*.

Plaintiffs' two other cases say that plaintiffs may recover statutory damages even if they "cannot prove actual damages." *Hickman v. Experian Info. Sols., Inc.*, No. 17-cv-00388, 2019 WL 2306198, at *3 (N.D. Ga. Mar. 11, 2019); *Lindsey v. Experian Info. Sols., Inc.*, No. 15-cv-02353, 2017 WL 412889, at *4 (N.D. Ala. Jan. 31, 2017) ("does not need actual damages to establish a willful violation"). But that is perfectly consistent with the rule that injured plaintiffs may recover statutory damages even if they cannot *quantify* their actual damages.

> **B.  Plaintiffs have failed to show a genuine issue of fact that their alleged inaccuracies caused any denial of credit.**

As discovery has now confirmed, neither Plaintiff ever had a credit application denied because of an inaccurate "Date of Status" or "First Reported" date on their ARS accounts. MSJ at 1-5. Plaintiffs have elsewhere conceded they "never alleged a denial of credit in their complaint." Pls.' Opp. to Mot. for Stay of Disc. (ECF No. 44) at 7. Yet they now make a half-hearted attempt to establish a factual dispute. That attempt fails at the outset.

Instead of arguing that an inaccuracy in a consumer report was a *causal* factor in a denial of credit, they argue only that "they were denied credit after creditors accessed Experian's reports containing inaccurate information." Opp. at 6. Given that Plaintiffs' credit reports were rife with

7

negative tradelines—independent and apart from the challenged dates—it is both unsurprising and insufficient that Plaintiffs were denied credit after creditors accessed their reports. The critical question is whether Plaintiffs were denied credit *because* of the Date of Status and First Reported dates on their credit reports. On that question, Plaintiffs' opposition comes up empty.

In any event, the record does not support Plaintiffs' newfound position. *See* MSJ at 3-5, 8-10. Clements never applied for credit or a mortgage within the applicable two-year limitations period. SOMF ¶¶ 39-40; Pls.' Statement of Disputed & Additional Facts in Resp. to Mot. for Summary J. (ECF No. 47) ("PSOF") ¶¶ 39-40 ("undisputed").[4] Santos testified that Wells Fargo denied his credit card application, but he does not know whether Wells Fargo even viewed his Experian consumer report. MSJ at 9. He also testified that he received a lower mortgage than he desired, but he has no evidence that this was based on any inaccurate information in his Experian credit report. MSJ at 9. Experian's Motion for Summary Judgment explains in detail why Santos's testimony is insufficient to establish a genuine issue of fact—he relies on hearsay and speculation, and ignores other negative entries on his credit report. MSJ at 9-10. Plaintiffs offer no response to those arguments. Opp. at 4-5, 6.

Recognizing that they have failed to establish any factual issue, Plaintiffs contend they need additional discovery. Opp. at 16 & Ex. A. But in seeking the protection of Rule 56(d), the non-movant must show that "postponement of a ruling on the motion will enable [her], by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir. 1990). "[V]ague

---

[4] Despite admitting she never applied for credit or a mortgage, PSOF ¶¶ 39-40, Clements somehow claims she was "denied credit based upon an inaccurate 'status date' appearing in her Experian credit report." *Compare* SOMF ¶ 37, *with* PSOF ¶ 37. What Clements actually testified is that she was told she "couldn't get approved" for a mortgage because of her various negative accounts, of which the ARS account was one. SOMF Ex. 12 at 59:1-2. Clements never testified she could not get a mortgage *because of* the ARS account, let alone the dates associated with it.

assertions that additional discovery will produce needed, but unspecified facts" fail to meet this burden. *Id.*

Plaintiffs vaguely assert that additional discovery is necessary "to demonstrate that any credit denial occurred because of inaccurate information in Experian's files." Opp., Ex. A ¶ 10. But Plaintiffs fail to explain why Experian would have any more access to evidence of Plaintiffs' credit denials than Plaintiffs themselves. If any such evidence existed, Plaintiffs would already have it, and would have proffered it with their Opposition. Plaintiffs' unjustified request for a delay in judgment therefore should be denied.

## II. Plaintiffs Failed To Provide Experian With Sufficient Notice To Support Their Reinvestigation Claim.

Plaintiffs' reinvestigation claim under § 1681i fails as a matter of law for an additional reason. Their lawyer's letter to Experian never disputed the Date of Status entry and First Reported date on their ARS accounts. It instead complained that the accounts had been "re-aged." MSJ at 12. As Experian has explained, re-aging is a term of art referring to the date of last activity on an account, which is different than the Date of Status or First Reported date. MSJ at 12-13.

