**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**1:19-CV-23084-WILLIAMS-TORRES**

OMAR SANTOS and AMANDA CLEMENTS on behalf of themselves and all others similarly situated,

        Plaintiffs,

v.

HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES, and EXPERIAN INFORMATION SOLUTIONS, INC.,

        Defendants.

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S RESPONSE TO PLAINTIFF'S STATEMENT OF DISPUTED AND ADDITIONAL FACTS IN RESPONSE TO EXPERIAN'S MOTION FOR SUMMARY JUDGMENT**

Defendant Experian Information Solutions, Inc. ("Experian"), pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1, responds to "Plaintiffs' Additional Facts Necessary for Response" (paragraphs 41 through 46) in Plaintiffs' Statement of Disputed and Additional Facts in Response to Experian's Motion for Summary Judgment ("Plaintiffs' Statement of Facts" or "PSOF") (ECF No. 47).[1]

**Plaintiffs' Additional Facts Necessary for Response**

41.  Disputed.  Re-aging refers to "modif[ying] the date of last activity on a delinquent account to extend the reporting date beyond the permissible 7–year timeframe." *Cunningham v. Ocwen Fin.*, No. 12-cv-0440, 2014 WL 688229, at *1 (M.D. Tenn. Feb. 20, 2014).  Any inaccuracy in a "Date of Status" or "First Reported" date is irrelevant to the date of last activity on a delinquent account.  SOMF ¶ 5.

42.  Disputed.  Exhibit A-3 to Plaintiffs' Statement of Material Facts is correspondence dated May 22, 2018 from Experian to Plaintiff Omar Santos ("Santos") containing the results of Experian's investigation of one of Santos' disputes with Experian. Exhibit A-3 does not state or reflect that "Creditors and (*sic*) viewed the inaccurate reports after Plaintiffs disputed the inaccuracies."  *See* PSOF, Ex. A-3.

---

[1] Experian notes that paragraphs 14, 15, 16, 17, 18, 23, 29, 33, 34, 35, 36, and 38 – which deny the corresponding paragraphs in Experian's Statement of Material Facts in Support of Motion for Summary Judgment (ECF No. 40) ("Experian's Statement of Facts" or "SOMF") – do not cite to any supporting evidence from the record.  As such, the corresponding paragraphs in Experian's Statement of Facts are deemed admitted by Plaintiffs.  *See* S.D. Fla. L.R. 56.1(b) ("All Statements of Material Facts (whether filed by the movant or the opponent) shall . . . [c]onsist of separately numbered paragraphs, limited as far as practicable to a single material fact, *with each fact supported by specific, pinpoint references to particular parts of record material* . . ." (emphasis added)); *Katchmore Luhrs, LLC v. Allianz Global Corporate & Specialty*, No. 15-CIV-23420, 2017 WL 201840, at *1 (S.D. Fla. Jan. 18, 2017) ("Failure of a respondent to file a statement of disputed facts, in the format [required by S.D. Fla. L.R. 56.1] causes 'all material facts set forth in the movant's statement' to be 'deemed admitted unless controverted by the opposing party's statement.'" (quoting what is now S.D. Fla. L.R. 56.1(c))).

43. Undisputed that Experian sent Santos the document in Exhibit A-4 to Plaintiffs' Statement of Facts and that this document is dated September 5, 2017. Undisputed that Exhibit A-4 to Plaintiffs' Statement of Facts reflects three ARS accounts with "Date of status" and "First reported" dates of September 2017 and a "Payment history" of "Closed" as of September 2017. Disputed that Exhibit A-4 to Plaintiffs' Statement of Facts is a "consumer report" or "credit report"; it is actually a "consumer file disclosure" or "consumer disclosure," as Experian sent it to Santos in response to his request to Experian for his credit information. *See* PSOF, Ex. A-4 at 1 (sent to Santos "in response to [his] recent request"); SOMF ¶¶ 1, 3. Disputed that the ARS accounts in Exhibit A-4 to Plaintiffs' Statement of Facts were "re-aged" to appear newer. *See* MSJ at 10-12; SOMF ¶¶ 9, 11-12.

44. Undisputed that Experian sent Plaintiff Amanda Clements ("Clements") the document in Exhibit A-5 to Plaintiffs' Statement of Facts and that this document is dated August 22, 2017. Undisputed that Exhibit A-5 to Plaintiffs' Statement of Facts reflects one ARS account with "Date of status" and "First reported" dates of August 2017 and a "Payment history" of "Closed" as of August 2017. Disputed that Exhibit A-5 to Plaintiffs' Statement of Facts is a "consumer report" or "credit report"; it is actually a "consumer file disclosure" or "consumer disclosure," as Experian sent it to Clements in response to her request to Experian for her credit information. *See* PSOF, Ex. A-5 at 1 (sent to Clements "in response to [her] recent request"); SOMF ¶¶ 1, 3. Disputed that the ARS account in Exhibit A-5 to Plaintiffs' Statement of Facts was "re-aged" to appear newer. *See* MSJ at 10-12; SOMF ¶¶ 30-32.

45. Undisputed that the webpage in Exhibit A-7 to Plaintiffs' Statement of Facts (which has the URL provided in Exhibit A, Paragraph 8 of Plaintiffs' Statement of Facts, https://www.experian.com/blogs/ask-experian/recent-late-payments-hurt-credit-scores-the-most/)

includes the language quoted in paragraph 45 of Plaintiffs' Statement of Facts.  Disputed that this webpage discusses the "re-aging" of accounts or the "Date of status" or "First reported" dates as Plaintiffs claim.  *See* PSOF, Ex. A-7.

46.     Paragraph 46 of Plaintiffs' Statement of Material Facts does not state a material fact, merely argument.  The first sentence in paragraph 46 contains argument regarding Experian's claim and how it is allegedly "undercut."  The second sentence similarly contains argument in that it seeks a legal conclusion regarding Experian's supposed understanding of a form.  Neither sentence contains an additional material fact under Local Rule 56(b)(1), and therefore paragraph 46 should be disregarded by the Court.  *See Mills v. NCL (Bahamas)*, No. 13-24174-CIV, 2015 WL 11201209, at *3 (S.D. Fla. Apr. 10, 2015) ("[S]tatements in the form of issues or legal conclusions (rather than material facts) will not be considered by the Court." (quoting *Fin. Fed. Credit Inc. v. Boss Transp., Inc.*, 456 F. Supp. 2d 1367, 1371 (M.D. Ga. 2006)))..

Dated: March 27, 2020 Respectfully submitted,

/s/ *A.M. Cristina Pérez Soto*
A.M. Cristina Pérez Soto
Fla. Bar No. 096692
Christina T. Mastrucci
Fla. Bar No. 113013
**JONES DAY**
600 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 714-9700
Facsimile: (305) 714-9799
E-mail: cperezsoto@jonesday.com
Email: cmastrucci@jonesday.com

William R. Taylor
TX Bar No. 24070727
Alexander G. Hughes
TX Bar No. 24092546
**JONES DAY**
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
Email: wtaylor@jonesday.com
Email: ahughes@jonesday.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 27, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record.

*/s/ A.M. Cristina Pérez Soto*
A.M. Cristina Pérez Soto
