UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:19-cv-23084-KMW

OMAR SANTOS and AMANDA CLEMENTS
on behalf of themselves and all others similarly
situated,

    Plaintiffs,

vs.

HEALTHCARE REVENUE RECOVERY
GROUP, LLC d/b/a ARS ACCOUNT
RESOLUTION SERVICES and EXPERIAN
INFORMATION SOLUTIONS, INC.,

    Defendants.
_____/

**STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY DEFENDANT HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES**

COMES NOW Defendant, Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services ("ARS"), by and through its undersigned counsel, and in support of its Motion for Summary Judgment files this Statement of Material Facts as to which it contends that there does not exist a genuine issue to be tried:

1. Three (3) accounts for Plaintiff Omar Santos ("Santos") were placed with ARS for collection: 71670###, 80732### and 813**6**4### ("Santos Accounts") [1] **[ECF 1, ¶38]**. At Santos's deposition, Counsel for Santos explained and Santos confirmed in his testimony, that account number 813**6**4### was identified incorrectly in the Complaint and that the

---

[1] Although Federal Rule of Civil Procedure 5.2 requires the inclusion of only the last 4 digits of an account number, in the Complaint [DE 1], Plaintiffs disclosed the first 5 digits of their 8-digit account numbers, so in the interest of protecting their privacy and avoiding disclosure of an entire account number, ARS is identifying the account numbers as Plaintiffs have done.

correct number is 813**8**4### [**Deposition of Omar Santos, Excerpts attached as Exhibit "A", pp. 69-70; Declaration of David Friedlander, attached as Exhibit "B", ¶3**]; Counsel for Santos stated that error would be corrected in an amended complaint, however, no amended complaint was ever filed.

2. Two (2) accounts for Plaintiff Amanda Clements ("Clements") were placed with ARS for collection: 71788### and 72822### ("Clements Accounts"). **[ECF 1, ¶44; Exh. "B", ¶4]**

3. Periodically, ARS furnished data via the Metro 2 format to Experian and other Credit Reporting Agencies ("CRA") regarding the Santos Accounts and the Clements Accounts. **[Exh. B, ¶7; Deposition of Patrick Brennan, excerpts attached as Exhibit C, pp. 31-33]**

4. Metro 2 is a file layout/format by which ARS furnishes data to CRAs. **[Exh. C, p. 31-32]**

5. There is no data field in the Metro 2 format for "First Reported Date"[2] as it is not information that ARS includes in the data furnished to Experian. **[Exh. C, pp. 28-29]**

6. ARS does not remove account history from any account it reports to Experian and it is not possible for ARS to delete data in the Metro 2 file format. ]**Exh. C, pp. 30 & 45]**

7. When a consumer disputes an account, ARS flags or marks the account as "disputed". **[Exh. C, p. 50]**

8. Santos obtained a consumer file disclosure report from Experian Information Solutions, Inc. ("Experian") on July 24, 2017 ("Santos Disclosure"). **[ECF 40, ¶8; DE 40-1]**

9. Clements obtained a consumer file disclosure report from Experian on July 25, 2017. ("Clements Disclosure") **[ECF 40, ¶29; DE 40-7]**

---

[2] The terms "First Reported Date" and "Reported Since" are used interchangeably by Experian in its reports; for the purposes of this Statement of Material Facts the term "First Reported Date" includes and incorporates the term "Reported Since"

10. On July 26, 2017, Clements sent a letter drafted by her attorney and ostensibly from her in Texas, to Experian to dispute information regarding the two Clements Accounts, stating, "*I think the above listed account is not accurate. I think it has been re-aged. Please investigate and fix or delete*" ("Clements Dispute"). **[ECF 1, ¶45; ECF 40-8; ECF 40-12, p. 6]**

11. On July 27, 2017, Santos sent a letter drafted by his attorney and ostensibly from him in Florida, to Experian to dispute information regarding the three Santos Accounts, stating, "*I believe the above listed account is not accurate. I think it has been re-aged. Please investigate and fix or delete*" ("Santos Dispute"). **[ECF 1, ¶39; ECF 40-2; ECF 40-3, p. 20]**

12. Neither Plaintiff submitted any dispute directly to ARS regarding the claimed "re-aging" of their account information. **[Exh. B, ¶13]**

13. On or about August 10, 2017, ARS received an Automated Consumer Dispute Verification ("ACDV") electronically through the e-OSCAR platform from Experian regarding the July 26, 2017 Clements Dispute. **[Exh. B, ¶13]**

14. ARS reviewed the Clements ACDV and documents provided, verified the identification and account information regarding the Clements Dispute, and sent a timely response to the ACDV electronically through the e-OSCAR platform to Experian that the dispute was not specific and that the ID and account information were verified. **[Exh. B, ¶14; Exh. C, p. 82 & 91-92]**

15. ARS did not receive an ACDV from Experian or any CRA regarding the July 27, 2017 Santos Dispute. **[Exh. B, ¶15]**

3

16. Instead, Experian sent a letter to Santos informing him that the Social Security number in the Santos Dispute did not match the number Experian had in its account file records. **[ECF 40, ¶16-18]**

17. The Metro 2 format used by ARS to furnish data to CRAs contains no data field for "Date of Status" or "First Reported Date**". [Exh. B, ¶9; Declaration of Kimberly Cave, attached as Exhibit "D", ¶9]**

18. The e-OSCAR platform for processing ACDVs does not include data fields for "Date of Status" or "First Reported Date". **[Exh. B, ¶11; Exh. D, ¶10]**

