# EXHIBIT 2

Page 1

1

2              UNITED STATES DISTRICT COURT

3              SOUTHERN DISTRICT OF FLORIDA

4                   MIAMI DIVISION

5    OMAR SANTOS AND AMANDA CLEMENTS on

6    Behalf of themselves and all

7    Others similarly situated ,

8
                  Plaintiffs,
9
     -against-                        Case No.
10                                     1:19-CV-23084-KMW

11   HEALTHCARE REVENUE RECOVERY

12   GROUP, LLC D/B/A ARS ACCOUNT

13   RESOLUTION SERVICES AND EXPERIAN

14   INFORMATION SOLUTIONS, INC.,

15            Defendants.

16

17       ***ALL PARTIES APPEARING REMOTELY***

18

19

20       VIDEOTAPED REMOTE DEPOSITION OF

21            PATRICIA FINNERAN

22            June 11, 2020

23

24   Reported by: Judi Johnson, CSR, RMR, RPR, CRR, CLR

25   Job No: 180554

1          PATRICIA FINNERAN

2                    June 11, 2020
                9:17 A.M. PST
3

4

5

6

7

8

9

10

11       Videotaped Remote Deposition of

12   PATRICIA FINNERAN, all parties appearing

13   remotely via telephone and

14   videoconference, pursuant to Notice,

15   before Judi Johnson, a Certified

16   Stenographic Reporter, a Registered Merit

17   Reporter, a Registered Professional

18   Reporter, a Certified Realtime Reporter

19   and a Certified LiveNote Reporter.

20

21

22

23

24

25

```
 1                  PATRICIA FINNERAN

 2  ALL APPEARANCES VIA TELEPHONE:

 3          BARON & BUDD

 4          Attorneys for the Plaintiffs

 5          15910 Ventura Boulevard

 6          Encino, CA 91436

 7          BY: JONAS MANN, ESQ.

 8

 9

10          MCCARTHY & RABURN

11          Attorneys for the Plaintiffs

12          2931 Ridge Road

13          Rockwall, TX 75032

14          BY: DENNIS MCCARTY, ESQ.

15              JONATHAN RABURN, ESQ.

16

17          JONES DAY

18          Attorneys for the Defendant

19          EXPERIAN INFORMATION SOLUTIONS, INC.

20          600 Brickell Avenue

21          Miami, FL 33131

22          BY: WILLIAM TAYLOR, ESQ.

23              A. CRISTINA PÉREZ SOTO, ESQ.

24

25
```

```
 1                    PATRICIA FINNERAN
 2   APPEARANCES (CONTINUED):
 3             SHEPARD SMITH KOHLMYER & HAND
 4             Attorneys for the Defendant
 5             HEALTHCARE REVENUE RECOVERY GROUP, LLC
 6             230 Maitland Center Parkway
 7             Maitland, FL 32751
 8             BY: ERNEST KOHLMYER, ESQ.
 9
10
11
12
13
14
15
16
17
18
19
20   ALSO PRESENT:
21   RODOLFO DURAN - LEGAL VIDEO SPECIALIST
22   (VIA TELEPHONE)
23
24
25
```

