# EXHIBIT 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

OMAR SANTOS and AMANDA
CLEMENTS on behalf of themselves and
all others similarly situated,

        Plaintiffs,                    Case No 1:19-cv-23084-KMW

vs.

HEALTHCARE REVENUE RECOVERY
GROUP, LLC, *et al,*

        Defendants.
_____/

## NOTICE BY DEFENDANT HEALTHCARE REVENUE RECOVERY GROUP, LLC OF SERVING RESPONSE TO PLAINTIFFS' INTERROGATORIES

Notice is given that Defendant HEALTHCARE REVENUE RECOVERY GROUP, LLC serves its Second Supplemental Response to Plaintiff's First Interrogatories.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished on this **March 24, 2020** via electronic transmission to Roland Tellis, Esquire at rtellis@baronbudd.com, Jonas P. Mann, Esquire at jmann@baronbudd.com, Peter Prieto, Esquire pprieto@podhurst.com, Alissa Del Riego, Esquire at adelriego@podhurst.com, Matthew P. Weinshall, Esquire at mweinshall@podhurst.com, Dennis McCarty, Esquire at dennismccartylaw@gmail.com (*Attorneys for Plaintiffs*); A. Christina Perez Soto, Esquire at cperezsoto@jonesday.com, Marc A. Weinroth, Esquire at mweinroth@jonesday.com (*Attorneys for Defendant Experian*).

                                        */s/ Mary Grace Dyleski*
                                        Mary Grace Dyleski
                                        Florida Bar Number 143383
                                        MDyleski@shepardfirm.com
                                        Shepard, Smith, Kohlmyer & Hand, P.A.
                                        2300 Maitland Center Parkway, Suite 100
                                        Maitland, Florida 32751
                                        Tel: 407-622-1772; Fax: 407-622-1884
                                        *Attorneys for Defendant HRRG*

1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

OMAR SANTOS and AMANDA
CLEMENTS on behalf of themselves and
all others similarly situated,

        Plaintiffs,                           Case No 1:19-cv-23084-KMW

vs.

HEALTHCARE REVENUE RECOVERY
GROUP, LLC, *et al*,

        Defendants.
_____/

## DEFENDANT HEALTHCARE REVENUE RECOVERY GROUP, LLC'S SECOND SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST INTERROGATORIES

Defendant HEALTHCARE REVENUE RECOVERY GROUP, LLC ("HRRG") by and through its undersigned counsel, serves its Second Supplemental Response to Plaintiff's First Interrogatories pursuant to the Federal Rules of Civil Procedure.

HRRG is not required to create a document not already in existence; the fact that an objection is interposed or not interposed to a request does not necessarily mean that responsive documents exist; HRRG specifically reserves the right to supplement or amend this Response; HRRG's response to any Interrogatory does not waive its right to challenge the relevancy, materiality, or admissibility of any documents or to object to the use of any document at trial or any other proceeding in this action.

### HRRG's 2nd Supplemental Response to Plaintiffs' 1st Interrogatories

1.    Identify the total number of consumers nationwide You reported accounts on to Experian between July 24, 2017 and the present.

    **RESPONSE: Objection to the extent this Interrogatory is overly broad or seeks information that is not relevant, is not proportional to the needs of the case or is beyond the permissible scope of discovery based on the operative pleadings, as the**

2

proposed sub-class as to HRRG is limited to *"All persons who initiated a dispute with Experian and whose HRRG account information was re-aged on their Experian consumer credit report/disclosure/profile."* Subject to and without waiving objection, periodically HRRG furnishes data to credit reporting agencies (CRAs) that does not include any reference to when the account was "first reported"; it is HRRG understanding that Experian documents the "first reported date" of an account in its system, which HRRG has no ability to access, modify, "re-age" or change.

1ST SUPPLEMENTAL RESPONSE: Objection restated; subject to and without waiving objection, periodically HRRG furnishes data to credit reporting agencies (CRAs) that does not include any reference to when the account was "first reported"; it is HRRG understanding that Experian documents the "first reported date" of an account in its own internal system, which HRRG has no ability to access, modify, "re-age" or change; HRRG continues to investigate the number of accounts reported to Experian from July 2017 to the date of filing the Complaint in this action, on which consumers disputed data furnished claiming it had been "re-aged" as alleged in the Complaint, however to date the information requested is not ascertainable from HRRG's records.

2ND SUPPLEMENTAL RESPONSE: Objection restated; subject to and without waiving objection, HRRG cannot determine the number of consumers nationwide it reported accounts on to Experian between July 24, 2017 and the present, as HRRG reports to all credit bureaus and cannot distinguish accounts reported to Experian only, so determining the total number of all reported accounts is not proportional to the needs of the case and beyond the permissible scope of discovery based on the allegations in the operative pleadings; it is impossible for HRRG to determine which account holders disputed accuracy of account information to Experian.

3. Of those consumers identified in response to Interrogatory Number 1, identify the total number of consumers who disputed the accuracy of the HRRG reported information through Experian.

RESPONSE: No consumers are identified in response to Interrogatory 1; objection to the extent this Interrogatory is overly broad or seeks information that is not relevant, is not proportional to the needs of the case or is beyond the permissible scope of discovery based on the operative pleadings, as the proposed sub-class as to HRRG is limited to, *"All persons who initiated a dispute with Experian and whose HRRG account information was re-aged on their Experian consumer credit report/disclosure/profile"*. Subject to and without waiving objection, HRRG did not "re-age" any data furnished to Experian.

