# EXHIBIT 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| OMAR SANTOS and AMANDA CLEMENTS on behalf of themselves and all others similarly situated, | ) ) ) ) | CASE NO. 1:19-cv-23084-KMW |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES, and EXPERIAN INFORMATION SOLUTIONS, INC., | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS**

Defendant Experian Information Solutions, Inc. ("Experian") hereby responds to Plaintiffs' First Set of Requests for Admissions ("Requests"), served by Plaintiffs Omar Santos and Amanda Clements on behalf of themselves and all others similarly situated ("Plaintiffs").

**PRELIMINARY STATEMENT**

Although Experian has made a diligent and good faith effort to obtain the information necessary to respond to Plaintiffs' Requests, discovery in this matter is ongoing. Moreover, Experian has not yet completed its investigation of this matter. For those reasons, Experian anticipates that its responses may be incomplete and that additional information may be obtained which could affect its responses. Accordingly, all of the following responses are given without prejudice to and with the express reservation of Experian's right to supplement or modify its objections and responses to the extent required by applicable law to incorporate later discovered

information, and to rely upon any and all such information and documents at trial or otherwise. Likewise, Experian shall not be prejudiced if any of its present objections and responses are based on an incomplete knowledge or comprehension of the facts, events or occurrences involved in this matter.

Experian also has objected and responded to Plaintiffs' Requests based upon Experian's best, good faith understanding and interpretation of each item of information sought. Accordingly, if Plaintiffs subsequently assert a different interpretation than presently understood by Experian, Experian reserves the right to supplement or amend these objections and responses.

## OBJECTIONS TO PLAINTIFFS' INSTRUCTIONS

1.     **Attorney-Client Privilege**.  Experian objects generally to Plaintiffs' Requests to the extent that they seek information that contains or relates to confidential and privileged communications between attorney and client on the grounds of attorney-client privilege.  Experian will produce no such information but, to the extent that it exists, will provide an appropriate privilege log.  Experian objects to the Plaintiffs' instructions for identifying such privileged communications to the extent that they seek to impose obligations beyond those provided for in the Federal Rules of Civil Procedure.  Moreover, Experian generally objects to Plaintiffs' Requests to the extent that they seek confidential and privileged communications between attorney and client during the anticipation of and pendency of this action, including but not limited to communications between attorney and client regarding the Requests.  Experian deems such privileged communications not intended to be within the scope of Plaintiffs' Requests and will not, and does not intend these responses to, waive the privilege afforded such privileged communications.  Experian will not prepare a privilege log for such privileged communications.

2

2.      **Attorney Work Product Privilege**.   Experian objects generally to Plaintiffs' Requests to the extent that they seek confidential information protected from disclosure by the attorney work product doctrine.  Experian will produce no such information.  Moreover, Experian objects to Plaintiffs' Requests to the extent that they seek confidential information protected from disclosure by the attorney work product doctrine and that has been created in anticipation of or during the pendency of this action, including but not limited to research and investigation and analysis concerning the Requests.  Experian deems such protected information not intended to be within the scope of Plaintiffs' Requests and will not, and does not intend by these responses to waive the work product protection afforded such information.   Experian will not prepare a privilege log for such privileged work product.

3.      **Trade Secret**.  Experian objects generally to Plaintiffs' Requests to the extent that they call for the production of highly confidential, proprietary or otherwise commercially sensitive information or trade secrets.

4.      **Possession, Custody and Control**.   Experian objects generally to Plaintiffs' Requests to the extent that they seek information that is not in Experian's possession, custody, or control.  Experian only will provide information in its possession, custody or control in response to the Requests.

5.      **Time Frame**.   Experian objects to Plaintiffs' Requests to the extent they are unlimited or ambiguous as to the time frame and/or seek information beyond the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p, and thus are overly broad, unduly burdensome, and seek information that is neither relevant to the subject matter of the pending action nor proportional to the needs of the case.

6.     **Instructions**.  Experian objects generally to Plaintiffs' Instructions on the grounds that they are overly broad, unduly burdensome and purport to require Experian to perform tasks beyond its obligations under the Federal Rules of Civil Procedure.  Experian will respond pursuant to its obligations under the Federal Rules of Civil Procedure.

