# EXHIBIT 15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| OMAR SANTOS and AMANDA CLEMENTS on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES, and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendants. | Case No. 1:19-cv-23084-KMW |

### DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

Pursuant to Federal Rule of Civil Procedure 33, Defendant Experian Information Solutions, Inc. ("Experian") hereby provides its objections and responses to Plaintiffs Omar Santos and Amanda Clements's ("Plaintiffs") Second Set of Interrogatories ("Interrogatories").

### PRELIMINARY STATEMENT

Experian has made a diligent and good faith effort to gather the documents and information with which to respond to Plaintiffs' Interrogatories. Discovery in this matter is ongoing and Experian continues its investigation of this matter. Notwithstanding these continuing efforts, the responses to the Interrogatories are given without prejudice to and with the express reservation of Experian's right to supplement or modify its responses to the extent required by applicable law to incorporate later discovered information, and to rely upon any and all such documents at trial or otherwise. Likewise, Experian shall not be prejudiced if any of its present responses are based on an incomplete knowledge or comprehension of the facts, events,

or occurrences involved in this matter.

Experian also has responded to Plaintiffs' Interrogatories based on Experian's best, good faith understanding and interpretation of each item therein. Accordingly, if Plaintiffs subsequently assert a different interpretation than that presently understood by Experian, Experian expressly reserves the right to supplement or amend these responses.

Finally, Experian's responses herein do not constitute admissions or acknowledgments that the documents or information sought are within the proper scope of discovery. Nor shall a statement that documents will be produced constitute an admission that such documents in fact exist. Instead, it only shall mean that, if responsive documents exist and survive the specific objections, they will be produced. An objection to producing documents does not mean that documents otherwise responsive to a particular demand in fact exist.

## **OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

A) Experian objects to Plaintiffs' Definitions and Instructions on the grounds that they are overbroad and unduly burdensome to the extent they purport to require Experian to perform tasks beyond its obligations under the Federal Rules of Civil Procedure or the Local Rules of United States District Court for the Southern District of Florida ("Local Rules"). Experian will respond pursuant to its obligations under the Federal Rules of Civil Procedure and the Local Rules.

B) Experian objects to the definition of "You" and "Your" on the grounds that it is undefined. Experian will respond to Plaintiffs' Interrogatories only to the extent that the terms "You" and "Your" are interpreted to mean and include only the entity Experian Information Solutions, Inc.

C) Experian objects to Plaintiffs' instruction number 12 to the extent it purports to require Experian to perform tasks and imposes obligations beyond its obligations under the Federal

**Confidential – Subject to Protective Order.**

Rules of Civil Procedure or the Local Rules. Experian will respond and address privileged information pursuant to its obligations under the Federal Rules of Civil Procedure and the Local Rules.

D) **Time Frame.** Experian objects to Plaintiffs' Interrogatories on the ground that they are unlimited or ambiguous as to the time frame for the Interrogatories and seek documents or information beyond the applicable two-year statute of limitations. *See* 15 U.S.C. § 1681p. Such Interrogatories are thus vague, overly broad, unduly burdensome, and not proportional to the needs of the case. Unless otherwise noted, Experian will respond to these Interrogatories based on the two-year period prior to the filing of the lawsuit.

E) **Documents and Information Protected by the Attorney-Client Privilege, Work Product Doctrine, and Other Applicable Privileges**. Plaintiffs' Interrogatories do not, by their terms, exclude privileged or otherwise protected communications from the documents and/or information sought. Experian therefore objects to each Interrogatory to the extent that it seeks disclosure of any documents or information that are privileged or otherwise protected from discovery, including documents or information protected by the attorney-client privilege, the work-product doctrine, privileges applicable to any consumer, or any other applicable privilege or protection. Such material is not properly discoverable under Rules 26 and 33 of the Federal Rules of Civil Procedure. Experian's privileged communications and work product will not be included in Experian's discovery responses. The response to any Interrogatory by Experian is not intended to be and shall not be deemed a waiver of any applicable privilege.

