**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 19-23084-Civ-WILLIAMS/TORRES

OMAR SANTOS and AMANDA
CLEMENTS on behalf of themselves
and all others similarly situated,

      Plaintiffs,

v.

HEALTHCARE REVENUE RECOVERY
GROUP, LLC d/b/a ARS ACCOUNT
RESOLUTION SERVICES and EXPERIAN
INFORMATION SOLUTIONS, INC.,

      Defendants.
_____/

**STIPULATED PROTECTIVE ORDER**

This matter is before the Court on the parties Joint Motion for Entry of Stipulated Protective Order. [D.E. 38]. After careful review of the motion, the relevant authorities, and record, the motion is **GRANTED**.

**FURTHER ORDERED AND AJUDICATED** that:

1.    This Order shall govern the use, handling, and disclosure of all documents, testimony, or information produced or given in this action which are designated to be subject to this Order in accordance with the terms set forth below.

2.    Any party or non-party producing or filing documents or other materials in this action may designate such materials and the materials' contents subject to this Order by affixing the word "Confidential" on the materials in a manner that will not interfere with the materials' legibility.

3. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal. Any party filing any document under seal must comply with the requirements of Local Civil Rule 5.4.

4. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects, or otherwise discusses any information designated "Confidential" pursuant to this Order), shall not be used, directly or indirectly, by any person, including the other Defendants, for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

5. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to an Order of this Court, any document, transcript, or pleading given "Confidential" treatment under this Order, and any information contained therein, or derived from any such materials (including, but not limited to, all deposition testimony that refers to, reflects, or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court, the Court's officers, and jury

members; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the producing party in connection with their depositions in this action; (f) experts specifically retained as consultants or expert witnesses in connection with this litigation; and (g) the mediator selected by the parties and the mediator's staff.

6. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 5(d) and 5(f) unless he or she has first read this Order, agreed to be bound by its terms, and signed an Agreement to be Bound by Protective Order (Exhibit A).

7. All persons receiving documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential documents are disclosed are hereby enjoined from disclosing those documents or their contents to any person, except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information, or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

8. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

9. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

10. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment under this Order, including any extracts, summaries, or compilations taken therefrom, but excluding materials that in the good-faith judgment of counsel are work product materials, shall be returned to the producing party.

11. A party may object to the designation of particular Confidential information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion requesting that the Court determine whether the disputed information is subject to this Order.  If such a motion is filed within forty-five (45) days of the completion of the 10-day meet-and-confer period described above, the disputed information shall be treated as Confidential under the terms of this Order until the Court rules on the motion. If the designating

party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

12. Nothing in this Order shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts, and materials afforded confidential treatment pursuant to this Order.

13. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of November, 2020.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

OMAR SANTOS and AMANDA CLEMENTS on behalf of themselves and all others similarly situated,

   Plaintiffs,
 vs.

HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES and EXPERIAN INFORMATION SOLUTIONS, INC.,

   Defendants.
_____/

Case No 1:19-cv-23084-KMW

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

 I, _____, state that:

1.  My address is _____,

2.  My present employer is _____and the address of my present employment is _____.

3.  My present occupation or job description is _____.

4.  I have carefully read and understood the provisions of the Protective Order in this case signed by the Court, and I will comply with all provisions of the Protective Order.

5.  I will hold in confidence and not disclose to anyone not qualified under the Protective Order any Confidential material or any words, summaries, abstracts, or indices of Confidential information disclosed to me.

6.  I will limit use of Confidential material disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will return all Confidential material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____