## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## 1:19-CV-23084-WILLIAMS-TORRES

OMAR SANTOS and AMANDA )
CLEMENTS on behalf of themselves and )
all others similarly situated, )
            )
         Plaintiffs, )        CASE NO. 1:19-cv-23084-KMW
            )
       v. )
            )
HEALTHCARE REVENUE RECOVERY )
GROUP, LLC d/b/a ARS ACCOUNT )
RESOLUTION SERVICES, and )
EXPERIAN INFORMATION )
SOLUTIONS, INC., )
            )
         Defendants. )
_____ /

## MOTION OF DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC. FOR LEAVE TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT

     Defendant Experian Information Solutions, Inc., ("Experian") respectfully moves for leave to file a second motion for summary judgment, in accordance with Local Rule 7.1(c)(2).

     On March 6, 2020, Experian filed a motion for summary judgment on two preliminary issues that could have potentially disposed of the case in an efficient manner without the need for further discovery.  ECF No. 39.  First, Experian argued that Plaintiffs' two claims under the Fair Credit Reporting Act (FCRA) each require proof that an inaccurate credit report caused Plaintiffs some damage, such as the denial of credit.  *Id.* at 1-2.  And, Experian explained, discovery at that time had already established that Plaintiffs had suffered no injury from the inaccuracies they alleged.  Second, Experian argued that Plaintiffs' reinvestigation claim under 15 U.S.C. § 1681i fails for the additional reason that Plaintiffs' letters complaining about "re-aging" did not notify Experian of the inaccuracy in their consumer reports that they seek to litigate here.  *Id.*

Experian also sought a stay of discovery at that time, in light of its argument that all claims should be dismissed on the existing record.  ECF No. 41.  This Court denied the stay, however, and discovery continued.  ECF No. 49.  All discovery will close on April 5, 2021, per this Court's scheduling order.  ECF No. 54.

On March 22, 2021, this Court ruled on Experian's first summary judgment motion.  ECF No. 83.  The Court agreed with Experian that, as a matter of law, "Plaintiffs must not only establish an inaccurate credit report, but also that the report caused them harm."  *Id.* at 8, 11.  But the Court denied summary judgment in order to provide Plaintiffs with "an opportunity to conduct discovery" on whether the alleged errors in fact caused Plaintiffs harm, and on "the meaning and breadth of the term 're-aging.'"  *Id.* at 11 n.3, 12.

Discovery is now complete, and Experian respectfully seeks leave to renew its motion for summary judgment.  As the attached motion explains, after more than a year of additional discovery, Plaintiffs still have produced no evidence that they were ever denied credit or otherwise injured because of any inaccuracy in their consumer reports.  Nor have Plaintiffs provided any support for their contention that the "re-aging" allegation in their dispute letters put Experian on notice of the claims that are now being litigated here.  For these reasons and several others, summary judgment should be granted at this time.

Local Rule 7.1(c)(2), which governs the length of motions, requires parties to obtain the Court's approval prior to filing "multiple motions for partial summary judgment."  *See, e.g.*, *Romeo v. Israel*, No. 13-61411-CIV-MARRA/MATTHEWMAN, 2017 WL 11583982, at *1 (S.D. Fla. June 23, 2017) (granting motion for leave).  A key purpose of this rule is to prevent parties from using partial motions to "avoid the page limitation."  *Gannon v. IC Sys., Inc.*, No. 09–60302–

2

CIV, 2009 WL 3097202, at *1 n.2 (S.D. Fla. Sep. 23, 2009); *Novartis Consumer Health, Inc. v. Elan Transdermal Techs., Inc.*, 209 F.R.D. 507, 508 (S.D. Fla. Sep. 11, 2002).

Leave to file a second motion for summary judgment is warranted here for several reasons. *First*, Experian has a legitimate purpose for filing its second motion. As explained, lack of discovery was the Court's primary reason for denying Experian's first motion for summary judgment, and the Court's order itself anticipated that a second motion would be proper. *See* ECF No. 83 at 12 (stating that summary judgment is "unwarranted at this time"). Now that discovery is complete, the Court can consider dispositive motions based on the full record.

*Second*, this request is plainly not a procedural tactic to avoid page limits through multiple partial motions. Experian initially filed a narrow motion long before the close of discovery in an effort to conserve resources and dispose of the case expeditiously. *See Benzion v. Vivint, Inc.*, No. 12-61826-CIV-ZLOCH/HUNT, 2013 WL 12014439, at *3 (S.D. Fla. Sep. 9, 2013) (nothing that Rule 7.1(c)(2) is designed to "conserve[] judicial resources"). Although the motion was not successful, the Court's order agreed with Experian's statement of law, helping to streamline this case by clarifying the governing legal framework.

*Third*, Experian's motion will further allow this Court to conserve judicial resources by avoiding the need for trial. As the motion explains, summary judgment is warranted on multiple grounds based on the full discovery record. No costly trial is necessary.

*Fourth*, Experian's motion is otherwise procedurally proper. Experian seeks to file a single consolidated motion for summary judgment by the Court's stipulated deadline for dispositive motions—April 5, 2021. *See Romeo*, 2017 WL 11583982, at *1 (granting leave to file motion in part because "the deadline for filing summary judgment motions . . . has not yet passed").

WHEREFORE, Experian respectfully requests entry of an order granting leave to file the

3

attached motion for summary judgment.   Experian's proposed second motion for summary judgment is attached hereto as Exhibit A, and its proposed statement of material facts in support of that motion (along with corresponding exhibits) is attached hereto as Exhibit B.

## RULE 7.1(a)(3) CERTIFICATE OF CONFERENCE

The undersigned counsel certifies that on April 5, 2021, counsel for Experian conferred with counsel for Plaintiffs in a good faith effort to resolve the issues raised in this motion.  Counsel for Plaintiffs stated that Plaintiffs oppose Experian's requested relief.  Counsel for co-defendant Healthcare Revenue Recovery Group, LLC does not oppose Experian's requested relief.

*/s/ A. M. Cristina Pérez Soto*
A.M. Cristina Pérez Soto

Dated: April 5, 2021                    Respectfully submitted,


                                        */s/ A.M. Cristina Pérez Soto*
                                        A.M. Cristina Pérez Soto
                                        Fla. Bar No. 096692
                                        Christina Mastrucci Lehn
                                        Fla. Bar No. 113013
                                        **JONES DAY**
                                        600 Brickell Avenue, Suite 3300
                                        Miami, Florida 33131
                                        Telephone: (305) 714-9700
                                        Facsimile: (305) 714-9799
                                        E-mail: cperezsoto@jonesday.com
                                        Email: cmlehn@jonesday.com

                                        William R. Taylor (*pro hac vice*)
                                        **JONES DAY**
                                        717 Texas, Suite 3300
                                        Houston, TX  77002
                                        Telephone: (832) 239-3939
                                        Facsimile: (832) 239-3600
                                        Email: wrtaylor@jonesday.com

                                        John A. Vogt (*pro hac vice*)
                                        **JONES DAY**
                                        3161 Michelson Drive, Suite 800
                                        Irvine, CA 92612-4408
                                        (949) 851-3939
                                        javogt@jonesday.com

                                        *Attorneys for Defendant*
                                        *Experian Information Solutions, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 5, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record.

*/s/ A.M. Cristina Pérez Soto*
A.M. Cristina Pérez Soto
