# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| OMAR SANTOS and AMANDA CLEMENTS on behalf of themselves and all others similarly situated, | Case No 1:19-cv-23084-KMW |
| Plaintiffs, | |
| vs. | |
| HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES and EXPERIAN INFORMATION SOLUTIONS, INC., | |
| Defendants. _____/ | |

## PLAINTIFFS' MOTION TO STRIKE DEFENDANT HEALTHCARE REVENUE RECOVERY GROUP LLC'S SUPPLEMENTAL STATEMENT OF MATERIAL FACTS

Plaintiffs Omar Santos and Amanda Clements, on behalf of themselves and all others similarly situated (hereinafter "Plaintiffs"), respectfully request that the Court strike the improperly filed "Supplemental Statement of Material Facts in Support of Motion for Summary Judgment" **(D.E. 88)** filed by Defendant Healthcare Revenue Recovery Group LLC d/b/a ARS Account Resolution Services ("ARS"), and in support thereof assert:

1.  On September 14, 2020, ARS filed its motion for summary judgment and separate statement of material facts. **(DE 59 & 60.)**

2.  On September 28, 2020, Plaintiffs filed their opposition to ARS's motion for summary judgment and responded with their statement of disputed and additional facts. **(DE 64 & 65.)**

1

3. On October 5, 2020, ARS filed its reply brief in support of its motion for summary judgment. **(DE 69.)**

4. Accordingly, briefing on ARS's motion for summary judgment closed on October 5, 2020.

5. On April 5, 2021, however, ARS filed a so-called "Supplemental Statement of Material Facts in Support of Motion for Summary Judgment." **(DE 88.)**

6. ARS' "supplemental" submission is an unauthorized filing and improper attempt to circumvent the rule that a party may only file one motion for summary judgment. For every motion, Local Rule 7.1 provides for a brief, an opposition, and a reply—and nothing further. For summary judgment motions, Local Rule 56.1 provides for a Statement of Material Fact to accompany the brief, the opposition, and the reply. Nowhere is a free-floating "supplemental" statement of material facts authorized. ARS's filing is therefore improper.

7. ARS elected to file its motion for summary judgment before the close of discovery. ARS, not Plaintiffs, chose the timing of its motion for summary judgment. ARS cannot now have a "do over" and reopen its fully briefed motion for summary judgment with the filing of a "supplemental statement of material facts."

8. Beyond a motion, response, and reply, Local Rule 7.1 clearly states that "[n]o further or additional memoranda of law shall be filed and served without prior leave of Court. **All materials in support of any motion, response, or reply, including affidavits and declarations, shall be served with the filing**." *Id.* (emphasis added); *see also Gyptec, S.A. v. Hakim-Daccach*, No. 16-20810-MC, 2017 WL 10978837, at *4 (S.D. Fla. June 27, 2017) (striking affidavit filed after close of briefing).

9.      In addition, the Local Rule pertaining to summary judgment provides that when "a party files and serves any Statement of Material Facts that does not comply with this rule, then the Court may strike the Statement, require immediate compliance, grant relief to any opposing party for any prejudice arising from a non-complaint statement or response, or enter other sanctions that the Court deems appropriate." S.D. Fla. L.R. Rule 56.1(d). ARS's free-floating "supplemental" separate statement, untethered to any authorized briefing, does not comply with the requirements of Local Rule 56.1.

10.     ARS's decision to file its summary judgment before the close of discovery and then attempt a do-over through this unauthorized filing is even more perplexing given the repeated reminders issued by this Court regarding the requirements of the Local Rules. In its March 25, 2020 Order denying Defendant Experian Information Solutions, Inc.'s motion to stay, the Court clearly stated: "The Court reminds Defendant that under Local Rule 7.1, '[f]iling and service of multiple motions for partial summary judgment is prohibited, absent prior permission of the Court.'" **(DE 49** (quoting Local Rule 7.1)**.)** Nevertheless, ARS chose to file its motion for summary judgment on September 14, 2020, months before fact discovery was completed. Additionally, in its March 23, 2021 Order denying Experian's motion for summary judgment, the Court reminded the parties again that "Local Rule 7.1(c) authorizes only opposing and reply briefs. The rule also makes clear that '[n]o further or additional memoranda of law shall be filed and served without prior leave of Court.'" **(DE 83** (quoting Local Rule 7.1)**.)** *See also Tracfone Wireless, Inc. v. Unlimited PCS, Inc.*, No. 12-20013-CIV, 2012 WL 12996615, at *1 (S.D. Fla. Mar. 14, 2012) (striking unauthorized supplemental filing pursuant to L.R. 7.1); *Burger v. Hartley*, No. 11-62037-CIV, 2012 WL 12837901, at *1 (S.D. Fla. Aug. 30, 2012) (striking unauthorized surreply); *Khattab v. Morehouse Sch. of Med.*, No. CIV.A.107CV196RWSLTW, 2009 WL

1513172, at *2 (N.D. Ga. May 28, 2009) (upholding Magistrate Judge's order striking unauthorized sur-replies).

11. Because ARS's filing constitutes a flagrant violation of the Local Rules and this Court's Orders, Plaintiffs respectfully request that the Court strike ARS's "Supplemental Statement of Material Facts."

## Certificate of Compliance with Local Rule 7.1(a)(3)

Counsel for Plaintiffs certifies that he has conferred with Counsel for HRRG, which opposes this motion.

Dated: April 7, 2021

Respectfully submitted,

*/s/ Peter Prieto*
Peter Prieto (FBN 501492)
pprieto@podhurst.com
Alissa Del Riego (FBN 99742)
adelriego@podhurst.com
**PODHURST ORSECK, P.A.**
SunTrust International Center
One S.E. 3rd Avenue, Suite 2300
Miami, Florida 33131

Roland Tellis (*admitted pro hac vice*)
rtellis@baronbudd.com
Jonas P. Mann (*admitted pro hac vice*)
jmann@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, California 91436


Dennis McCarty (*admitted pro hac vice*)
dennismccartylaw@gmail.com
Jonathan Raburn (*admitted pro hac vice*)
jonathan@geauxlaw.com
McCARTY & RABURN PLLC
2931 Ridge Road, Suite 101 #504
Rockwall, Texas 75032

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on April 7, 2021 via the Court Clerk's CM/ECF system which will provide notice to all parties' counsel of record by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may also access this filing through the Court's CM/ECF System.

*/s/ Peter Prieto*

Peter Prieto (FBN 501492)