UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| OMAR SANTOS and AMANDA CLEMENTS on behalf of themselves and all others similarly situated, | Case No 1:19-cv-23084-KMW |
| Plaintiffs, | |
| vs. | |
| HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES and EXPERIAN INFORMATION SOLUTIONS, INC., | |
| Defendants._____/ | |

**PLAINTIFFS' OPPOSITION TO
DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR
LEAVE TO FILE MULTIPLE MOTIONS FOR SUMMARY JUDGMENT**

Plaintiffs Omar Santos and Amanda Clements, on behalf of themselves and all others similarly situated (hereinafter "Plaintiffs"), oppose the motion of Experian Information Solutions, Inc. to file multiple motions for summary judgment (ECF No. 92).

When Experian made the strategic choice to file its first motion for summary judgment more than a year ago, well before discovery was complete, the Court warned Experian that the Local Rules forbid multiple motions for summary judgment. Specifically, the Order denying Experian's request to halt discovery pending its first motion for summary judgment included the following unequivocal guidance: "The Court reminds Defendant that under Local Rule 7.1, '[f]iling and service of multiple motions for partial summary judgment is prohibited, absent prior permission of the Court.'" (ECF No. 49.) Disregarding the Court's warning, Experian plowed ahead, forcing the parties and the Court to expend resources addressing its motion, which the Court ultimately denied. Now that discovery is complete, however, Experian seeks a do over. This is

exactly what the Court warned against more than a year ago. And remarkably, Experian makes no mention whatsoever of the Court's prior guidance.

There is no valid reason to excuse Experian's flagrant disregard of this District's Local Rules and permit it to burden the parties and the Court with additional motions for summary judgment. "[T]he prohibition against filing more than one motion protects the parties opposing the motion for summary judgment from defending against multiple motions, conserves judicial resources and assists in streamlining the litigation process such that a resolution may be reached more expeditiously." *Benzion v. Vivint, Inc.*, No. 12-61826-CIV, 2013 WL 12014439, at *3 (S.D. Fla. Sept. 9, 2013). These objectives would be undermined by permitting parties to first litigate an unsuccessful motion early in discovery and then re-litigate it after discovery is complete, which is exactly what Experian seeks to do here. Experian's first motion should not be treated as a test run.

Nor has there been any unexpected development that warrants excusing Experian from its strategic choice to move for summary judgment when it did. Experian was well aware when it filed its first motion that discovery was far from complete and that the Local Rules prohibit successive motions. Indeed, it even filed a motion to halt discovery (ECF No. 41), the denial of which led the Court to remind Experian that its premature motion for summary judgment would foreclose subsequent motions under the Local Rules. (ECF No. 49). But it chose to proceed anyway. When faced with indistinguishable circumstances, another Court in this District denied a request just like Experian's to file a successive motion for summary judgment, reasoning:

> The local rules provide parties with a single opportunity to file a motion for summary judgment in order to dispose of all or part of a complaint or counterclaim. Plaintiff was placed on notice upon the filing of its first motion for partial summary judgment that its filing may have been precipitous. Plaintiff's decision to maintain that ultimately unsuccessful motion obliged Defendant and the Court to

> devote time and energy in responding to and adjudicating Plaintiff's motion. The bar imposed by the local rules, in part, protects the party opposing summary judgment and conserves judicial resources by preventing Plaintiff from filing a second (or third or fourth) motion for partial summary judgment. Plaintiff's motion for leave to file a second motion for partial summary judgment-in addition to avoiding any mention of the Court's earlier order requiring response-does not show cause why this bar should not operate in this case.

*William Island Synagogue, Inc. v. City of Aventura*, No. 04-20257-CIV, 2004 WL 2504633, at *2 (S.D. Fla. Nov. 2, 2004).[1]

The same reasoning applies here. As in *William Island Synagogue*, Experian's decision to maintain its unsuccessful prior motion obliged Plaintiffs "and the Court to devote time and energy in responding to and adjudicating [Experian's] motion." *Id.* Permitting Experian to file another motion now would likewise frustrate the purpose of the Local Rule to "to spare the parties and Court the significant expenditure of resources that are involved in the presentment of a fully briefed motion and its resolution." *Montgomery v. Great Am. Assurance Co.*, No. 12-20503-CV, 2013 WL 12093808, at *4 (S.D. Fla. Mar. 5, 2013).

---

[1] *Mackenzie-Wharton v. United Airlines, Inc.*, No. 8:15-cv-114-17MAP, 2016 WL 5346948, at *8 (M.D. Fla. Sept. 23, 2016) ("Successive motions for summary judgment promote piecemeal adjudication and erode judicial economy. As a result, this Court specifically prohibits multiple motions for summary judgment. That prohibition is unquestionably within this Court's inherent power." (citation omitted)); *Sanders v. York*, 2008 WL 1925232, *4 (E.D. Cal. Apr. 30, 2008) ("The court will not allow defendants another 'bite at the apple' to file a second summary judgment motion addressing the merits of the remaining claims ... as it would waste court resources and delay resolution of this action"); *McCabe v. Bailey*, 2008 WL 1818527, *1 (N.D. Iowa Apr. 4, 2008) (enforcing "one-summary-judgment-motion-per-party" rule "to conserve scarce judicial resources, prevent repetitive motions and forestall potential abuse"); *Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004) (explaining that courts do "not approve in general the piecemeal consideration of successive motions for summary judgment because parties ought to be held to the requirement that they present their strongest case for summary judgment when the matter is first raised") (citations omitted).

Nor does anything in the Court's Order denying Experian's motion for summary judgment support its current request.  Contrary to Experian's blatant misreading of the Order, the Court did not merely "provide Plaintiffs" an opportunity to conduct discovery.  (ECF No. 92 at 2.)  Rather, the Court concluded, based on the evidence already collected, that it "cannot find that there is no genuine issue of material fact as to whether inaccurate credit reports caused Plaintiffs" harm.  (ECF No. 83 at 10.)  There is no valid reason for Experian to take another "bite at the apple" and litigate the same issue yet again, as it seeks to do with its second motion.

And if Experian wished to move for summary judgment on the other issues addressed in its second motion, it could have either raised them in the first motion or waited until discovery was complete to seek summary judgment.  Instead, it made the strategic choice to file its unsuccessful motion more than a year before discovery was complete.  Neither the Court nor Plaintiffs should be burdened with another round of summary judgment briefing now that Experian is dissatisfied with its own strategy.

Accordingly, Plaintiffs respectfully request that the Court deny Experian's motion for leave to file multiple motions for summary judgment.

Dated: April 9, 2021

Respectfully submitted,

*/s/ Peter Prieto*
Peter Prieto (FBN 501492)
pprieto@podhurst.com
Alissa Del Riego (FBN 99742)
adelriego@podhurst.com
**PODHURST ORSECK, P.A.**
SunTrust International Center
One S.E. 3rd Avenue, Suite 2300
Miami, Florida  33131

Roland Tellis (*admitted pro hac vice*)
rtellis@baronbudd.com
Jonas P. Mann (*admitted pro hac vice*)

4

jmann@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, California 91436

Dennis McCarty (*admitted pro hac vice*)
dennismccartylaw@gmail.com
Jonathan Raburn (*admitted pro hac vice*)
jonathan@geauxlaw.com
McCARTY & RABURN PLLC
2931 Ridge Road, Suite 101 #504
Rockwall, Texas 75032

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on April 9, 2021 via the Court Clerk's CM/ECF system which will provide notice to all parties' counsel of record by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may also access this filing through the Court's CM/ECF System.

*/s/ Peter Prieto*

Peter Prieto (FBN 501492)