**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

OMAR SANTOS and AMANDA CLEMENTS     Case No 1:19-cv-23084-KMW
on behalf of themselves and all others similarly
situated,

        Plaintiffs,

    vs.

HEALTHCARE REVENUE RECOVERY
GROUP, LLC d/b/a ARS ACCOUNT
RESOLUTION SERVICES and EXPERIAN
INFORMATION SOLUTIONS, INC.,

        Defendants.

_____/

**PLAINTIFFS' OPPOSITION TO THE MOTION OF DEFENDANT ARS FOR LEAVE**
**TO FILE OUT OF TIME ITS SUPPLEMENTAL STATEMENT OF MATERIAL FACTS**
**AND FOR LEAVE TO EXCEED TEN PAGE LIMIT OUT OF TIME**

Plaintiffs Omar Santos and Amanda Clements, on behalf of themselves and all others

similarly situated (hereinafter "Plaintiffs"), respectfully request that the Court deny the Motion of

Defendant Healthcare Revenue Recovery Group LLC d/b/a ARS Account Resolution Services

("ARS") for Leave to File out of Time its Supplemental Statement of Material Facts in Support of

Motion for Summary Judgment and its Motion for Leave to Exceed Ten Page Limit Out of Time.

The relief requested would not cure the deficiencies in the filing of a Supplemental

Statement of Material Facts. ARS's motion addresses the *timeliness* of the filing but not the

propriety of supplementing a motion for summary judgment it elected to file well before discovery

was complete. It is yet another attempt by ARS to make an end-run around the rules. ARS wants

to focus on the day the "supplemental statement" was filed, not whether the filing was permissible

in the first place.

The Court expressly alerted Defendants to this District's Local Rules prohibiting multiple motions for summary judgment *and* unauthorized supplemental filings. ARS knew the risks of filing an early motion before the completion of discovery. And ARS knew it needed to request leave to file supplemental materials in support of a motion for summary judgment. The Court should not reward ARS' refusal to heed the Local Rules and this Court's guidance with supplemental briefing now.

On September 14, 2020, ARS filed its motion for summary judgment and separate statement of material facts. **[DE 59 & 60.]** On September 28, 2020, Plaintiff filed their opposition to ARS's motion for summary judgment and responded with their statement of disputed and additional facts. **[DE 64 & 65.]** On October 5, 2020, ARS filed its reply brief in support of its motion for summary judgment. **[DE 69-74]**. Accordingly, briefing on ARS's motion for summary judgment has been closed for six months.

On April 5, 2021, ARS filed a so-called "Supplemental Statement of Material Facts in Support of Motion for Summary Judgment." **[DE 88.]** ARS did not seek leave to file additional materials in support of its Motion for Summary Judgment. Accordingly, ARS' Supplemental Statement of Material Facts is improperly filed.

On April 7, 2021, ARS filed a motion for leave to file out of time its Supplemental Statement of Material Facts and to exceed the ten-page limit. **[DE 94.]** But the instant motion would not cure the core defects of the Supplemental Statement of Material Facts—it is an unauthorized filing to begin with and it was submitted without any briefing.

Local Rule 7.1 makes clear that after the opposition and reply to a motion are filed, "No further or additional memoranda of law shall be filed and served without prior leave of Court. All materials in support of any motion, response, or reply, including affidavits and declarations, shall

be served with the filing." S.D. Fla. L.R. 7.1(c). In its March 23, 2021 order denying Experian's motion for summary judgment, the Court reminded the parties again that "Local Rule 7.1(c) authorizes only opposing and reply briefs. The rule also makes clear that '[n]o further or additional memoranda of law shall be filed and served without prior leave of Court.'" **[D.E. 83 at 8 n.2.]** ARS has neither requested nor received leave to file a sur-reply, and it has not demonstrated why it should be allowed to file an additional, excessively long, free floating "Supplemental" Statement of Material Fact now that briefing has been closed for more than six months.

In support of its motion, ARS states that depositions occurred after ARS filed it motion for summary judgment. But ARS knew that would occur when it filed its motion for summary judgment well before discovery closed, a fact that it fails to address. ARS, not Plaintiffs, chose the timing of its motion for summary judgment. Indeed, ARS chose the timing of its motion even after it was reminded by this Court that a party may only file a single motion for summary judgment. In its March 25, 2020, order denying Defendant Experian Information Solutions, Inc.'s motion to stay, the Court clearly stated "[t]he Court reminds Defendant that under Local Rule 7.1, "[f]iling and service of multiple motions for partial summary judgment is prohibited, absent prior permission of the Court." **[DE 49.]** There is no reason to give ARS a "do over" now and reopen its fully briefed motion for summary judgment with the filing of a "Supplemental Statement of Material Facts."

ARS itself also undermines the basis for the relief it requests. ARS argues that "there is no danger of prejudice to any party by a limited reopening of the briefing as to ARS's Motion for Summary Judgment since the Supplemental SOMF contains no new or surprising information or evidence." (Motion at p.4.) If there is no "new or surprising information or evidence," why does ARS need to file a supplemental statement? Either ARS's supplemental statement contains no new

evidence beyond its initial submission and thus is duplicative and unnecessary, or it does contain new evidence and is prejudicial. Either way, the supplemental statement should not be permitted.

To the extent "new" evidence was uncovered, it is only because ARS elected to file its motion early, despite all warnings to the contrary. *See Marajh v. Broadspire Servs., Inc.*, No. 07-60975-CIV-ZLOCH, 2008 WL 5063870, at *11 (S.D. Fla. Nov. 21, 2008) (denying request to supplement evidence when request was made after deadline for dispositive motions and party filed motion for summary judgment while discovery requests were pending). ARS is not entitled to file its motion prematurely and then endlessly "update" it as the case moves along. "'Summary judgment was not intended…to be a bomb planted within the litigation at its early stages and exploded' on future review." *Wallace v. NCL (Bahamas) Ltd.*, 891 F. Supp. 2d 1334, 1336 (S.D. Fla. 2012) (quoting *Holley v. Northrop Worldwide Aircraft Servs.*, 835 F.2d 1375, 1377 (11th Cir.1988)).

Despite the clear rules setting forth the requirements for and limitations on motions and admonishments from this Court, ARS filed an unauthorized separate statement in an effort to get around its strategic choice to prematurely file its motion for summary judgment. The Court should not reward this behavior and ARS's motion should be denied.

Dated: April 13, 2021                          Respectfully submitted,

                                               */s/ Peter Prieto*
                                               Peter Prieto (FBN 501492)
                                               pprieto@podhurst.com
                                               Alissa Del Riego (FBN 99742)
                                               adelriego@podhurst.com
                                               **PODHURST  ORSECK, P.A.**
                                               SunTrust International Center
                                               One S.E. 3rd Avenue, Suite 2300
                                               Miami, Florida  33131

                                               Roland Tellis (*admitted pro hac vice*)

4

rtellis@baronbudd.com
Jonas P. Mann (*admitted pro hac vice*)
jmann@baronbudd.com
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, California  91436


Dennis McCarty (*admitted pro hac vice*)
dennismccartylaw@gmail.com
Jonathan Raburn (*admitted pro hac vice*)
jonathan@geauxlaw.com
McCARTY & RABURN PLLC
2931 Ridge Road, Suite 101 #504
Rockwall, Texas  75032

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on April 13, 2021 via the Court Clerk's CM/ECF system which will provide notice to all parties' counsel of record by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may also access this filing through the Court's CM/ECF System.