UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 19-23084-CIV-WILLIAMS

OMAR SANTOS, *et al.*,

    Plaintiffs,

vs.

HEALTHCARE REVENUE
RECOVERY GROUP, LLC, *et al.*,

    Defendants.

_____/

## ORDER

**THIS MATTER** is before the Court on Defendant Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services' ("ARS") motion for leave to file out of time its supplemental statement of material facts in support of its motion for summary judgment and its motion for leave to exceed ten page limit out, also filed out of time. (DE 94). Plaintiffs filed a response in opposition (DE 99) and ARS filed a reply (102). Also before the Court is Defendant Experian Information Solutions, Inc.'s ("Experian") motion for leave to file a second motion for summary judgment. (DE 92). Plaintiffs filed a response in opposition (DE 95) and Experian filed a reply (DE 100). For the reasons set forth below, ARS and Experian's motions are denied.

In its motion, ARS requests leave to file a supplemental statement of material facts in support of its motion for summary judgment and leave to exceed the 10 page limit with the supplemental statement of material facts. (DE 94). By way of background, ARS submitted its motion for summary judgment, along with its statement of material facts, on September 14, 2020. (DE 59; DE 60). Plaintiffs filed their response to the motion and

response to the statement of facts on September 28, 2020. (DE 64; DE 65). And, ARS submitted its reply to each on October 5, 2020. (DE 69; DE 70). At the time ARS submitted its motion for summary judgment, discovery was not yet complete in this case. Indeed, even the Court's first expert discovery deadline set in the Amended Scheduling Order— Plaintiffs' deadline to disclose experts, expert witness summaries and reports—had not passed. (DE 54). The deadline for Plaintiffs to disclose experts was set for December 7, 2020, the deadline for Defendants was set for January 4, 2021, and the deadline for the Parties to exchange rebuttal expert witness summaries and reports was set for February 8, 2021. *Id.* Pursuant to the Amended Scheduling Order, the Parties were permitted to engage in discovery until April 5, 2021. *Id.* Still, ARS decided to file its motion for summary judgment more than 200 days before the discovery deadline.[1]

Now, ARS seeks leave to file a supplemental statement of material facts—and, in excess of the 10 page limitation on statements of material facts that are contemporaneously filed and served with the motion for summary judgment—because "ARS determined that a significant amount of the testimony in the eleven (11) depositions conducted from November 2020 to February 4, 2021 supports ARS's [motion for summary judgment], so much so that the approximately one hundred twenty (120) citations to that testimony exceed (10) pages." (DE 94). While ARS' motion demonstrates the import of discovery in a motion for summary judgment, ARS does not establish why it should be permitted to file a second statement of material facts (which would require additional briefing from Plaintiffs) after it has already submitted a fully briefed motion for

---

[1] The Court also notes that in an earlier Order denying Defendant Experian's motion for partial stay of discovery pending a ruling on Experian's motion for summary judgment, the Court made clear that under Local Rule 7.1, "[f]ilings and service of multiple motions for partial summary judgment is prohibited, absent prior permission of the Court." (DE 49).

2

summary judgment. ARS made the decision to submit its motion for summary judgment well in advance of the discovery deadline in this matter, and cannot now circumvent the prohibition on filing multiple motions for summary judgment with a "supplemental statement of material facts" in excess of the 10 page limitation imposed on statements of material facts filed contemporaneously with the motion for summary judgment. *See* Local Rule 7.1(c)(2); *see also Marajh v. Broadspire Servs., Inc.*[2], No. 07-60975-CIV-ZLOCH, 2008 WL 5063870, at *11 (S.D. Fla. Nov. 21, 2008) (denying motions for leave to supplement motion for summary judgment, explaining "[p]laintiff cannot argue now that his then-pending discovery requests are integral to the successful prosecution of this action."); *William Island Synagogue, Inc. v. City of Aventura*, No. 04-20257-CIV-BENAGES, 2004 WL 2504633, at *2 (S.D. Fla. Nov. 2, 2004) ("The bar imposed by the local rules, in part, protects the party opposing summary judgment and conserves judicial resources by preventing Plaintiff from filing a second (or third or fourth) motion for partial summary judgment.").

