**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 19-23084-CIV-WILLIAMS**

OMAR SANTOS, *et al.*,

    Plaintiffs,

vs.

HEALTHCARE REVENUE
RECOVERY GROUP, LLC, *et al.*,

    Defendants.

_____/

## ORDER

**THIS MATTER** is before the Court on the motion for summary judgment ("***Motion***") filed by Defendant Healthcare Revenue Recovery Group, LLC, d/b/a Account Resolution Services ("***ARS***"). (DE 59.) Plaintiffs filed a response in opposition and ARS replied. (DE 64; DE 68.) For the reasons set forth below, ARS's motion is **DENIED**.

I.   **BACKGROUND**

Plaintiffs Omar Santos and Amanda Clements ("***Plaintiffs***") bring this putative class action lawsuit under Sections 1681e, 1681i, and 1681s-2(b) of the Fair Credit Reporting Act ("***FCRA***"), codified at 15 U.S.C. §§ 1681e, 1681i, 1681s-2(b). (DE 1 at ¶ 2.) Plaintiffs allege that Defendants ARS and Experian Information Solutions, Inc. ("***Experian***") (collectively, "***Defendants***") "violated the [FCRA] . . . by willfully breaching its duty to investigate inaccurate and incomplete information contained in Plaintiffs' credit reports." (DE 64 at 2.) Specifically, Plaintiffs allege that Experian "engaged in the unlawful practice of altering delinquency-related dates in [Plaintiffs'] credit file[s] or report[s] to make [their] debts appear more recent than they actually are." (DE 44 at 2.) Plaintiffs claim that, after they "disputed the inaccuracy of their credit reports through Experian," ARS failed to conduct an "investigation of the disputes as required by the FCRA, and, instead, simply verified the account information it had already reported to Experian." (DE 64 at 4.) Plaintiffs state that had

ARS "adequately investigated the disputes that Plaintiffs initiated and fully responded to Experian, the error on Plaintiffs' credit reports would have been corrected." (*Id.*) Plaintiffs claim that, *inter alia*, ARS breached its duty to "report [] account history accurately and to reasonably investigate Plaintiffs' disputes when [Plaintiffs] informed Experian and [ARS] that their accounts had been re-aged." (*Id.*)

On September 14, 2020, ARS filed a motion for summary judgment along with a statement of material facts. (DE 59; DE 60.) ARS sought summary judgment on each of Plaintiffs' claims, asserting that Plaintiffs "failed to create any genuine issue as to the reasonableness of ARS's investigation, or the accuracy of the information furnished by ARS to [] credit reporting agencies . . ., including Experian." (DE 59 at 5.) However, ARS filed its motion for summary judgment **more than 200 days before the discovery deadline**; the Court's Amended Scheduling Order permitted the Parties to engage in discovery until April 5, 2021. (DE 54.) Further, even the Court's first expert discovery deadline set in the Amended Scheduling Order—Plaintiffs' deadline to disclose experts, expert witness summaries, and reports—had not passed when ARS filed the Motion. (*Id.*) The deadline for Plaintiffs to disclose experts was December 7, 2020; the corresponding deadline for Defendants' experts was January 4, 2021; and the deadline for the Parties to exchange rebuttal expert witness summaries and reports was February 8, 2021. (*Id.*)

On September 28, 2020, Plaintiffs filed their response to the Motion and ARS's statement of material facts. (DE 64; DE 65.) Plaintiffs argue in part that the Court should deny the Motion because it "rests on disputed issues of material fact . . . and an incomplete record—discovery in this matter does not close until April 2021." (DE 64 at 2.) On October 5, 2020, ARS replied to each of Plaintiffs' responses. (DE 69; DE 70.) Regarding discovery, ARS states that "[a]ny additional discovery regarding the impact of account dates on credit reporting and how third parties view credit reports would not involve ARS; all the evidence as to the dates that impact the reporting of collection accounts is already in the record." (DE 69 at 11.)

On April 7, 2021, ARS filed a motion for leave to file out of time a supplemental statement of material facts in support of its motion for summary judgment and a motion for leave to exceed the 10-page limit for statements of material facts ("**Motion for Leave**"). (DE 94.) In the Motion for Leave, ARS states that Plaintiffs deposed ten Experian witnesses and one non-party witness between November 2020 and February 2021—*after* ARS filed its motion for summary judgment but *before* the discovery deadline. (*Id.* at ¶¶ 5-7.) ARS stated that "a significant amount of the testimony in the eleven (11) depositions conducted from November 2020 to February 4, 2021 supports ARS's [Motion]," and therefore, it should be permitted to file an out-of-time supplemental statement of material facts that exceeds the 10-page limit set forth in Rule 56.1 of the Local Rules for the Southern District of Florida. (*Id.* at ¶¶ 8, 12.) After acknowledging that it filed its motion for summary judgment months before the discovery deadline, ARS stated that "it did not 'know' and could not have anticipated" both the volume and content of subsequent discovery after it filed the Motion. (DE 112 at 3-4; *see also* DE 102.)

On May 12, 2021, the Court denied the Motion for Leave. (DE 112.) The Court noted that "ARS made the decision not submit its motion for summary judgment well in advance of the discovery deadline in this matter, and cannot now circumvent the prohibition on filing multiple motions for summary judgment with a 'supplemental statement of material facts' in excess of the 10 page limitation imposed on statements of material facts . . . ." (*Id.* at 3.) The Court determined that "the fact that ARS for some reason did not anticipate the volume of discovery in this matter is not a sufficient basis to now allow ARS to file an additional statement of material facts." (*Id.* at 4.) ARS's motion for summary judgment (DE 59) is now before the Court.

II. **STANDARD OF REVIEW**

Under Rule 56(a) of the Federal Rules of Civil Procedure, "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "Only disputes over facts that might affect the outcome of the suit under the governing [substantive] law will properly preclude the entry of

summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Such a dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In determining whether to grant summary judgment, courts consider evidence in the record, including "depositions, documents, electronically stored information, affidavits or declarations, stipultions . . ., admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1)(A). Courts "must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party . . . and must resolve all reasonable doubts about the facts in favor of the non-movant." *Rioux v. City of Atlanta*, 520 F.3d 1269, 1274 (11th Cir. 2008) (quotation marks and citations omitted).

III. **DISCUSSION**

Rule 56(c) of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "It is well settled that 'summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery.'" *Aparicio v. Creative Glass Prods., Inc.*, No. 2:14-CV-467-FTM-38DNF, 2015 WL 164200, at *3 (M.D. Fla. Jan. 13, 2015) (quoting *Snook v. Trust Co. of Ga. Bank*, 859 F.2d 865, 870 (11th Cir. 1988)); *see also City of Miami Gardens v. Wells Fargo & Co.*, 931 F.3d 1274, 1286 ("[S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery . . . [and] the party opposing the motion for summary judgment bears the burden of calling to the district court's attention any outstanding discovery.") (citations and quotations omitted); *Blumel v. Mylander*, 919 F. Supp. 423, 428 (M.D. Fla. 1996) ("[D]istrict courts should not grant summary judgment until the non-movant has had an adequate opportunity for discovery.").

The Court finds that Plaintiffs lacked an adequate and "meaningful opportunity to develop the facts through discovery," *Aparicio*, 2015 WL 164200, at *3, when ARS filed its motion for summary judgment. First, Plaintiffs satisfied their burden to call to the Court's attention the need for additional discovery. Plaintiffs asked the Court to deny the Motion "to allow for the completion of discovery"; specifically, they stated that ARS "makes several arguments [in the Motion] related to how credit is impacted by the reporting of inaccurate account dates and how third parties view these credit reports," before noting that "[d]iscovery into those areas [was] ongoing" as of the date the Motion was filed. (DE 64 at 19.) ARS responded to this argument by stating that "[a]ny additional discovery [beyond the date that ARS filed the Motion] regarding the impact of account dates on credit reporting and how third parties view credit reports would not involve ARS; all the evidence as to the dates that impact the reporting of collection amounts [was] already in the record [when ARS filed the Motion]." (DE 69 at 11.) However, given that ARS submitted its motion for summary judgment more than 200 days before the discovery deadline and months before deadlines for the Parties to disclose expert witnesses and exchange rebuttal expert witness summaries and reports (*see* DE 54), and in light of subsequent requests, the Court finds this argument is both incorrect and unpersuasive.

Moreover, given that "the course of litigation is rarely predictable[] [and] [d]ecisive facts may not emerge until discovery," *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 422 (1978), it was unreasonable for ARS to suggest that further discovery would fail to elicit more evidence or support for the non-moving party's claims so far in advance of the discovery deadline. Just as ARS submitted the Motion long before the discovery deadline, Defendant Experian also submitted its motion for summary judgment "nearly six months before the first expert discovery deadline . . . ." (DE 83 at 10-11.) In denying Experian's motion, the Court determined that it was premature: "Given that Experian's motion was filed before either party was required to produce expert reports, and well in advance of the discovery deadline, it is clear that Plaintiffs did not have the benefit of discovery before submitting their response to the motion." (*Id.*

at 11.) Similarly, here, given that ARS filed the motion well before the discovery deadline and before the Parties' respective deadlines for disclosing witnesses, Plaintiffs did not have the benefit of discovery before submitting their response to the Motion.

While the discovery deadline has now passed, the Court must assess the Motion based solely on the discovery that was conducted, and the evidence that was compiled, when ARS filed the Motion on September 14, 2020. And upon review of the Motion and the record, the Court finds that summary judgment is improper here because Plaintiffs did not have an adequate, meaningful opportunity to conduct discovery before ARS filed the Motion. Therefore, the Court need not address any of ARS's substantive arguments for summary judgment.

Accordingly, based on a review of the Motion, record, and applicable case law, it is **ORDERED AND ADJUDGED** that Defendant ARS's Motion for Summary Judgment (DE 59) is **DENIED**.[1]

**DONE AND ORDERED** in Chambers in Miami, Florida on this 29th day of September, 2021.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[1] The Court reminds Defendant ARS that, under the Local Rules for the Southern District of Florida, "Filings and service of multiple motions for partial summary judgment [are] prohibited, absent prior permission of the Court." S.D. Fla. Loc. Rule 7.1. The Court previously stated as such in its order on ARS's Motion for Leave. (DE 112 at 2.)