UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-23084-Civ-WILLIAMS/TORRES

OMAR SANTOS, *et al*,

        Plaintiffs,

v.

HEALTHCARE REVENUE RECOVERY GROUP, LLC
d/b/a ARS ACCOUNT RESOLUTION SERVICES and
EXPERIAN INFORMATION SOLUTIONS, INC.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION
## ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

This matter is before the Court on Omar Santos and Amanda Clements (collectively, "Plaintiffs") motion for class certification against Defendant Experian Information Solutions, Inc.'s ("Experian"). [D.E. 86]. Defendant Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services ("ARS," and collectively with Experian, "Defendants") responded to Plaintiffs' motion on April 19, 2021 [D.E. 101] and Experian responded to Plaintiffs' motion on May 19, 2021 [D.E. 125] to which Plaintiffs replied on May 24, 2021. [D.E. 127].[1] Plaintiffs filed a notice of supplemental authority on June 28, 2021 [D.E. 140] to which Experian replied on

---

[1] Unredacted versions of the motion, response, and reply were also respectively filed. [D.E. 133, 134, 135].

1

June 29, 2021 [D.E. 141]. Therefore, Plaintiffs' motion is now ripe for disposition.[2] After careful consideration of the motion, responses, reply, notice of supplemental authority, relevant authority, and for the reasons discussed below, Plaintiffs' motion for class certification should be **DENIED**.

## I.   BACKGROUND

Plaintiffs filed this action on behalf of 2.1 million consumers whose credit reports containing inaccurate information were provided by Experian to third parties, in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* [D.E. 1]. According to Plaintiffs, for more than a year, Experian systematically and intentionally erased critical payment-history information on all accounts reported by a medical debt collector, ARS. Plaintiffs allege that Experian "willfully fails to follow reasonable procedures to assure the maximum possible accuracy of the information concerning Plaintiffs and members of the class and fails to conduct any reasonable investigation into the accuracy of information reported by ARS" and "willfully fails to conduct appropriate reinvestigation of the accuracy of information following a dispute initiated by a consumer, as required by the FCRA." *Id.* Plaintiffs' causes of action fall under sections 1681e, 1681i, and 1681s-2(b) of the FCRA. Plaintiffs seek statutory and punitive damages, costs, and attorneys' fees for Defendants alleged willful violation of the FCRA.

---

[2]   The Honorable Kathleen M. Williams referred the motion to the Undersigned on May 13, 2021. [D.E. 114].

2

On March 6, 2020, Experian moved for summary judgment and argued that Plaintiffs' claims must fail because they did not to establish causation of actual damages under the FCRA. The actual damages here would be a denial of credit due to Experian's inaccurate reporting of credit information to a third party. In response, Plaintiffs argued that an amendment to the FCRA in 1996 makes it unnecessary for a plaintiff to prove a denial of credit when seeking only statutory damages. In the alternative, Plaintiffs argued that there was a genuine issue of material fact regarding if they were denied credit. On March 23, 2021, the Court denied Experian's motion for summary judgment (the "Order"). [D.E. 83]. The Court found that Plaintiffs must show causation of actual damages to be successful on their claims but found there was a genuine issue of material fact on whether the Plaintiffs suffered a denial of credit, which needed to be resolved through discovery. *Id.*

The Court found that actual damages were required because the Eleventh Circuit, even after the 1996 amendment to the FCRA, still requires "that to make out a claim for a violation of § 1681e(b), a plaintiff must show at least two things: that a consumer report was inaccurate *and* that the inaccurate report caused him to suffer damages." *Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1251 (11th Cir. 2020) (emphasis added); *see also Jackson v. Equifax Info. Servs.*, LLC., 167 F. App'x 144, 146 (11th Cir. 2006 ("[a] consumer asserting claims under §§ 1681i(a) or 1681e(b) against a credit reporting agency bears the burden of proving that the agency's credit report was a causal factor in the denial of his credit application."). We thus agreed with Experian: "that to prevail, Plaintiffs must ultimately prove that

3

Experian's 'consumer report was inaccurate and that the inaccurate report caused [Plaintiffs] to suffer damages.'" [D.E. 83, pg. 11] (quoting *Erickson*, 981 F.3d at 1251).

On September 14, 2020, ARS moved for summary judgment. [D.E. 59]. ARS sought summary judgment on each of Plaintiffs' claims, asserting that Plaintiffs "failed to create any genuine issue as to the reasonableness of ARS's investigation, or the accuracy of the information furnished by ARS to [] credit reporting agencies . . ., including Experian." *Id.* On September 29, 2021, the Court denied that motion on procedural grounds because the motion was filed more than 200 days before the discovery deadline and before Plaintiffs had an adequate opportunity for discovery. [D.E. 145].

The matter now before the Court is Plaintiffs' motion to certify a class against Experian.[3] [D.E. 86]. Plaintiffs seek class certification under Rule 23(b)(3) and seeks the following class:

> All consumers in the United States whose Experian credit reports had an account or accounts reported by ARS with an inaccurately displayed Date of Status and were viewed by one or more third-parties from July 24, 2017 through September 30, 2019.

[D.E. 86].

---

[3] ARS filed a response even though the class certification is solely against Experian. We affirm that Plaintiffs have waived their right to certify a class against ARS as the time to do so has passed.

4

## II. APPLICABLE PRINCIPLES AND LAW

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). "Questions concerning class certification are left to the sound discretion of the district court." *Cooper v. Southern Co.*, 390 F.3d 695, 711 (11th Cir. 2004) (citing *Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1386 (11th Cir. 1998)), *overruled on other grounds by Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457 (2006). With this "great power comes great responsibility; the awesome power of a district court must be 'exercised within the framework of [Federal Rule of Civil Procedure] 23.'" *Klay v. Humana, Inc.*, 382 F.3d 1241, 1251 (11th Cir. 2004) (quoting *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996) (alteration added)). Thus, to be entitled to class certification, the party seeking certification must have standing and meet each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as the requirements of at least one subsection of Federal Rule of Civil Procedure 23(b). *See Klay*, 382 F.3d at 1250 (citations omitted).

Rule 23(a) "ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Dukes*, 564 U.S. at 349. Under Rule 23(a), the party seeking class certification has the burden of showing that the four requirements of numerosity, commonality, typicality, and adequacy of representation are satisfied. *See Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009)

(citations omitted). Rule 23(a) provides one or more members of a class may sue as representative on behalf of all members if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In examining whether the party seeking certification has satisfied the requirements of Rule 23, the Eleventh Circuit has counseled that "[a]lthough the trial court should not determine the merits of the plaintiffs' claim at the class certification stage, the trial court can and should consider the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1188 n.15 (11th Cir. 2003) (citation omitted). Indeed, the Supreme Court has acknowledged "'sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question, . . . and that certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Dukes*, 564 U.S. at 350-51 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160-61 (1982) (alteration added, internal citation omitted)).

Once a class meets the requirements of Rule 23(a), it must satisfy *one* of the three additional requirements of Rule 23(b). Plaintiff seeks class certification under Rule 23(b)(3). Rule 23(b)(3) requires that the "questions of law or fact common to class members predominate over any questions affecting only individual members."

Under Rule 23(b)(3), "[t]he court's inquiry is typically focused on 'whether there are common liability issues which may be resolved efficiently on a class-wide basis.'" *Drossin v. Nat'l Action Financial Services, Inc.*, 255 F.R.D. 608, 613 (S.D. Fla. 2009) (internal citations omitted). "Under Rule 23(b)(3), it is not necessary that all questions of fact or law be common, but only that some questions are common and that they predominate over individual questions." *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1324 (11th Cir. 2008) (quoting *Klay v. Humana, Inc.*, 382 F.3d 1241, 1254 (11th Cir. 2004)).

### III.   ANALYSIS

Experian's primary argument is that the class fails to satisfy the predominance requirement of Rule 23(b)(3). Experian asserts that the Court would need to determine on a case-by-case basis if each class member was denied credit due to its inaccurate reporting of information. According to Experian, because a class member only suffers an "injury" under section 1681(a) if that individual is denied credit, a class member would need to show he or she was denied credit before their claim could be successful. Plaintiffs assert that each class member did suffer an injury when Experian shared his or her data with a third party and there is no need to show actual damages when seeking statutory damages.

The Order is a roadblock to Plaintiffs' position. Plaintiffs attempt to get around it in their motion by relitigating whether the 1996 amendment to the FCRA changed established Eleventh Circuit precedent. Specifically, Plaintiffs assert that the Eleventh Circuit's decision in *Cahlin v. Gen. Motors Acceptance Corp.* does not

7

support the Order "because it was decided under a different version of the statute that was superseded by the 1996 amendment, which created the disjunctive right to statutory damages, a critical fact that the Eleventh Circuit later emphasized in *Harris*, 564 F.3d at 1313." [D.E. 86, pg. 18-19 n.49].

Not so. The Order unequivocally found that "[d]espite the 1996 amendment to the FCRA, the Eleventh Circuit has not overturned *Cahlin*. Rather, the Eleventh Circuit continues to find that '[a] consumer asserting claims under §§ 1681i(a) or 1681e(b) against a credit reporting agency bears the burden of proving that the agency's credit report was a causal factor in the denial of his credit application.'" [D.E. 83, pg. 7] (citation omitted).

Next, Plaintiffs argue that a denial of credit is only one type of injury or harm that can be shown under the FCRA, and the Order is only applicable to a denial of credit. It is true that there are other injuries or harms such as lost wages, emotional distress, lost time, or pain and suffering that may occur from a violation of the FCRA. *See Williams v. First Advantage LNS Screening Sols. Inc.*, 947 F.3d 735, 745 (11th Cir. 2020) (harms were lost wages and emotional distress after failing inaccurate criminal background check); *Younger v. Experian Info. Sols., Inc.*, 817 F. App'x 862, 871 (11th Cir. 2020) (harms were mental distress and pain and suffering); *Marchisio v. Carrington Mortg. Servs.*, LLC, 919 F.3d 1288, 1302 (11th Cir. 2019) (harm of emotional distress); *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1280 (11th Cir. 2017) ("Pedro also alleged a concrete injury because she alleged that she "lost time . . . attempting to resolve the credit inaccuracies."). However, these harms are not

8

alleged uniformly to the class here. And even if they were, these harms would still require a highly individualized analysis not suitable for class certification under Rule 23(b)(3). Indeed, each case cited by Plaintiffs that alleged these types of harms did not result in class certification.

Plaintiffs next conflate standing with causation. There is no question that a plaintiff has standing to bring a suit under the FCRA if there was a dissemination of a material inaccurate statement in his credit report. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 210 L. Ed. 2d 568 (2021) (finding that a plaintiff lacks a concrete injury for standing to assert a claim under section 1681(e)(b) of the FCRA unless the defendant disseminated inaccurate information that is material to creditors); *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 943 (11th Cir. 2021) (finding plaintiff had standing under section 1681e(b) because Experian shared an inaccurate credit report even though there was no allegation of denied credit). But this not the same as causation and there is no dispute regarding standing here. The Order clearly states, regardless of Plaintiffs seeking statutory damages, "that to make out a claim for a violation of § 1681e(b), a plaintiff must show at least two things: that a consumer report was inaccurate *and* that the inaccurate report caused him to suffer damages." *Erickson*, 981 F.3d at 1251.

With whether Plaintiffs must show a denial of credit settled by the Order, all class members in this case must do the same. This is would be an individual and highly factual determination. This coupled with a purported class of 2.1 million consumers precludes class treatment. *See Klay*, 382 F.3d at 1255 ("Where, after

9

adjudication of the classwide issues, plaintiffs must still introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their individual claims, such claims are not suitable for class certification under Rule 23(b)(3)."); *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1235-36 (11th Cir. 2000) ("Serious drawbacks to the maintenance of a class action are presented where initial determinations, such as the issue of liability vel non, turn upon highly individualized facts.") (alteration omitted).

For example, the Order called for individual discovery on why Wells Fargo denied Plaintiff Santos a credit card, and why a mortgage lender allegedly told Plaintiff Clements it would not offer her a loan. [D.E. 83, pgs. 9-11]. This type of individual discovery would be required for each class member. With 2.1 million class members, the liability issues cannot be resolved efficiently on a class-wide basis. Therefore, the predominance requirement of Rule 23(b)(3) is not satisfied. *See Drossin*, 255 F.R.D. at 613. In fact, we have not found a case in the Eleventh Circuit that has certified a class under the same circumstances as here and Plaintiffs have failed to cite to one either. This is telling.

We thus do not need to determine whether Plaintiffs established the requirements of Rule 23(a). Accordingly, Plaintiffs' motion for class certification against Experian should be **DENIED**.

### IV.   *CONCLUSION*

For the foregoing reasons, Plaintiffs' motion [D.E. 86] for class certification against Experian should be **DENIED**.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Soc. Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 27th day of October, 2021.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge