**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

OMAR SANTOS and AMANDA CLEMENTS
on behalf of themselves and all others similarly
situated,

                    Plaintiffs,

    vs.

HEALTHCARE REVENUE RECOVERY
GROUP, LLC d/b/a ARS ACCOUNT
RESOLUTION SERVICES and EXPERIAN
INFORMATION SOLUTIONS, INC.,

                    Defendants.

_____/

Case No 1:19-cv-23084-KMW

**ORAL ARGUMENT REQUESTED**

**PLAINTIFFS' OBJECTIONS TO THE REPORT AND RECOMMENDATION ON
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Magistrate Judge Torres recommends denying Plaintiffs' motion for class certification (the "Report") (ECF No. 147). Plaintiffs Omar Santos and Amanda Clements, pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), respectfully object to the Report and urge this Court to grant Plaintiffs' motion for class certification (ECF No. 86).[1]

## INTRODUCTION

The Report is premised entirely on a clear error of law: it incorrectly assumes that "Plaintiffs must show a denial of credit" to prevail on their claim for Defendant Experian Information Solutions, Inc.'s willful violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681n, which authorizes statutory damages as an alternative to actual damages. (ECF No. 147 at 9.) From this premise, the Report reasons that Plaintiffs' claims—which exclusively seek statutory damages—require "an individual and highly factual determination" as to whether each of 2.1 million class members suffered a denial of credit, a requirement that "precludes class treatment." (*Id.*) But the unambiguous language of the governing statute and Supreme Court and Eleventh Circuit authorities—as well as decisions from numerous circuit courts—establish that the Report's central premise is wrong, and thus its recommendation against class certification—based entirely on this faulty premise—should be rejected.

Correcting the Report's misapprehension of the law removes the only obstacle to class certification identified in the Report. The propriety of certifying Plaintiffs' claims for class treatment is an inexorable conclusion reflected in the decisions of countless courts—including several within the Eleventh Circuit, none of which the Report addresses—that have certified

---

[1] "The Court must review the Report and Recommendation's legal conclusions, as well as those objected to portions, de novo." *Lee v. Phelan Hallinan, PLC*, No. 14-60154-CV, 2014 WL 12531354, at *1 (S.D. Fla. Aug. 11, 2014) (citing Fed. R. Civ. P. 72(b)(3), and 28 U.S.C. § 636(b)(1)(C)).

classes asserting indistinguishable claims for statutory damages under the same provision of the FCRA. The Report is simply irreconcilable with prevailing law.

The Report's decisive error stems from its reading of the Court's Order denying Experian's motion for summary judgment (the "Order") (ECF No. 83). Whether, at Experian's urging, the Report misreads the Order or the Order applied the incorrect standard is ultimately immaterial. Either way, the clear error should be corrected, and the proper standard should be applied, especially since Experian's counter-textual position has been further undercut by an intervening decision from the Supreme Court.

This is a statutory claim, so the statute's actual language should matter. No provision of the current statute—absolutely nothing—makes credit denial or actual damages an element of an FCRA willful violation claim for statutory damages, which is the sole claim that Plaintiffs seek to certify for class treatment. Unable to anchor its position in the text of the statute, Experian confuses the issue with irrelevant cases, none of which establishes that causation of actual damages is a prerequisite for seeking statutory damages—an illogical position that defeats the entire purpose of statutory damages. A careful review of the cases that Experian relies upon reveals that its position is a mirage, resting entirely on dicta in a handful of opinions. It has no answer for binding authorities from the Eleventh Circuit and Supreme Court that conclusively establish, as the plain language of the statute and logic dictate, that Plaintiffs can recover statutory damages for a willful violation of the FCRA without first proving causation of actual damages. This is not a close call.

With the availability of statutory damages established by prevailing law, there are no individualized inquiries that stand in the way of class certification. The class Plaintiffs seek to certify is:

> All consumers in the United States whose Experian credit reports had an account or accounts reported by Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolutions Services ("ARS") with an inaccurately displayed Date of Status and were viewed by one or more third parties from July 24, 2017 through September 30, 2019.

Undisputed evidence establishes that Experian's uniform, automated conduct caused Experian to disseminate inaccurate information regarding ARS collection accounts in credit reports regarding some 2.1 million class members to third parties, providing the misleading impression that the class members had new credit delinquencies and that their finances were deteriorating. These facts are established with common evidence—much of it from Experian's own records and admissions—applicable to the entire class. As each class member asserts the same claim for statutory damages arising from Experian's uniform, automated conduct, this case is ideally suited for class certification.

For these reasons and those discussed below and in Plaintiffs' initial motion (ECF No. 86) and reply (ECF No. 127), this Court should reject the Report and certify Plaintiffs' FCRA claims against Experian for class treatment.

<u>**ARGUMENT**</u>

## I.     The Report Rests on a Clear Error of Law.

The plain language of the FCRA is incompatible with the Report's central premise that "Plaintiffs must show a denial of credit" to prevail on their claim for statutory damages. (ECF No. 147 at 9.) As this Court has recognized, "[i]t is well established that statutory interpretation begins with the language of the statute and if the statutory language is clear, the inquiry ends." *United States v. Lincare Holdings*, Inc., No. 10-CV-21094-KMW, 2016 WL 3961840, at *12 (S.D. Fla. Jan. 11, 2016) (Williams, J.), *aff'd*, 857 F.3d 1148 (11th Cir. 2017) (citing *King v. Burwell*, 576 U.S. 473, 486 (2015)). The "inquiry" into whether a denial of credit is an element of Plaintiffs'

claim for statutory damages should have "end[ed]" with the clear statutory language, which provides no support for such an element. *Id.* Unfortunately, the Report does not adhere to this well-established method of statutory interpretation, as it never addresses, let alone closely examines, the language of the pertinent statute.

Plaintiffs' claim involves two provisions of the FCRA. First, 15 U.S.C. § 1681e(b) imposes a conduct requirement on Experian, providing:

> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

*Id.* Second, 15 U.S.C. § 1681n(a) gives Plaintiffs a right of action for a willful violation of the FCRA, providing:

> Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of--
>
> (1)  (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or
>
>      (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;
>
> (2)  such amount of punitive damages as the court may allow; and
>
> (3)  in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

*Id.* Which language in either provision creates a denial-of-credit element when a plaintiff seeks statutory damages, i.e., "damages of not less than $100 and not more than $1,000," as Plaintiffs

have done here? Neither the Report nor Experian provides an answer—because there is no such language.

Rather, the disjunctive "or" within § 1681n establishes just the opposite. It provides a plaintiff with a choice of recovering "any actual damages sustained by the consumer as a result of the failure" to comply with the FCRA *or* recovering "damages of not less than $100 and not more than $1,000." *Id.* Unlike the provision for "actual damages," which imposes a causation element with the "as a result of the failure" language, the corresponding provision for statutory damages lacks such language, making clear that there is no causation or actual harm requirement for statutory damages.

The Eleventh Circuit has recognized this feature of the FCRA in several binding decisions. In *Levine v. World Fin. Network Nat. Bank*, 437 F.3d 1118 (11th Cir. 2006), for example, the court evaluated a claim for a willful violation of § 1681e in which the plaintiff failed to allege "'objectively verifiable harm,' such as injury to his credit rating." *Id.* at 1123. The Eleventh Circuit nonetheless held that the plaintiff had "stated a claim for a willful violation of FCRA under § 1681n," because "statutory damages" are available under § 1681n and the plaintiff requested "any and all other relief that the Court deems just." *Id.* at 1123. Critically, after noting that other courts had permitted recovery of actual damages for emotional distress under the FCRA, the Eleventh Circuit held that it "need not decide whether FCRA bars recovery for any particular category of compensatory damages, including emotional distress," because the plaintiff had alleged that "Experian's release of his confidential information was a willful violation of FCRA," which alone "is an injury that FCRA clearly recognizes as compensable" under the statutory damages provision of § 1681n. *Id.* at 1125. If a denial of credit or some other "actual damage" were a required element of a willful violation claim under § 1681n, as the Report concluded at Experian's urging, the

5

Eleventh Circuit could not have upheld the plaintiff's claim in *Levine* without first determining that he had adequately alleged some form of actual damage that was not barred by the FCRA—contrary to the Eleventh Circuit's explicit statement. *Levine*, therefore, establishes that causation of actual damages is not required to sustain a claim for statutory damages under the FCRA.[2] Remarkably, even though Experian was the defendant in *Levine*, it never brought the decision to this Court's attention.

The Eleventh Circuit also emphasized the FCRA's distinction between actual damages and statutory damages in *Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301 (11th Cir. 2009). In that case, the court rejected a facial excessiveness challenge to § 1681n, reasoning that "[t]he current version of FCRA provides that plaintiffs may elect to receive actual damages ***or*** statutory damages, but not both," and reiterating that § 1681n "specifies that statutory damages may only be awarded in lieu of actual damages." *Id.* at 1313 (emphasis in original). The Report makes no effort to reconcile its conclusion that Plaintiffs must prove causation of actual damages with the clear directive of *Harris* that § 1681n "specifies that statutory damages may only be awarded in lieu of actual damages." Rather, the Report, after acknowledging Plaintiffs' discussion of *Harris*, simply relies on the Order. (ECF No. 147 at 8.) But the Order never addressed this part of *Harris* either.

Nor does the Report address the Eleventh Circuit's *en banc* decision in *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917 (11th Cir. 2020), where the court observed that "[a] willful violation exposes a company to liability for actual damages—if any were sustained—***or*** statutory

---

[2] Several district courts within the Eleventh Circuit have cited *Levine* for this exact holding. *See, e.g.*, *Hill v. Ocwen Loan Servicing, LLC*, 369 F. Supp. 3d 1324, 1337 (N.D. Ga. 2019) ("Actual damages are not required to state a claim for a willful violation of the FCRA."); *Younger v. Experian Info. Sols., Inc.*, No. 2:15-CV-00952-SGC, 2017 WL 5465527, at *6 (N.D. Ala. Sept. 22, 2017) ("A willful violation of the FCRA does not require a showing of actual damages.").

damages ranging from $100 to $1,000 per violation." *Id.* at 921 (citing § 168n(a)(1)(A)) (emphasis added). If actual damages were a required element of the claim, as Experian maintains, the Court could not have added the qualification "if any were sustained" or used the disjunctive "or."

Moreover, the Supreme Court has repeatedly acknowledged the distinction between actual damages and statutory damages under the FCRA. In *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 53 (2007), for example, the Supreme Court observed that "[i]f a violation is negligent, the affected consumer is entitled to actual damages. If willful, however, the consumer may have actual damages, *or* statutory damages ranging from $100 to $1,000, and even punitive damages." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 53 (2007) (internal citations omitted and emphasis added). Likewise, in *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), the Court held that § 1681n allows for "*either* 'actual damages' *or* statutory damages of $100 to $1,000 per violation." *Id.* at 335 (quoting § 1681n(a)) (emphasis added). And just a few months ago, in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), the Court reiterated that a defendant who willfully violates the FCRA is liable "for actual damages *or* statutory damages." *Id.* at 2200-01 (emphasis added).

Experian previously tried to dismiss the significance of Supreme Court decisions "paraphras[ing]" the statute. (ECF No. 50 at 6-7.) But Plaintiffs have asserted a ***statutory*** claim, so what the statute says—as well as how the Supreme Court interprets the statute—is decisive. And as the Supreme Court has repeatedly made clear, the statute provides for actual damages *or* statutory damages—not statutory damages only after actual damages are first proven, as Experian's counter-textual position demands.

The Report likewise errs in disregarding the Supreme Court's recent *TransUnion* decision, reasoning that it concerned standing, which "is not the same as causation." (ECF No. 147 at 9.) The class in *TransUnion* only sought "statutory and punitive damages," and aside from the sole

class representative, no evidence was presented at trial "about the experiences of the other members of the class." 141 S. Ct. at 2202. Thus, the class did not and could not prove actual damages or causation. This was permissible and raised a justiciable question of standing only because, as the Court ruled, the FCRA allows plaintiffs to recover "actual damages *or* statutory damages" for willful violations of the statute. *Id.* at 2200-01 (emphasis added). This statutory framework—which is irreconcilable with the legal standard applied in the Report—thus formed the basis of the Supreme Court's decision.

In addition, the standing analysis in *TransUnion* is relevant here because it refutes one of Experian's counter-textual arguments for creating an actual damages element. Experian expressly relied on the Supreme Court's earlier standing decision in *Spokeo* to argue that actual damages should be an element of an FCRA claim because "[t]he FCRA is not concerned about technical inaccuracies that have no real-world harm." (ECF No. 50 at 4.) The *TransUnion* decision forecloses that line of attack when a credit reporting agency has disseminated inaccurate information in credit reports to third parties. The Court held that all 1,853 class members whose inaccurate credit reports were disseminated to third parties "suffered a concrete harm that qualifies as an injury in fact." 141 S. Ct at 2209. The evidence presented at class certification—including the admissions of Experian's own Rule 30(b)(6) witnesses—likewise establishes that Experian disseminated inaccurate information about every member of the proposed class to third parties. (ECF No. 86 at 12 n.44-46; ECF No. 127 at 3-4.)

So, the proposed class here is in the same position as the 1,853-member class the Court considered in *TransUnion*. Just like the *TransUnion* class, then, every member of this class "suffered a concrete harm that qualifies as an injury in fact." 141 S. Ct at 2209. Thus, to the extent that this Court, in the Order, sought to apply principles of standing to hold that "Plaintiffs must not

only establish an inaccurate credit report, but also that the report caused them harm" (ECF No. 83 at 8), *TransUnion* establishes that Plaintiffs and the class have met that requirement through common evidence that Experian disseminated inaccurate credits reports to third parties. The Report does not adequately consider the importance of *TransUnion*, which was issued after the parties completed briefing.

Nor does the Report address the weight of authority from other circuit courts squarely holding that an FCRA willful violation claim does not require proof of causation of actual damages. For example, the Sixth Circuit persuasively analyzed the text and history of the statutes and concluded:

> Section 1681n, which creates the cause of action for willful violations, also does not impose the consequential-damages requirement that defendants wish to add to the statute. "Any consumer," it says, may sue to recover "any actual damages . . . *or* damages of not less than $100 and not more than $1000" from "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to [that] consumer." Because "actual damages" represent an alternative form of relief and because the statute permits a recovery when there are no identifiable or measurable actual damages, this subsection implies that a claimant need not suffer (or allege) consequential damages to file a claim.

*Beaudry v. TeleCheck Servs., Inc.*, 579 F.3d 702, 705-06 (6th Cir. 2009) (citing 15 U.S.C. § 1681n(a)(1)(A); emphasis in original). Likewise, the Fourth, Seventh, Eighth, Ninth, and Tenth Circuits have all reached the same conclusion. *See Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1110-11 (9th Cir. 2017) ("The statute gives consumers affected by a violation of such requirements a right to sue the responsible party, including the right to sue (and to recover statutory damages) for willful violations even if the consumer cannot show that the violation caused him to sustain any actual damages."); *Hammer v. Sam's E., Inc.*, 754 F.3d 492, 499 (8th Cir. 2014), *abrogated in part on other grounds by Spokeo, Inc.*, 578 U.S. at 336 ("[T]he plain language of the provision permits

recovery of statutory damages in the absence of actual damages."); *Birmingham v. Experian Info. Sols., Inc.*, 633 F.3d 1006, 1009 (10th Cir. 2011) ("Under § 1681n(a), however, the consumer need not prove actual damages if the violation is willful, but may recover punitive damages and statutory damages ranging from $100 to $1,000."); *Stillmock v. Weis Markets, Inc.*, 385 F. App'x 267, 273 (4th Cir. 2010) (reversing denial of class certification of FCRA claim where no class members "suffered actual damages" and instead only sought statutory damages); *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 952-53 (7th Cir. 2006) (reversing denial of class certification for FCRA class that sought only statutory damages).

Moreover, the Report fails to consider numerous decisions from district courts within the Eleventh Circuit granting class certification to indistinguishable FCRA claims, erroneously stating that Plaintiffs had not cited to "a case in the Eleventh Circuit that has certified a class under the same circumstances." (ECF No. 147 at 10.) To the contrary, Plaintiffs' motion for class certification cited several such decisions, which "is telling" (*id.*), according to the Report. (ECF No. 86 at 17-18 (citing *Gross v. Advanced Disposal Servs., Inc.*, No. 8:17-CV-1920-T-36TGW, 2018 WL 8415876, at *7 (M.D. Fla. Dec. 10, 2018) (certifying FCRA class seeking statutory damages); *Graham v. Pyramid Healthcare Sols., Inc.*, No. 8:16-CV-1324-T-30AAS, 2017 WL 2799928, at *2 (M.D. Fla. June 28, 2017) (same); *Legg v. Spirit Airlines, Inc.*, 315 F.R.D. 383, 391 (S.D. Fla. 2015) (certifying FCRA claim and rejecting argument that actual damages defeated predominance "because Plaintiff seeks only statutory damages").) And there are countless additional decisions within the Eleventh Circuit and across the country granting class certification for such claims. *See Lyttle v. Trulieve, Inc.*, No. 8:19-CV-2313-CEH-TGW, 2021 WL 3602996, at *10 (M.D. Fla. Aug. 13, 2021); *Fosbrink v. Area Wide Protective, Inc.*, 325 F.R.D. 474, 483 (M.D. Fla. 2018); *Altman v. White House Black Mkt., Inc.*, No. 1:15-CV-2451-SCJ-JKL, 2017 WL

8780202, at *12 (N.D. Ga. Oct. 25, 2017), *report and recommendation adopted as modified*, No. 1:15-CV-2451-SCJ, 2018 WL 1704110 (N.D. Ga. Feb. 12, 2018).[3]

As another district court reasoned in a class certification decision affirmed by the Eleventh Circuit, "[b]y choosing to pursue the statutory damages, [the plaintiff] has eliminated the need for proof of actual damages for willful non-compliance, as the statutory damages are an exclusive alternative to recovery of actual damages." *Braxton v. Farmer's Ins. Grp.*, 209 F.R.D. 654, 661 (N.D. Ala. 2002), *aff'd sub nom. Braxton v. Fire Ins. Exch.*, 91 F. App'x 656 (11th Cir. 2003). The Report's insistence on individualized inquiries into actual damages, when Plaintiffs are instead pursuing statutory damages, as expressly permitted by the statute, cannot be reconciled with the host of decisions within the Eleventh Circuit and across the country granting class certification for such claims.

Against the plain language of the statute and the weight of authority discussed above, the sole basis for Experian's untenable position is an inapplicable Eleventh Circuit decision construing

---

[3] *Rodriguez v. Evergreen Pro. Recoveries, Inc.*, No. C19-0184-JCC, 2021 WL 2577130, at *2 (W.D. Wash. June 23, 2021) ("[I]ndividualized issues regarding actual damages have no bearing on whether the class should be certified for purposes of settlement because the FCRA allows for statutory damages, which do not depend on class members establishing actual damages or emotional distress."); *Smith v. Experian Info. Sols., Inc.*, No. SACV1700629CJCAFM, 2020 WL 4592788, at *4 (C.D. Cal. Aug. 10, 2020) (holding in a section 1681e(b) case that the predominant questions are whether Experian's reporting was inaccurate and "whether Experian's conduct was willful, entitling Plaintiff and the Class to statutory damages," all of which can be answered with common evidence); *Feliciano v. CoreLogic Rental Prop. Sols., LLC*, 332 F.R.D. 98, 107 (S.D.N.Y. 2019) (certifying class where defendant's "collection, updating, and reporting" of class members' information was common); *Mohamed*, 320 F.R.D. at 313 (certifying Rule 23(b)(3) class where "[t]he entire case revolves around an alleged common course of conduct performed by [the defendant]"); *Soutter v. Equifax Info. Servs., LLC*, 307 F.R.D. 183, 217 (E.D. Va. 2015) ("[T]he most significant issues in the case pertain to uniform conduct by [defendant]—its uniform credit reporting procedures; its knowledge and notice of the defects in its systems; and the willfulness of its conduct.").

a different version of the FCRA and pure dicta from subsequent opinions.[4] The inapplicable

decision is *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1160 (11th Cir. 1991),

which affirmed summary judgment against a plaintiff who failed to present evidence that an

"alleged inaccurate report caused him harm."  936 F. 2d at 1161. At the time *Cahlin* was decided,

§ 1681n provided:

> Any consumer reporting agency or user of information which willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of—
>
> (1)   Any actual damages sustained by the consumer as a result of the failure;
>
> (2)   Such amount of punitive damages as the court may allow; and
>
> (3)   In the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

15 U.S.C. § 1681n (1991). Thus, unlike the current version of the statute, which Congress amended

in 1996 to authorize the recovery of statutory damages in lieu of actual damages, *Harris*, 564 F.3d

at 1306, the 1991 version that *Cahlin* construed did not provide an alternative to showing "actual

damages sustained by the consumer as a result of" the FCRA violation. So, *Cahlin*'s holding as to

---

[4] A footnoted comment in its summary judgment reply (ECF No. 50 at 2 n.1) cites phrases from *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009 (2020), in which the Court noted that but-for causation "supplies the 'default' or 'background' rule against which Congress is normally presumed to have legislated when creating its own new causes of action." *Id.* at 1014. But Experian cannot rely on *Comcast* to argue that a causation element that Congress chose to omit from the FCRA must nonetheless be read into the statute, for *Comcast* says no such thing. Rather, the decision concerns which standard of causation—"but-for" or "some role"— should be applied to a judicially created cause of action for which a causation element had already been recognized. *Id.* It provides no support whatsoever for disregarding the text of a statute that Congress has enacted. Likewise, *Ferreira v. Sterling Jewelers, Inc.*, 130 F. Supp. 3d 471, 486 (D. Mass. 2015), and *Hershenow v. Enter. Rent-A-Car Co. Of Bos., Inc.*, 840 N.E.2d 526, 533 n.18 (Mass. 2006), also cited in a footnote (ECF No. 50 at 3 n.2), are of no use to Experian, because they concern a Massachusetts statute governed by state law, not the FCRA.

the necessity of an inaccurate report causing harm, while applicable to a negligence claim and the pre-1996 version of the statute—both of which require actual damages "as a result of" an FCRA violation—cannot be applied to a different statute that lacks such a requirement.

In the summary judgment Order, this Court noted that *Cahlin* has not been "overturned." (ECF No. 83 at 7.) But that does not support Experian's position, because the statute itself changed, so there was no need to overturn the decision, which correctly construed the *former* statute. In fact, *Cahlin* remains good law with respect to negligence claims, because such claims still require proof of actual damages. *See* 15 U.S.C. § 1681o. Thus, contrary to the inference drawn in the Order, continuing citations to *Cahlin* in decisions regarding other issues, such as negligence claims, do not mean that its holding remains applicable to the changed circumstances of willful violation claims asserted under the amended statute that seek a form of relief—statutory damages—unavailable when *Cahlin* was decided.

Most importantly, since the 1996 amendment, the Eleventh Circuit has **never** cited *Cahlin* in a precedential opinion to reject, for a lack of causation or actual damages, a willful violation claim seeking statutory damages, as Experian asks the Court to do here. Rather, *Cahlin*'s appearance in Eleventh Circuit opinions has been constrained to the rejection of claims expressly seeking actual damages, such as negligence claims (for which it remains good law), or the mere source of a background legal standard that is recited but not applied in willful violation claims. As catalogued below, in each of the Eleventh Circuit decisions referenced by Experian or in the Order involving a willful violation claim and a citation to *Cahlin*, the court resolved the case on different grounds, without ever reaching the question of causation or actual damages with respect to the willful violation claim and the availability of statutory damages. Thus, the citation to *Cahlin* in such cases—even to declare that causation of actual damages is an element of the claim, when that

standard is not actually applied to decide the case—amounts to nothing but dicta. *See In re BFW Liquidation, LLC*, 899 F.3d 1178, 1187 (11th Cir. 2018) (holding that a "purported requirement [of a statute mentioned in an opinion] was never at issue in the case and it played no role in our decision or reasoning" and thus was dicta); *United States v. Kaley*, 579 F.3d 1246, 1253 n. 10 (11th Cir.2009) ("What matters in discerning whether a rule of law expounded by a court is in fact holding is whether it was necessary to the result reached, or, in the alternative, could be discarded without impairing the foundations of the holding."). And, as the Eleventh Circuit has clearly instructed, its "dicta is not binding on anyone for any purpose." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1298 (11th Cir. 2010).

In each of the following decisions, the citation to *Cahlin* for causation of actual damages being an element of an FCRA claim is either mere dicta or completely irrelevant:

- *Losch v. Nationstar Mortg. LLC*, 995 F.3d 937, 947 (11th Cir. 2021), held that the plaintiff failed to establish willfulness, so it never considered causation or damages with respect to the willful violation claim.

- *Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1251 (11th Cir. 2020), held that the plaintiff failed to establish an inaccurate report, so it never considered causation or damages.

- *Nagle v. Experian Info. Sols., Inc.*, 297 F.3d 1305, 1306 (11th Cir. 2002), involved a specific jury finding that the defendant had acted negligently ***but not*** willfully, and thus is an example of the proper application of *Cahlin* to a negligence claim, which is irrelevant to Plaintiffs' willful violation claim here.

- *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 825-26 (11th Cir. 2009), *Jackson v. Equifax Info. Servs., LLC*, 167 F. App'x 144, 146 (11th Cir. 2006), and *Enwonwu v. Trans*

*Union, LLC*, 164 F. App'x 914, 918 (11th Cir. 2006), aside from being unpublished and non-precedential, are just like *Nagle*, as they contain no language indicating that the *pro se* plaintiffs adequately or ever alleged willful misconduct, and thus represent the proper and irrelevant application of *Cahlin* to negligence claims. *Id.* at 825-26.

In contrast to these inapposite decisions, in which the issue of causation of actual damages for a willful violation claim seeking statutory damages was neither presented nor decided, the decisions in *Levine*, 437 F.3d at 1123, and *Harris*, 564 F.3d at 1313, as discussed above, constitute binding precedent. The Eleventh Circuit's interpretation of the requirements of § 1681n was necessary in *Levine* to conclude that the plaintiff had stated a prima facie claim, 437 F.3d at 1123, and in *Harris* to conclude that the statute was constitutional, 564 F.3d at 1313.[5]  The actual holdings of these two decisions, both of which make clear that causation of actual damages is not an element for a willful violation claim seeking statutory damages, demonstrate the clear error of the Report.

In short, the Report's central premise—that "Plaintiffs must show a denial of credit" (ECF No. 147 at 9)—cannot be reconciled with the plain language of the statute or binding authority from the Supreme Court and Eleventh Circuit. Because this clear error is the sole basis of the

---

[5] At summary judgment, Experian attempted to confuse the issue further by suggesting that even if actual damages are not required by § 1681n, they are "an indispensable element of a substantive § 1681e(b) claim."  (ECF No. 50 at 2.)  But that is nonsense, because the plain language of § 1681e(b) simply requires a credit agency to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  *Id.* How can that language—which merely establishes the conduct requirement of the claim, i.e. Experian must follow reasonable procedures—possibly give rise to a separate element of causation of actual damages?  Experian does not say, because the language provides absolutely no support for such an additional element.  As the Supreme Court recently observed, § 1681n is what "creates a cause of action for consumers," and thus § 1681n is the proper focus of what Plaintiffs must establish to prevail.  And, as discussed earlier, the plain language of § 1681n refutes Experian's position that causation of actual damages is an element of Plaintiffs' claim.

Report's conclusion that "the predominance requirement of Rule 23(b)(3) is not satisfied" (*id.* at 10), this Court should decline to adopt the Report and should grant Plaintiffs' motion for class certification.

## II.    Class Certification is Warranted.

As explained in Plaintiffs' motion for class certification (ECF No. 86) and reply (ECF No. 127), which Plaintiffs incorporate by reference, the requirements of Rule 23(a) and Rule 23(b)(3) are easily met here. The Report only concludes otherwise because it assumes that the FCRA requires each class member to "show a denial of credit." (ECF No. 147 at 9.) Because determining whether each of the 2.1 million members of the class suffered a denial of credit would be "an individual and highly factual determination," the Report reasons, it would preclude class treatment. (*Id.* at 9.) As established in the preceding section, however, the Report's central premise is wrong, and thus there is no need to engage in "an individual and highly factual determination" as to whether class members suffered a denial of credit. There is nothing identified in the Report, therefore, precluding class certification.

In fact, Plaintiffs' claims against Experian are perfectly suited for class certification. The claims turn on uniform conduct perpetrated class-wide on a distinct group of individuals. Experian systematically and intentionally disseminated the same type of inaccurate information on class members' credit reports for over 18 months. (ECF No. 86 at 4-6.) Experian's uniform conduct affected every class member's credit report in an identical way: it erased critical payment-history information on *all* accounts reported by a medical debt collector, ARS, which caused the "Date of Status"—an Experian-generated date that alerts third-parties to the date the account entered its current status—on *all* the ARS accounts to erroneously display the current month, every month, creating the misleading impression that Plaintiffs' and class members' credit was deteriorating.

(*Id.*) Every class member suffered the same harm, as each class member had at least one credit report with inaccurate, material information adversely reflecting his or her creditworthiness disseminated to a third-party. (*Id.* at 12.) And each class member is entitled to the same relief—statutory damages under the FCRA.

Uniform, automated conduct towards the class that caused each class member to suffer the same type of harm is the quintessential recipe for class certification. For this reason, courts routinely conclude that claims indistinguishable from those asserted here meet the requirements of Rule 23 and are appropriate for class treatment. *See, e.g.*, *Lyttle*, 2021 WL 3602996, at *10; *Rodriguez*, 2021 WL 2577130, at *2; *Smith*, 2020 WL 4592788, at *4; *Gross*, 2018 WL 8415876, at *7; *Graham*, 2017 WL 2799928, at *2; *Legg*, 315 F.R.D. at 391.  In fact, the Fourth and Seventh Circuits have reversed orders declining to certify classes no different than the proposed class here. *See Stillmock*, 385 F. App'x at 273; *Murray*, 434 F.3d at 952-53. Based on these authorities and the evidence submitted in support of Plaintiffs' motion for class certification (ECF. No. 86) and reply (ECF No. 127), this Court should likewise find that Plaintiffs have satisfied the numerosity, typicality, commonality, adequacy, and ascertainability requirements of Rule 23(a), and the predominance and superiority requirements of Rule 23(b)(3).

In opposition to Plaintiffs' motion, Experian's arguments, like the central legal error that it urged on the Report, lack merit and merely confuse the issue. For example, Experian accuses Plaintiffs of ignoring the difference between consumer reports, consumer disclosures, and consumer files—when, in reality, Experian has *admitted* that it sent 2.1 million consumer **credit reports** with incorrect Dates of Status and missing account histories on ARS-reported accounts to third parties for credit decisions. (ECF No. 86 at 12; ECF No. 127 at 3-4.) Experian also quibbles with use of the term "Date of Status" instead of "Payment Level Date" in the class definition—

even though Experian has *admitted* that the terms are interchangeable and refer to the same date, and Experian's own discovery responses use the term "Date of Status." (ECF No. 86 at 7 n.33; ECF No. 127 at 3-4.) Experian also argues that Plaintiffs cannot show that a third party viewed the inaccurate information that Experian disseminated—once again ignoring that it *admitted* that the inaccurate credit reports were sent to third parties to make credit decisions. (*Id.*) Experian's most brazen argument is that now, after the close of discovery, Plaintiffs cannot rely on the data that Experian itself provided to determine class membership and that additional queries of such data, if even necessary, may not be possible because Experian has destroyed the information. Experian's attacks do not survive even the slightest scrutiny.

Fundamentally, as reflected in its repeated cites to its disallowed second motion for summary judgment,[6] Experian challenges the merits of Plaintiffs' claims, not their suitability for class treatment.  Much of Experian's misguided attack boils down to its claim that the inaccurate information disseminated in Plaintiffs' and some 2.1 million class members' credit reports is immaterial.  But the question at class certification, which Experian largely ignores, is whether this merits issue—the materiality of the inaccurate information—can be determined with common evidence applicable to the entire class.  And it clearly can, with Plaintiffs' expert testimony and the admissions of Experian's own representatives acknowledging the adverse impact of such inaccurate information.  As this Court has recognized, Experian's merits-based attack on class certification is inappropriate.  *Palm Beach Golf Ctr.-Boca, Inc. v. Sarris*, 311 F.R.D. 688, 694 (S.D. Fla. 2015) (Williams, J.) (rejecting argument against class certification because it "goes to

---

[6] Experian's initial response often cited the second motion for summary judgment that it sought leave to file.  This Court denied Experian's request to file the second motion, so Experian filed a corrected response replacing the cites to the disallowed second motion with cites to exhibits.

the merits of the case," and "[a]t the class certification stage, the Court does not delve into the merits of the case").

### CONCLUSION

For the foregoing reasons, and those explained in Plaintiffs' motion for class certification (ECF No. 86) and reply (ECF No. 127), Plaintiffs respectfully request that the Court decline to adopt the Report and certify the proposed class against Experian.

### REQUEST FOR ORAL ARGUMENT

Plaintiffs most respectfully request a hearing before the Court to present oral argument on this objection to the Report and Plaintiffs' motion for class certification, particularly given the importance of these issues to the course of this litigation and their complexity.  Since the Report is based on a clear error of law and it did not address any of the requirements of Rule 23 under the appropriate standard, a hearing would give the parties an opportunity to present the issues in the first instance to the Court and may assist in resolving or clarifying any disputes concerning the factual record. Plaintiffs anticipate that one hour should be sufficient for such a hearing.

 Dated: November 5, 2021                    Respectfully submitted,


                                            /s/ Peter Prieto
                                            Peter Prieto (FBN 501492)
                                            pprieto@podhurst.com
                                            Alissa Del Riego (FBN 99742)
                                            adelriego@podhurst.com
                                            **PODHURST ORSECK, P.A.**
                                            SunTrust International Center
                                            One S.E. 3rd Avenue, Suite 2300
                                            Miami, Florida  33131

                                            Roland Tellis (*admitted pro hac vice*)
                                            rtellis@baronbudd.com
                                            Jonas P. Mann (*admitted pro hac vice*)
                                            jmann@baronbudd.com
                                            **BARON & BUDD, P.C.**

19

15910 Ventura Boulevard, Suite 1600
Encino, California  91436


Dennis McCarty (*admitted pro hac vice*)
dennismccartylaw@gmail.com
Jonathan Raburn (*admitted pro hac vice*)
jonathan@geauxlaw.com
McCARTY & RABURN PLLC
2931 Ridge Road, Suite 101 #504
Rockwall, Texas  75032

## **CERTIFICATE OF SERVICE**

I hereby certify that, on November 5, 2021, a true and correct copy of the foregoing document was filed via CM/ECF, which will transmit electronic notices of filing to counsel of record.

 /s/Peter Prieto

Peter Prieto