Plaintiffs do not contest that Experian's duty to reinvestigate under § 1681i is limited to what a consumer actually disputes. Opp. at 13. They nevertheless insist that their reference to re-aging was sufficient. *Id.* at 15. They initially claim that "nothing supports" the conclusion that re-aging is a term of art under the FCRA. *Id.* They then switch course and suggest that re-aging *is* a term of art that refers to modifying any "delinquency-related date on an account." *Id.*

Many sources confirm that re-aging is a legal term of art referring to "modif[ying] the date of last activity on a delinquent account to extend the reporting date beyond the permissible 7–year timeframe." *Cunningham v. Ocwen Fin.*, No. 12-cv-0440, 2014 WL 688229, at *1 (M.D. Tenn. Feb. 20, 2014); *accord Beseke v. Equifax Info. Servs. LLC*, No. 17-cv-4971, 2019 WL 6250756,

9

at *11 (D. Minn. Nov. 22, 2019); *Hogue v. Allied Collection Serv., Inc.*, No. 16-cv-1620, 2018 WL 771321, at *1 (D. Nev. Feb. 7, 2018). Meanwhile, Plaintiffs offer no authority—other than their own say-so—that re-aging means something else. They do claim that "the term 're-aging' has been closely associated with Experian's 'first reported' date and 'date of status" since August 14, 2012, when Experian was sued for the same exact issue." Opp. at 16. But the case they cite, *Toliver v. Experian Info. Sols., Inc.*, 973 F. Supp. 2d 707, 729 (S.D. Tex. 2013), directly undercuts their argument because it never once uses any variant of the term "re-aging."

Plaintiffs' other argument is that the "ACDV" dispute form that Experian sent ARS "did not indicate that the dispute concerned whether the account was more than seven years old." Opp. at 16. But the ACDV just confirms the lack of notice. The full language (which Plaintiffs omit) describes the letter as follows: "Claims inaccurate information. Did not provide specific dispute." PSOF, Ex. 6. Far from helping Plaintiffs, this only underscores that Plaintiffs' dispute letter failed to give notice as a matter of law because it does not refer to the specific alleged inaccuracies.

Finally, Plaintiffs request more time under Rule 56(d) to test Experian's "understanding" of their dispute letters. Opp., Ex. A ¶ 8. But whether Plaintiffs' letters provided adequate notice is an objective question of law that requires no evidence. *See, e.g.*, *Goz v. Allied Collection Servs., Inc.*, No. 16-cv-01848, 2019 WL 1338386, at *5 (D. Nev. Mar. 25, 2019). And here, Plaintiffs' letters plainly did not "include the … ***specific information***" that Plaintiffs are now disputing. 16 C.F.R. § 660.4(d)(2) (emphasis added).[5]

## CONCLUSION

For the foregoing reasons, Experian's Motion for Summary Judgment should be granted.

---

[5] This regulation governs cases where the consumer disputes information with the furnisher directly. But there is no sound reason why the specificity of notification required under the FCRA ought to vary depending on whether the consumer lodges her dispute with a consumer reporting agency or with the furnisher directly.

10

Dated: March 27, 2020 	Respectfully submitted,

			/s/ A.M. Cristina Pérez Soto
			A.M. Cristina Pérez Soto
			Fla. Bar No. 096692
			Christina T. Mastrucci
			Fla. Bar No. 113013
			**JONES DAY**
			600 Brickell Avenue, Suite 3300
			Miami, Florida 33131
			Telephone: (305) 714-9700
			Facsimile: (305) 714-9799
			E-mail: cperezsoto@jonesday.com
			Email: cmastrucci@jonesday.com

			William R. Taylor
			TX Bar No. 24070727
			Alexander G. Hughes
			TX Bar No. 24092546
			**JONES DAY**
			717 Texas, Suite 3300
			Houston, TX  77002
			Telephone: (832) 239-3939
			Facsimile: (832) 239-3600
			Email: wtaylor@jonesday.com
			Email: ahughes@jonesday.com

			*Attorneys for Defendant*
			*Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on March 27, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record.

                                              */s/ A.M. Cristina Pérez Soto*
                                              A.M. Cristina Pérez Soto