19. ARS did not furnish any data to Experian through the Metro 2 format or by any other method regarding "Date of Status" or "First Reported Date", or that could or did impact, change or alter the "Date of Status" or First Reported Date" on any Experian report or consumer disclosure. **[Exh. B, ¶8; Exh. D, ¶12]**

20. In responding to ACDVs via the e-OSCAR platform, ARS did not furnish any data to Experian regarding "Date of Status" or "First Reported Date", or that could or did impact, change or alter the "Date of Status" or "First Reported Date" on any Experian report or consumer disclosure. **[Exh. B, ¶10; Exh. D, ¶13]**

21. The "Date of Status" and "First Reported Date" fields appear on Experian consumer disclosures, which are provided by Experian to consumers only, and not to third parties for the consideration of a consumer's eligibility for credit. **[Exh. D, ¶11, designated as Confidential; DE 40, ¶1 & ¶4]**

22. The "Date of Status" and "First Reported Date" fields on a consumer disclosure are calculated based on displayable account history in Experian's system. **[Exh. D, ¶14 & 15, designated as Confidential]**

23. A processing rule was in place within Experian's system from July 2017 to September 9, 2018, by which Experian retained only the most current updates of ARS accounts and not the history of updates from prior months. That processing rule as to ARS accounts allowed the status date to change to a more recent date. **[Deposition of Patricia Finneran, excerpts attached as Exhibit "E", p. 30-31, designated as Confidential]**

24. File One is Experian's consumer credit database, in which Experian stores all the data furnisher-supplied private information. **[Exh. E, p. 18, designated as Confidential]**

25. The "First Reported Date" is a derived field on a consumer disclosures and is not a data field in the Experian File One database system. **[Exh. E, p. 48, designated as Confidential]**

26. Experian was unaware of any issue regarding ARS furnishing inaccurate data, or reporting accounts not properly displaying date status, first reported date, or payment history. **[Exh. E, p. 24]**

27. A "processing rule" that was in place in the Experian File One system was removing the overriding prior account history that had been reported in the month-to-month reporting. **[Exh E, p. 42, designated as Confidential]**

28. The subject processing rule was invoked by the collections person in Experian's data management department who was responsible for setting up ARS accounts for reporting in January 2017 when ARS became an Experian subscriber. **[Deposition of Kimberly Cave, excerpts attached as Exhibit "F", pp. 30-31 & 33, designated as Confidential]**

29. The invocation of the processing rule for ARS collection accounts caused the data furnished by ARS to be treated in a particular way, which was to display the "current" month only. **[Exh. F, p. 33, designated as Confidential]**

30. The particular Experian processing rule that displays current month only is available to collection agency data furnishers like ARS and is invoked to receive data from a furnisher and ensure the type of data furnished adheres to industry standards. **[Exh. F, p. 33-35, designated as Confidential]**

31. In the industry for the purposes of credit scoring models, collection accounts are aged based on the "open date". **[Exh. F, p. 35-36, designated as Confidential]**

32. Experian is responsible for maintaining, capturing, and building the grid history of an account; the "first reported date" is calculated by Experian from the earliest "grid character" based on the "displayable grid" and appears only on a consumer disclosure; there is no equivalent data field on a credit report. **[Exh. F, pp. 36 & 68, designated as Confidential]**

33. When the processing rule was discovered on the ARS accounts in 2018, a decision was made by Experian to turn it off, which effectively changed it to a different processing rule that allowed the account history to build month-over-month. **[Exh. F, pp. 38-39 & 67 & 80-82, designated as Confidential]**

34. There were no conversations between Experian and ARS about changing the processing rule before it was done by Experian in 2018. **[Exh. F, pp. 82-83, designated as Confidential]**

35. Because the ARS collection accounts are impacted only by the "open date", the changing "date of status" on the Experian consumer disclosures for ARS accounts was not inaccurate. **[Exh. F, p. 40, designated as Confidential]**

36. When creditors review credit reports they evaluate collection accounts based on the "open date," and the "date of status" is "pretty irrelevant" in creditworthiness determinations;

with collection accounts like ARS, the status on a report is always "collection" and the scoring models consider only the "open date", which indicates how long the account has been in a collection status. **[Exh. F, p. 45 & 53 & 99-100, designated as Confidential]**

37. The original processing rule invoked by Experian on the ARS accounts kept the system from entering the same "collection" status every month to the account history because the "collection" status of the ARS accounts was properly coded and never changed from the "open date" of each account. **[Exh. F, p. 46, designated as Confidential]**

38. The ARS accounts on the Experian consumer disclosures were not displaying the account history before 2018 because the Experian system invoked the particular processing rule that displayed current month only when ARS became a subscriber, and not because ARS did not verify account data or information it furnished to Experian. **[Exh. F, p. 49, designated as Confidential]**

39. Experian calculates the "date of status", which is the date an account first reached its "current status"; it does not affect a consumer's credit score; is not used in credit scoring, and appears only on consumer disclosures that are provided to consumers at their request and are not provided to third party creditors. **[Exh. F, pp. 59-60, designated as Confidential]**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **September 14, 2020** via the Court Clerk's CM/ECF system which will provide notice to all parties' counsel of record by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may also access this filing through the Court's CM/ECF System.

> */s/ Ernest H. Kohlmyer, III*
> Ernest H. Kohlmyer, III
> Florida Bar No.: 110108
> Skohlmyer@shepardfirm.com
> Mary Grace Dyleski
> Florida Bar No.: 143383
> mdyleski@shepardfirm.com
> Shepard, Smith, Kohlmyer & Hand, P.A.
> 2300 Maitland Center Parkway, Suite 100
> Maitland, Florida 32751
> Phone: (407) 622-1772
> Fax: (407) 622-1884
> *Attorneys for Defendant Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services*