Page 5

```
 1                   PATRICIA FINNERAN

 2         IT IS HEREBY STIPULATED AND AGREED

 3    by and between the attorneys for the

 4    respective parties herein, that filing and

 5    sealing and the same are hereby waived.

 6         IT IS FURTHER STIPULATED AND AGREED

 7    that all objections, except as to the form

 8    of the question, shall be reserved to the

 9    time of the trial.

10         IT IS FURTHER STIPULATED AND AGREED

11    that the within deposition may be sworn to

12    and signed before any officer authorized

13    to administer an oath, with the same force

14    and effect as if signed and sworn to

15    before the Court.

16

17                   - o0o -

18

19

20

21

22

23

24

25
```

```
 1                    PATRICIA FINNERAN
 2  PATRICIA FINNERAN,
 3            Called as a witness herein, having
 4       first been duly sworn, was examined and
 5       testified as follows:
 6  BY THE REPORTER:
 7       Q    Please state your name and address for
 8    the record.
 9       A    Patricia Finneran, 643 West Coffee
10    Tree, Queen Creek, Arizona 85140.
11            THE VIDEOGRAPHER:  Good morning,
12       Counselors, my name is Rodolfo Duran.
13       I'm the legal videographer in
14       association with TSG Reporting, Inc.
15       Due to the severity of the COVID-19 and
16       the practice of social distancing, I
17       will not be in the same room with the
18       witness.  Instead I will record this
19       remotely.  The reporter, Judi Johnson,
20       will not be in the same room and will
21       swear in the witness remotely.
22            Do all parties stipulate to the
23       validity of this video recording, the
24       swearing of the witness, and that it will
25       be admissible in the courtroom as if it
```

```
 1                PATRICIA FINNERAN
 2      had been taken following Rule 30 of the
 3      Federal Rules and of Civil Procedures and
 4      the state rules where this case is
 5      pending?
 6           THE STENOGRAPHER:  Do you all
 7      stipulate?
 8           MR. TAYLOR:  Yes.
 9           THE VIDEOGRAPHER:  This is the
10      start of media labeled Number 1 of the
11      video-recorded deposition of Patricia
12      Finneran in the matter of Omar Santos,
13      et al., versus Healthcare Revenue
14      Recovery Group, et al., filed in the
15      United States District Court, Southern
16      District of Florida, Miami Division.
17           Today is June 11th, 2020.  The time
18      is 9:20, Mountain Standard Time.
19           Will counsel please introduce
20   themselves.
21           MR. MANN:  Jonas Mann from Baron &
22      Budd for plaintiffs.
23           MR. RABURN:  Jonathan Raburn,
24      McCarthy & Raburn, for the plaintiffs.
25           MR. McCARTY:  Dennis McCarty for
```

```
 1                   PATRICIA FINNERAN

 2       plaintiffs, McCarthy & Raburn.

 3             MR. TAYLOR:  This is Will Taylor

 4       on behalf of defendants, Experian

 5       Information Solutions, Inc., and the

 6       witness.

 7             MS. PEREZ SOTO:  Good morning.

 8       Cristina Pérez Soto, also for Experian

 9       Information Solutions, Inc.

10             MR. KOHLMYER:  Ernest Kohlmyer for

11       HRRG.

12             (Whereupon, a discussion was held off

13       the record.)

14             THE VIDEOGRAPHER:  The time is

15       9:22 a.m.  And we're going off the

16       record.

17             (Whereupon, a break was taken.)

18             THE VIDEOGRAPHER:  The time is

19       9:29 a.m. and we're back on the record.

20    PATRICIA FINNERAN,

21             Called as a witness herein, having

22       first been duly sworn, was examined and

23       testified as follows:

24             THE WITNESS:  Can you hear me now?

25             MR. MANN:  Yes.  Great.
```

1                    PATRICIA FINNERAN

2    EXAMINATION

3         Q     Did you say yes to her question?

4         A     I did.  I said "I do."

5         Q     Okay.  Good morning.  Thank you for

6    your patience.  We're just getting started.

7               Have you ever had your deposition

8    taken before?

9         A     Yes, I have.

10        Q     About how many times?

11        A     Probably eight to ten, approximately.

12   I don't know exactly.

13        Q     You said "probably eight to ten"; is

14   that correct?

15        A     Yes, approximately.  I don't know the

16   exact number.

17        Q     Okay.  I'm just having a little

18   trouble hearing you.  You're breaking in and

19   out.

20        A     Okay.  Is that better?

21        Q     That's better.  Okay.

22              Have all those depositions been in

23   relation to your employment with Experian?

24        A     Yes.

25        Q     And do you understand that even though

```
 1              PATRICIA FINNERAN

 2   we're not in a regular conference room, you

 3   understand you're under oath as you would be in

 4   a court of law; is that correct?

 5       A    Yes.

 6       Q    Okay.  Since you've had your

 7   deposition taken before you probably know all

 8   this but I'll just go over a few ground rules

 9   very quickly.  It's very important that we do

10   the best we can to get a clean transcript.  So

11   please let me finish my question before you

12   start your answer and I will do the same, let

13   you finish your answer before I ask the next

14   question.

15            Is that fair?

16       A    Yes.

17       Q    And from time to time your attorney,

18   Mr. Taylor, may pose interpose an objection,

19   just wait for him to finish and then he may

20   instruct you not to answer.  But if he does not

21   instruct you not to answer, you still have to

22   answer the question after the objection.

23            Do you understand that?

24       A    Yes.

25       Q    Okay.  And if at any time you want to
```

```
 1                  PATRICIA FINNERAN
 2   take a break, that's fine.  It's not a marathon,
 3   but I do ask if there's a question pending that
 4   we get an answer before we take a break.
 5             Is that fair?
 6       A    Yes.
 7       Q    Okay.  And I know that I have a
 8   tendency to talk fast which is probably made
 9   worse by being on the phone.  So if you can't
10   understand me or I'm going too fast, just let me
11   know, I'm happy to slow down and say it again.
12             MR. MANN:  I'm going to mark the
13        first exhibit, Exhibit 1.
14             THE WITNESS:  Okay, sorry.
15             MR. MANN:  I just have to upload
16        it to the system as well.  You should
17        have Plaintiffs' Second Amended Notice
18        of Deposition of Experian Information
19        Solutions, Inc.
20             (Whereupon, Plaintiffs' Second Amended
21        Notice of Deposition of Experian Information
22        Solutions, Inc. Under Rule 30(B)(6) of the
23        Federal Rules of Civil Procedure was marked
24        as Plaintiff's Exhibit 1 for identification,
25        as of this date.)
```

```
 1                    PATRICIA FINNERAN
 2   BY MR. MANN:
 3        Q    Do you have that deposition notice?
 4        A    I do.
 5        Q    Okay.  And you understand that you're
 6   here today to testify on behalf of Experian on
 7   the Topics 13, 14, 15, 17, 18, and 39 as it
 8   relates to Interrogatories 1, 4, and 5; is that
 9   correct?
10        A    Yes, that's correct.
11        Q    Okay.
12             MR. TAYLOR:  I'd just note on the
13        record that the designations were made
14        subject to our written objections and
15        designations served on all parties.
16   BY MR. MANN:
17        Q    Ms. Finneran, did you do anything to
18   prepare for your deposition today?
19        A    Yes.
20        Q    And what did you do?
21        A    I --
22             MR. TAYLOR:  I would just object
23        to the extent that -- I'm sorry.  I
24        would just object to the extent the
25        question calls for revealing
```

1                PATRICIA FINNERAN

2        attorney-client communications and

3        caution the witness not to reveal the

4        contents of any of those communications.

5            (Reporter clarification.)

6    BY MR. MANN:

7        Q    Ms. Finneran, for all these questions

8    I don't want to know the substance of any

9    conversations you had with counsel.

10           So with that, what did you do to

11   prepare for your deposition today?

12       A    I met with counsel to review the

13   notice for the items in which I have been

14   designated to testify on.

15       Q    Did you do anything else?

16       A    I also, as part of my testimony here,

17   I did review some aspects of the class data that

18   I'm here to speak about.  So I did do some

19   review of that data as well.

20       Q    Anything else?

21       A    No, that's all.

22       Q    Did you discuss your deposition

23   testimony with anyone other than your attorneys?

24       A    No.

25       Q    Did you review any documents in

1             PATRICIA FINNERAN

2    preparation for your deposition?

3         A    I reviewed the exhibits, more copies

4    which I received yesterday, went through those

5    as well as some of the interrogatory responses

6    that are relative to the testimony I'm here to

7    give today.

8         Q    Anything else?

9         A    No, that's all.

10        Q    You said that you reviewed some of the

11   class data.

12             What specifically did you look at?

13        A    The criteria and then some of the data

14   to ensure that it met the class criteria that

15   were used in which to construct the query to

16   extract the data.

17        Q    Okay.  And, obviously, we're going to

18   get into that a little later.

19             Now, did you meet with counsel?

20        A    Yes, I met with counsel.

21        Q    For approximately how long?

22        A    Over the last -- course of the last

23   several days, throughout the case as we were

24   building the criteria for the class data and

25   then in preparation for today's deposition.

1                    PATRICIA FINNERAN

2      Q     What would you estimate how many hours

3   that would be?

4      A     Oh, gosh.  I'm not sure.  Probably six

5   hours over the course of the last couple of

6   weeks meeting with my lawyers.  And then in

7   review of the class data, probably, I don't

8   know, 15 hours or so of work that I looked at.

9      Q     You're currently employed by Experian?

10     A     Yes, I am.

11     Q     And how long have you worked for

12  Experian?

13     A     39 years and 11 months.

14     Q     That is incredible.  It is very rare

15  to find somebody who's worked at the same place

16  for so long.

17           What is your current position at

18  Experian?

19     A     I am a senior director of data

20  accuracy.

21     Q     You said you're "a senior director."

22  Are there other senior directors of data

23  accuracy?

24     A     No.  I'm the -- just me.

25     Q     Okay.  And how long have you been in

Page 16

```
 1                    PATRICIA FINNERAN
 2    that position?
 3         A     As senior director, I've held that
 4    title for one year.
 5         Q     And how long have you worked in data
 6    accuracy generally?
 7         A     As a title of data accuracy, it's been
 8    approximately three years.
 9    ████      ██████████████████████████████
10    █████████████████████████████████
11    ████      █████████████████████████████████
12    ███████████████████████████████████
13    ███████████████████████████████████████
14    ███████████
15                 (Reporter clarification.)
16    BY MR. MANN:
17         Q     To whom do you report at Experian?
18         A     I report to Donna Smith.
19         Q     And what is Ms. Smith's title?
20         A     She is the chief data officer.
21         Q     Do you have any reports?
22         A     No, I do not.
23         Q     Do you work on a team with anybody
24    else?
25         A     I work on a team within Donna Smith's
```

1                PATRICIA FINNERAN

2   organization as an individual contributor, but

3   there's a whole team they all play different

4   roles.

5        Q    How many people are on that team?

6        A    On her leadership team there are five,

7   I believe.  Five or six people.

8        Q    Does the team have a title?

9        A    I'm sorry?

10       Q    Does the team have a title?

11       A    It's -- I don't think it has an actual

12   title.  It's a department.  So we all work in

13   the data operations department, if you will,

14   within Experian.

15       Q    Okay.  And how many people work in the

16   data operations department?

17       A    I don't know the number offhand.  We

18   have -- there's some data processing that goes

19   on in Costa Mesa.  There's eight to ten people,

20   I believe, on the team there.  And then there's

21   another processing center in Santiago, Chile,

22   and I don't -- I don't know the number of

23   employees there.

24       Q    Where are you located?

25       A    I'm based out of Costa Mesa -- Costa

Page 18

```
 1                 PATRICIA FINNERAN
 2   Mesa, California, offices, but I work full-time
 3   from my home in Arizona.
 4       Q     Okay.  So you said there are data
 5   operations people working in Costa Mesa and in
 6   Santiago, Chile.
 7             Anywhere else?
 8       A     No, that's all.
```







1              PATRICIA FINNERAN

2

3

4

5

6

7

8

9

10

11

12

13             MR. MANN:  Let's take a look at

14      Exhibit 2, which is the complaint.

15             (Whereupon, the Class Action Complaint

16      was marked as Plaintiff's Exhibit 2 for

17      identification, as of this date.)

18  BY MR. MANN:

19      Q     Do you have Exhibit 2 in front of you?

20      A     I do.

21      Q     Have you ever seen the complaint in

22  this case before?

23      A     I reviewed it in preparation with my

24  attorney for the case today.

25      Q     Had you seen it prior to that?

1                    PATRICIA FINNERAN

2      A     I do not believe so, no.

3      Q     Okay.  Do you know when you became

4  aware of the complaint?

5      A     Aware of this case?

6      Q     Yes.

7      A     It would have been towards the end of

8  last year, I think, sometime in the fourth

9  quarter.  I don't know the exact date.

10     Q     Sometime in the fourth quarter of

11 2019?

12     A     2019, yes.

13     Q     Do you have an understanding what the

14 case is about?

15     A     A basic understanding, yes.

16     Q     And what is your understanding?

17     A     That the case --

18           MR. TAYLOR:  Object to form.

19           THE WITNESS:  My understanding is

20      the case is about the data status on

21      certain collection accounts with date

22      status being updated and moved.

23 BY MR. MANN:

24     Q     And how did you come to that

25 understanding?

1               PATRICIA FINNERAN

2      A    Understanding of the case?  It was --

3      Q    Yes.

4      A    It was a discussion with the

5  attorney -- it was a discussion with our

6  attorneys, my attorneys.

7      Q    Have you discussed this case with

8  anyone other than Experian's counsel?

9      A    I discussed it with Experian internal

10 counsel and Jones Day, our external counsel.

11 But, no, that would be all.

12     Q    No one else in your department?

13     A    I haven't discussed -- I have not

14 discussed the actual case.  I had conversations

15 with my developer on the class data that was

16 requested to be identified and extracted from

17 the system.  So I had those conversations, but

18 that was the extent of the conversation.

19     Q    And who was that developer?

20     A    Mike Patel.

21          (Reporter clarification.)

22          THE WITNESS:  P-A-T-E-L.

23 BY MR. MANN:

24     Q    Where is Mr. Patel located?

25     A    He's located in our Costa Mesa,

```
 1                  PATRICIA FINNERAN
 2   California, offices.
 3       Q     Have you had discussions with anybody
 4   else?
 5       A     Other than -- other than counsel, no.
 6       Q     Prior to this lawsuit, had you ever
 7   been aware of an issue with date status on
 8   collection accounts being moved?
 9       A     No.
10             MR. TAYLOR:  Object to the form of
11       the question.
12   BY MR. MANN:
13       Q     Specifically prior to this lawsuit,
14   had you ever been aware of an issue with HRRG
15   purported accounts not properly --
16             (Reporter clarification.)
17             MR. MANN:  Sure.
18   BY MR. MANN:
19       Q     Prior to this lawsuit, had you ever
20   been aware of an issue with HRRG reported
21   accounts not properly displaying data status,
22   first reported dates, or payment history?
23             MR. TAYLOR:  Object to the form.
24             MR. KOHLMYER:  Object to form.
25             THE WITNESS:  No, I was not.
```

1                  PATRICIA FINNERAN

2  BY MR. MANN:

3      Q     Do you know who I'm talking about when

4  I refer to "HRRG"?

5      A     Yes, I do.

6      Q     Sorry, you can get on to the next one.

7            Looking back at the first exhibit on

8  Page 5, Topic 14:

9                "The identity, job title, and

10               location of your employees,

11               contractors, and/or agents who

12               participated in Experian's gathering

13               of information necessary to respond

14               to Plaintiffs' Request for

15               Interrogatories Numbers 1 through 7."

16           Do you see that?

17     A     Yes.  Yes, I do.

18     Q     Aside from you and Mr. Patel that you

19  identified, is there anyone else who was

20  involved in that process?

21     A     No, there was not.

22  ████████████████████████████████████████████

23  ██████████

24  ████████████████████████████████████

25          ████████████████████████████████

Page 26

1               PATRICIA FINNERAN

2

3

4

5

6

7

8

9

10

11

12

13

14

15          MR. MANN:  I want to take a look

16     at Exhibit 5, which is Experian's Second

17     Supplemental Objections and Responses to

18     Plaintiffs' Interrogatories 1, 4, and 5.

19          (Whereupon, Defendant Experian

20     Information Solutions, Inc.'s Second

21     Supplemental Objections and Responses to

22     Plaintiffs' Interrogatories 1, 4 and 5 was

23     marked as Plaintiff's Exhibit 5 for

24     identification, as of this date.)

25



Page 28

1           PATRICIA FINNERAN





Page 29

PATRICIA FINNERAN











```
 1              PATRICIA FINNERAN
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```



Page 36

PATRICIA FINNERAN







Page 39

PATRICIA FINNERAN







Page 42



PATRICIA FINNERAN



Page 44

PATRICIA FINNERAN









Page 48

1                     PATRICIA FINNERAN



23              MR. MANN:  Okay.  Can we take a

24      short break?

25              THE WITNESS:  Okay.

```
 1                PATRICIA FINNERAN

 2          MR. MANN:  Will, that's okay?

 3          MR. TAYLOR:  Yes, absolutely.

 4          MR. MANN:  Okay, great.

 5          THE VIDEOGRAPHER:  The time is

 6   10:25 a.m. and we're going off the

 7   record.

 8          (Whereupon, a break was taken.)

 9          THE VIDEOGRAPHER:  The time is

10   10:44 a.m. and we're back on the record.

11          MR. MANN:  Ms. Finneran, I don't

12   have any more questions at this time.

13          THE WITNESS:  Okay.  Thank you.

14          MR. TAYLOR:  I have no questions.

15          MS. PEREZ SOTO:  Nothing from

16   Experian.  We request read and sign and

17   an opportunity to review for

18   confidentiality pursuant to the

19   protection order.

20          THE VIDEOGRAPHER:  The time is

21   10:45 a.m. and we're going off the

22   record.

23          (Time noted 10:45 a.m.)

24                _____

25                PATRICIA FINNERAN
```

1    PATRICIA FINNERAN

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    PATRICIA FINNERAN

2                      I N D E X

3   WITNESSES: PATRICIA FINNERAN                    PAGE

4   MANN          ................................9

5

6

7

8

9

10

11

12

13            INDEX OF PLAINTIFF'S EXHIBITS

14   I.D.      DESCRIPTION                         PAGE

15   Exhibit 1  Plaintiffs' Second Amended          11
                Notice of Deposition of
16              Experian Information
                Solutions, Inc. Under
17              Rule 30(B)(6) of the Federal
                Rules of Civil Procedure
18
     Exhibit 2  The Class Action Complaint          21
19
     Exhibit 5  Defendant Experian Information      27
20              Solutions, Inc.'s Second
                Supplemental Objections
21              and Responses to Plaintiffs'
                Interrogatories 1, 4 and 5
22

23

24

25

```
 1                    PATRICIA FINNERAN

 2               C E R T I F I C A T E

 3

 4          I, JUDI JOHNSON, a steonographic reporter

 5     and RMR, RPR, CRR, CSR, CLR, do hereby certify:

 6             THAT the witness whose testimony is

 7     hereinbefore set forth, was duly sworn by me; and

 8             THAT the within transcript is a true record

 9   of the testimony given by said witness.  I further

10     certify that I am not related, either by blood or

11     marriage, to any of the parties to this action; and

12             THAT I am in no way interested in the

13     outcome of this matter.

14             IN WITNESS WHEREOF, I have hereunto set

15   my hand this 24th day of June, 2020.

16

17     _____

18     JUDI JOHNSON, RMR, CRR, RPR, CLR, CSR

19

20

21

22

23

24

25
```

1                PATRICIA FINNERAN

2              DEPOSITION ERRATA SHEET

3    Job ID: 180554

4

5    Case Caption: SANTOS, ET AL. V. EXPERIAN, ET AL.

6

7        DECLARATION UNDER PENALTY OF PERJURY

8

9                    I declare under penalty of

10   perjury that I have read the entire transcript of

11   my Deposition taken in the above-captioned matter

12   or the same has been read to me and the same is

13   true and accurate, save and except for changes

14   and/or corrections, if any, as indicated by me on

15   the DEPOSITION ERRATA SHEET hereof, with the

16   understanding that I offer these changes as if

17   still under oath. Signed on _____, 2020.

18   _____

19              PATRICIA FINNERAN

20   *If Notary is required*

21              SUBSCRIBED AND SWORN TO BEFORE ME THIS

22              _____ DAY OF _____, 20_____.

23

24        _____

25              NOTARY PUBLIC

```
 1                      PATRICIA FINNERAN

 2                 DEPOSITION ERRATA SHEET

 3   Page:_____  Line:_____  Change to:_____

 4   _____

 5   Reason for change:_____

 6   Page:_____  Line:_____  Change to:_____

 7   _____

 8   Reason for change:_____

 9   Page:_____  Line:_____  Change to:_____

10   _____

11   Reason for change:_____

12   Page:_____  Line:_____  Change to:_____

13   _____

14   Reason for change:_____

15   Page:_____  Line:_____  Change to:_____

16   _____

17   Reason for change:_____

18   Page:_____  Line:_____  Change to:_____

19   _____

20   Reason for change:_____

21   Page:_____  Line:_____  Change to:_____

22   _____

23   Reason for change:_____

24   Page:_____  Line:_____  Change to:_____

25   _____
```