1ST SUPPLEMENTAL RESPONSE: Objection restated; subject to and without waiving objection, periodically HRRG furnishes data to credit reporting agencies (CRAs) that does not include any reference to when the account was "first reported"; it is HRRG understanding that Experian documents the "first reported date" of an account in its own internal system, which HRRG has no ability to access,

3

modify, "re-age" or change; HRRG continues to investigate the number of accounts reported to Experian from July 2017 to the date of filing the Complaint in this action, on which consumers disputed data furnished claiming it had been "re-aged" as alleged in the Complaint, however to date, the information requested is not ascertainable from HRRG's records.

2ND SUPPLEMENTAL RESPONSE: Objection restated; subject to and without waiving objection, HRRG cannot determined the number of consumers nationwide it reported accounts on to Experian between July 24, 2017 and the present, as HRRG reports to all credit bureaus and cannot distinguish accounts reported to Experian only, so determining the total number of all reported accounts is not proportional to the needs of the case and beyond the permissible scope of discovery based on the allegations in the operative pleadings; it is impossible for HRRG to determine which account holders disputed the accuracy of HRRG reported information through Experian.

5. Identify and describe all actions You took after receiving notice of the dispute letters referenced in paragraphs 39 and 45 of Plaintiffs' complaint.

RESPONSE: HRRG relies on guidelines and materials supplied by eOscar in responding to all ACDVs, including the ACDVs it received regarding Plaintiff Santos and Plaintiff Clements. HRRG also follows its own Manual for updating accounts regarding disputed status and/or deletion requests, as applicable.

1ST SUPPLEMENTAL RESPONSE: Objection as to Plaintiff's untimely dispute: The Standing Order Setting Discovery Procedures requires that disputes be raised timely in accordance with Local Rule 26.1(g)(1) which is within thirty (30) days of the due date or later date if extended by the parties. Here the parties agreed to extend the due date for HRRG's response to Interrogatory 5 to January 2, 2020. After HRRG served its response on that date, Plaintiff's counsel sent a letter dated January 23, 2020 in which it raised disputes as to HRRG's responses to Interrogatories 1, 2, 3, 4, 8 & 9 only, and not Interrogatory 5. As such, March 10, 2020 is the first time Plaintiff raised a dispute about Interrogatory 5, which is not within 30 days and not timely.
Subject to and without waiving objection, HRRG did not receive the dispute letters referenced in paragraphs 39 and 45 of Plaintiff's complaint. Upon receipt of an ACDV from Experian via the e-OSCAR system, HRRG determined if the dispute was specific or not specific; if dispute was not specific (Santos and Clements), HRRG verified the identity of the account holder and the account information; if the dispute was specific as to account information (Clements), HRRG provided additional account information and updated the account; then HRRG submitted its response to Experian via the e-OSCAR system on or before the requested due date.

9. Identify all instances prior to the filing of this lawsuit where a consumer or other person communicated to You that your reporting of account information to Experian was inaccurate under the FCRA.

4

RESPONSE: Objection to the extent this Interrogatory is overly broad as to the terms, "all instances" and seeks information that is not relevant, is not proportional to the needs of the case or is beyond the permissible scope of discovery based on the operative pleadings as the proposed sub-class as to HRRG is limited to *"All persons who initiated a dispute with Experian and whose HRRG account information was re-aged on their Experian consumer credit report/disclosure/profile."* Subject to and without waiving objection, HRRG did not "re-age" any data furnished to Experian.

1ST SUPPLEMENTAL RESPONSE: HRRG continues to investigate however, to date HRRG has located ZERO (0) instances where a consumer or other person communicated to HRRG that its reporting of account information to Experian was inaccurate as to "re-aging", inaccurate "Date of Status" or inaccurate "First Reported."

2ND SUPPLEMENTAL RESPONSE: Objection restated; subject to and without waiving objection, HRRG has located zero (0) instances where a consumer communicated to HRRG that its reporting of account information to Experian was inaccurate, aside from lawsuits filed by Plaintiffs' counsel and currently pending in Texas in which the plaintiffs allege in their operative pleadings that they disputed to Experian about inaccuracies on Experian reports regarding HRRG accounts.

*~REMAINDER OF PAGE INTENTIONALLY LEFT BLANK~*

5

## **VERIFICATION**

Under penalty of perjury, I declare I have read the foregoing Responses to Interrogatories, and the Responses are true and correct.

By: _[signature]_____

Printed Name: PATRICK BRENNAN

Title: ASSISTANT VICE PRESIDENT

STATE OF FLORIDA

COUNTY OF BROWARD

The foregoing instrument was acknowledged, sworn to (or affirmed) and subscribed before me this 24 day of MARCH, 2020 by

Patrick Brennan
Printed Name of Person Swearing or Affirming

_[signature]_____
Signature of Notary Public
Notary Public – State of Florida

Sherry R. Golden
Name of Notary Typed, Printed or Stamped

My Commission Expires: July 16, 2023

☒ Personally Known

☐ Produced Identification  Type of Identification Produced:_____

No.:_____

Date of Issuance/Expiration:_____

SHERRY R. GOLDEN
Notary Public - State of Florida
Commission # GG 350128
My Comm. Expires Jul 16, 2023
Bonded through National Notary Assn.

6