7.     **Use of "Experian," "Defendant," "You," and "Your."**  Experian objects to the use of "Experian," "Defendant," "You," and "Your" to the extent that such usage is overbroad and not limited in time or scope in a manner relevant to the material issues in the pending action or reasonably calculated to lead to the discovery of admissible evidence such that formulating responses to discovery requests using such definitions would be unduly burdensome and oppressive.  The use of "Experian," "Defendant," "You," and "Your" is particularly objectionable to the extent that such usage is not limited to Experian's managing agents or department heads because such usage is not only burdensome and oppressive, but as a practical matter, an impossibility for Experian to frame meaningful responses to discovery requests which utilize objectionably broad definitions.  Accordingly, Experian will respond to this discovery only to the extent that the terms "Experian," "Defendant," "You," and "Your" are interpreted to mean and include only the entity Experian Information Solutions, Inc.

 Experian incorporates the foregoing General Objections and limitations into each of the following Specific Objections and Responses, which are made subject to and without waiver of those General Objections and limitations.

## RESPONSES AND SPECIFIC OBJECTIONS TO REQUESTS

## REQUEST FOR ADMISSION NO. 1:

Please admit that because the Dates of Status and First Reported Dates for the ARS Accounts on Plaintiff Omar Santos' Experian credit report changed from 07/2017 on the July 24, 2017 report to 09/2017 on the September 5, 2017 report, the information reported is inaccurate.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**





**REQUEST FOR ADMISSION NO. 2:**

Please admit that because the Dates of Status and First Reported Dates for the ARS Accounts on Plaintiff Amanda Clements' Experian credit report changed from 07/2017 on the July 25, 2017 report to 08/2017 on the August 22, 2017 report, the information reported is inaccurate.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**



**<u>REQUEST FOR ADMISSION NO. 3</u>:**

Please admit that because the account history for the ARS Accounts on Plaintiff Omar Santos' July 24, 2017 Experian credit report was removed from his September 5, 2017 report, the information reported is inaccurate.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 3</u>:**





**REQUEST FOR ADMISSION NO. 4:**

       Please admit that because the account history for the ARS Accounts on Plaintiff Amanda Clements' July 25, 2017 Experian credit report was removed from her August 22, 2017 report, the information reported is inaccurate.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**



**REQUEST FOR ADMISSION NO. 5:**

Please admit that Experian reports account payment history to third parties that review consumers credit profiles for potential offers of credit.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**





**<u>REQUEST FOR ADMISSION NO. 6</u>:**

Please admit that a more recent Date of Status on a delinquent account reported to Experian will have a greater adverse effect on a consumer's credit score than an older Date of Status on a delinquent account reported to Experian.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 6</u>:**



**<u>REQUEST FOR ADMISSION NO. 7</u>:**

Please admit that a more recent First Reported Date on a delinquent account reported to Experian will have a greater adverse effect on a consumer's credit score than an older Date of Status on a delinquent account reported to Experian.

**<u>RESPONSE TO REQUEST FOR ADMISSION NO. 7</u>:**



Dated: May 26, 2020                          Respectfully submitted,


                                             /s/ William R. Taylor
                                             A.M. Cristina Pérez Soto
                                             Florida Bar No. 96692
                                             Christina T. Mastrucci
                                             Florida Bar No. 113013
                                             **JONES DAY**
                                             600 Brickell Avenue, Suite 3300
                                             Miami, Florida 33131
                                             Telephone: (305) 714-9700
                                             Facsimile: (305) 714-9799
                                             E-mail: cperezsoto@jonesday.com
                                             E-mail: cmastrucci@jonesday.com


                                             William R. Taylor (*pro hac vice*)
                                             Alexander G. Hughes (*pro hac vice*)
                                             **JONES DAY**
                                             717 Texas, Suite 3300
                                             Houston, TX  77002
                                             Telephone: (832) 239-3939
                                             Facsimile: (832) 239-3600
                                             Email: wrtaylor@jonesday.com
                                             Email: ahughes@jonesday.com


                                             *Attorneys for Defendant*
                                             *Experian Information Solutions, Inc.*




## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 26, 2020, I served the foregoing on all counsel or parties

of record via email.

                                             /s/ William R. Taylor
                                             William R. Taylor