F) **Confidential, Proprietary, or Trade Secret Information.** Plaintiffs' Interrogatories do not, by their terms, exclude confidential, proprietary, trade secret, or otherwise protected communications from the documents and/or information sought. Experian therefore objects

**Confidential – Subject to Protective Order.**

to each Interrogatory to the extent that it seeks disclosure of any documents or information that are privileged or otherwise protected from discovery.

G) Experian incorporates the foregoing Objections to Plaintiffs' Interrogatories and limitations into each of the following Specific Objections and Responses to the Interrogatories, which are made subject to and without waiver of the foregoing.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 16:**

Explain how and why the Dates of Status and First Reported Dates for the ARS Accounts on Plaintiff Omar Santos' Experian credit file/disclosure/reports changed from 07/2017 on the July 24, 2017 file/disclosure/reports to 09/2017 on the September 5, 2017 file/disclosure/reports and how and why the account history was removed.



**Confidential – Subject to Protective Order.**



**INTERROGATORY NO. 17:**

Explain how and why the Dates of Status and First Reported Dates for the ARS Accounts on Plaintiff Amanda Clements' Experian credit file/disclosure/reports changed from 07/2017 on the July 25, 2017 file/disclosure/reports to 08/2017 on the August 22, 2017 file/disclosure/reports and how and why the account history was removed.



**Confidential – Subject to Protective Order.**



**INTERROGATORY NO. 18:**

Identify all facts supporting the affirmative defenses stated in your answer.

**Confidential – Subject to Protective Order.**

██████████ **Confidential – Subject to Protective Order.** ██████████

Dated: April 29, 2020　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ William R. Taylor*
　　　　　　　　　　　　　　　　　　　　A.M. Cristina Pérez Soto
　　　　　　　　　　　　　　　　　　　　Florida Bar No. 96692
　　　　　　　　　　　　　　　　　　　　Christina T. Mastrucci
　　　　　　　　　　　　　　　　　　　　Florida Bar No. 113013
　　　　　　　　　　　　　　　　　　　　**JONES DAY**
　　　　　　　　　　　　　　　　　　　　600 Brickell Avenue, Suite 3300
　　　　　　　　　　　　　　　　　　　　Miami, Florida 33131
　　　　　　　　　　　　　　　　　　　　Telephone: (305) 714-9700
　　　　　　　　　　　　　　　　　　　　Facsimile: (305) 714-9799
　　　　　　　　　　　　　　　　　　　　E-mail: cperezsoto@jonesday.com
　　　　　　　　　　　　　　　　　　　　E-mail: cmastrucci@jonesday.com

　　　　　　　　　　　　　　　　　　　　William R. Taylor (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Alexander G. Hughes (*pro hac vice*)
　　　　　　　　　　　　　　　　　　　　**JONES DAY**
　　　　　　　　　　　　　　　　　　　　717 Texas, Suite 3300
　　　　　　　　　　　　　　　　　　　　Houston, TX  77002
　　　　　　　　　　　　　　　　　　　　Telephone: (832) 239-3939
　　　　　　　　　　　　　　　　　　　　Facsimile: (832) 239-3600
　　　　　　　　　　　　　　　　　　　　Email: wrtaylor@jonesday.com
　　　　　　　　　　　　　　　　　　　　Email: ahughes@jonesday.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　　　　*Experian Information Solutions, Inc.*

**Confidential – Subject to Protective Order.**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 29, 2020, I served the foregoing on all counsel or parties of record via email.

*/s/ William R. Taylor*
William R. Taylor

**Confidential – Subject to Protective Order.**

## **VERIFICATION**

I have read Defendant Experian Information Solutions, Inc.'s, Objections and Responses to Plaintiff's Second Set of Interrogatories, and know their contents.

I am a Compliance and Litigation Analyst employed by Experian Information Solutions, Inc. ("Experian"), a party to this action, and am authorized to make this verification for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 29, 2020, in Allen, Texas.

*Kimberly Cave*

Kimberly Cave

**Confidential – Subject to Protective Order.**