ARS acknowledges in its reply that it filed its motion for summary judgment several months before the close of discovery, but argues that while it "certainly expected more discovery to be conducted at the time it filed its [motion for summary judgment] and [statement of material facts], it did not 'know' and could not have anticipated that would mean ten (10) Experian depositions, two of which were additional Rule 30(b)(6) depositions, and one (1) non-party deposition; and by no means could ARS have

---

[2] ARS argues that this case differs from *Marajh* because while in *Marajh* discovery requests were pending at the time the motion for summary judgment was filed, here, ARS had no pending discovery requests or depositions to be conducted when it filed its motion for summary judgment and statement of material facts. In light of the extensive discovery period still pending at the time ARS filed its motion, the Court finds this argument unpersuasive.

predicted that so much of the non-party witness's testimony or the Experian witnesses' testimony in the later depositions would bolster the previous testimony of the ARS and Experian corporate representatives or would constitute additional undisputed record evidence to support ARS's [motion for summary judgment]." (DE 102). ARS' argument would be well taken if it filed its motion for summary judgment near the close of discovery. However, as stated, ARS filed its motion more than 200 days before the discovery deadline in this matter, and more than two months before Plaintiffs' deadline to disclose expert summaries and reports. Consequently, the fact that ARS for some reason did not anticipate the volume of discovery in this matter is not a sufficient basis to now allow ARS to file an additional statement of material facts. Accordingly, ARS' motion for leave to file out of time its supplemental statement of material facts in excess of the page limitation is denied.

For these same reasons, Defendant Experian's motion for leave to file a second motion for summary judgment is denied. The Court reminded Experian in the Order denying its motion for partial stay of discovery that under Local Rule 7.1, "[f]ilings and service of multiple motions for partial summary judgment is prohibited, absent prior permission of the Court." (DE 49). Still, Experian chose to proceed with its motion for summary judgment—filed even more in advance of the discovery deadline than ARS' motion—which the Court ultimately denied. (DE 83). Experian is correct that its motion for summary judgment could not be granted, in part, because of the posture of the case and in light of Plaintiffs' testimony in the record. *See* (DE 83) ("Given that Experian's motion was filed before either party was required to produce expert reports, and well in advance of the discovery deadlines, it is clear that Plaintiffs did not have the benefit of

4

discovery before submitting their response to the motion."); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

However, Experian—having made a strategic decision to file its motion for summary judgment before discovery had been meaningfully conducted—cannot now take a second bite at the apple. The fact that this case did proceed with discovery does not establish good cause to permit Experian to file another motion for summary judgment, particularly in light of the Court's reminder in the March 25, 2020 Order regarding Local Rule 7.1's prohibition on the filing and service of multiple motions for partial summary judgment. (DE 49). And while the Court recognizes that Experian has requested leave, as required, that fact is not the sine qua non for granting the request. Indeed, granting Experian's motion would suggest that a party may file a motion for summary judgment at the beginning of discovery, and, if unsuccessful, file a second motion for summary judgment at the close of discovery. As discussed, this runs counter to the Local Rules, "which provide parties with a single opportunity to file a motion for summary judgment in order to dispose of all or part of a complaint or counterclaim." *William Island Synagogue, Inc. v. City of Aventura*, No. 04-20257-CIV-BENAGES, 2004 WL 2504633, at *2 (S.D. Fla. Nov. 2, 2004) ("Plaintiff's decision to maintain that ultimately unsuccessful motion obliged Defendant and the Court to devote time and energy in responding to and adjudicating Plaintiff's motion.").

Accordingly, based on a review of the motions, record, and applicable case law it is **ORDERED AND ADJUGED** as follows:

1) ARS' motion for leave to file a supplemental statement of material facts (DE 94) is **DENIED**.

2) Experian's motion for leave to file a second motion for summary judgment (DE 92) is **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida, this 12th day of May, 2021.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE