**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

OMAR SANTOS and AMANDA CLEMENTS on                Case No 1:19-cv-23084-KMW
behalf of themselves and all others similarly
situated,

    Plaintiffs,

  vs.

HEALTHCARE REVENUE RECOVERY
GROUP, LLC d/b/a ARS ACCOUNT
RESOLUTION SERVICES and EXPERIAN
INFORMATION SOLUTIONS, INC.,

    Defendants.

_____/

### PARTIES' JOINT PROPOSED JURY INSTRUCTIONS

  Pursuant to the Scheduling Order in this matter, as amended, the parties file proposed

jury instructions.  The instructions are prepared consistent with Section VI of the Court's

scheduling order.

1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

OMAR SANTOS and AMANDA CLEMENTS on                  Case No 1:19-cv-23084-KMW
behalf of themselves and all others similarly
situated,

        Plaintiffs,

    vs.

HEALTHCARE REVENUE RECOVERY
GROUP, LLC d/b/a ARS ACCOUNT
RESOLUTION SERVICES and EXPERIAN
INFORMATION SOLUTIONS, INC.,

        Defendants.

_____/

**<u>PARTIES' JOINT PROPOSED JURY INSTRUCTIONS</u>**

**Jury Instruction No. 1 –Preliminary Instructions**

Members of the Jury:

    Now that you've been sworn, I need to explain some basic principles about a civil trial and

your duty as jurors. [These are preliminary instructions. I'll give you more detailed instructions at

the end of the trial.][1]

<u>The jury's duty</u>:

    It's your duty to listen to the evidence, decide what happened, and apply the law to the

facts. It's my job to provide you with the law you must apply – and you must follow the law even

if you disagree with it.

---

[1] Plaintiffs request that all instructions be read at the outset of the case so that the jury is aware of
the issues that it must consider. See Fed. R. Civ. P. 51(b)(3).

<u>What is evidence</u>:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

<u>Credibility of witnesses</u>:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

· the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

· the witness's memory;

· the witness's manner while testifying;

· any interest the witness has in the outcome of the case;

· any bias or prejudice the witness may have;

· any other evidence that contradicts the witness's testimony;

4

· the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions.

The Plaintiffs are Omar Santos and Amanda Clements, who I will refer to as Plaintiffs. The Defendant is Experian Information Solutions, Inc., which I will refer to as Experian.

<u>This case is a class action. A class action is a lawsuit that has been brought by one or more plaintiffs on behalf of a larger group of people who have similar legal claims. All these people together are called a "class." Plaintiffs bring this action as the class representatives on behalf of a class of 2,171,717 people. In a class action, the claims of many individuals can be resolved at the same time instead of requiring each member to sue separately. Because of the large number of claims that are at issue in this case, not everyone in the class will testify. You may assume that the evidence in this trial applies to all class members. All members of the class will be bound by the result of this trial.</u>

<u>In this case, the class consists of the following:</u>

<u>All consumers in the United States whose Experian credit reports had an account or accounts reported by ARS with an inaccurately displayed Date of Status and were viewed by one or more third-parties from July 24, 2017 through September 30, 2019.</u>

Plaintiffs allege that Experian willfully violated the Fair Credit Reporting Act, which is often referred to as the "FCRA." The FCRA is a federal law that requires consumer reporting agencies, such as Experian, to adopt reasonable procedures for the reporting of consumers' personal and financial information.

Under the FCRA, whenever a consumer reporting agency, such as Experian, prepares a consumer report, it must follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

Here, Plaintiffs claim that Experian violated the FCRA because it provided credit reports containing inaccurate information about them and members of the class to third-parties for credit decisions. Specifically, Plaintiffs allege that their Experian credit reports listed inaccurate delinquency-related dates, known as the Date of Status or the Payment Level Date, and incorrect account history for accounts reported by ARS Account Resolution Services, a medical debt collector. Plaintiffs further allege that Experian's inaccurate reports created the misleading impression that Plaintiffs' and class members' debts entered "collections" status more recently than they really did.

Plaintiffs assert that because Experian willfully violated the FCRA, they and members of the class should be awarded statutory damages and punitive damages.

*On the other hand, Experian denies Plaintiffs' claims. Experian asserts that it used a comprehensive system of reasonable procedures for ensuring the accuracy of Plaintiffs' credit reports. The Date of Status changed on Plaintiffs' collections accounts because of an inadvertent human oversight, which occurred only because of a unique circumstance in onboarding ARS as a returning customer. Experian's internal quality-control systems discovered the issue and corrected it. Experian further argues that the Plaintiffs were never harmed by the changed date they complain about. Under industry standards, the Payment Level Date and payment history on a medical collections account has no effect on credit scores and is never used to determine the age of the account. Further, the Payment Level Date or payment history never gave Plaintiffs'*

6

*creditors the misleading impression that Plaintiffs' debts entered "collections" status more recently than they did*.

<u>Burden of proof</u>:

Plaintiffs have the burden of proving *all the elements of their claim* that Experian *willfully violated the FCRA* <u>provided their credit reports with inaccurate information contained on them to third-parties</u> by what the law calls a "preponderance of the evidence." <u>If they do so, then the burden of proof shifts to Experian to prove by a preponderance of the evidence that it fulfilled the requirements of the FCRA by maintaining reasonable procedures to ensure maximum possible accuracy of Plaintiffs' credit reports.</u>

Proving something by a "preponderance of the evidence" means that the party that has the burden of proof must prove that, in light of all the evidence, that the fact or element it has to prove is more likely true than not. So, if you could put the evidence favoring the party which has the burden to prove something and the evidence favoring the other party on opposite sides of balancing scales, the party who has the burden of proof needs to make the scales tip to his side.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

<u>You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof that only applies to criminal cases. It does not apply to civil cases such as this and so you should put it out of you mind.</u>

<u>Conduct of the jury</u>:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the

courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiffs will present their witnesses and ask them questions. After Plaintiffs question the witness, Experian may ask the witness questions – this is called "cross-examining" the witness. Then Experian will present its witnesses, and Plaintiffs may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

## AUTHORITY FOR JURY INSTRUCTION NO. 1

Pattern Jury Instruction 1.1, Civil Cases, Eleventh Circuit (2020 revision): General Preliminary Instruction (as revised to describe a class action, address shifting burdens in an FCRA case, and avoid use of burden of proof in criminal case); *Williams v. First Advantage LNS Screening Sols. Inc.*, 947 F.3d 735, 745 (11th Cir. 2020) (discussing 15 U.S.C. § 1681e(b)); *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1280 (11th Cir. 2017) (same); *Sampson v. Equifax Info. Servs., LLC*, No. CIV.A. CV204-187, 2005 WL 2095092, at *2–3 (S.D. Ga. Aug. 29, 2005) (citing *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991)) ("If a consumer satisfies her initial burden by presenting evidence tending to show that the reporting agency published a credit report containing inaccurate data, '[t]he agency can escape liability if it establishes that an inaccurate report was generated by following reasonable procedures….'").

**Jury Instruction No. 2 – Questions**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**<u>AUTHORITY FOR JURY INSTRUCTION NO. 2</u>**

Pattern Jury Instruction 1.4, Civil Cases, Eleventh Circuit (2020 revision): Jury Questions

**Jury Instruction No. 3 – Interim Statements**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**AUTHORITY FOR JURY INSTRUCTION NO. 3**

Pattern Jury Instruction 1.5, Civil Cases, Eleventh Circuit (2020 revision): Interim Statements

**Jury Instruction No. 4 – Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**AUTHORITY FOR JURY INSTRUCTION NO. 4**

Pattern Jury Instruction 2.1, Civil Cases, Eleventh Circuit (2020 revision): Stipulations

**Jury Instruction No. 5 – Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**AUTHORITY FOR JURY INSTRUCTION NO. 5**

Pattern Jury Instruction 2.2, Civil Cases, Eleventh Circuit (2020 revision): Use of Depositions

**Jury Instruction No. 6 – Opening Statements**

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, [Mr./Ms.] [name of attorney] is going to make a short statement. Please remember that the statement you are about to hear – like all statements by the lawyers – is [Mr./Ms.] [name of attorney]'s view of the evidence or of what [he/she] anticipates the evidence will be, but isn't itself evidence.

**AUTHORITY FOR JURY INSTRUCTION NO. 6**

Pattern Jury Instruction 2.4, Civil Cases, Eleventh Circuit (2020 revision): Interim Statements

**Jury Instruction No. 7 – Judicial Notice**

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

**<u>AUTHORITY FOR JURY INSTRUCTION NO. 7</u>**

Pattern Jury Instruction 2.5, Civil Cases, Eleventh Circuit (2020 revision): Judicial Notice

**Jury Instruction No. 8 – Use of Interrogatories**

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

**<u>AUTHORITY FOR JURY INSTRUCTION NO. 8</u>**

Pattern Jury Instruction 2.6, Civil Cases, Eleventh Circuit (2020 revision): Use of Interrogatories

**Jury Instruction No. 9 – Introduction**

<u>COURT'S INSTRUCTIONS TO THE JURY</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.


**<u>AUTHORITY FOR JURY INSTRUCTION NO. 9</u>**

Pattern Jury Instruction 3.1, Civil Cases, Eleventh Circuit (2020 revision): Introduction

**Jury Instruction No. 10 – The Duty to Follow Instructions**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**AUTHORITY FOR JURY INSTRUCTION NO. 10**

Pattern Jury Instruction 3.2.2, Civil Cases, Eleventh Circuit (2020 revision): The Duty to Follow Instructions – Corporate Party Involved

### Jury Instruction No. 11 – Evidence

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**<u>AUTHORITY FOR JURY INSTRUCTION NO. 11</u>**

Pattern Jury Instruction 3.3, Civil Cases, Eleventh Circuit (2020 revision): Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

**Jury Instruction No. 12 – Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

**AUTHORITY FOR JURY INSTRUCTION NO. 12**

Pattern Jury Instruction 3.4, Civil Cases, Eleventh Circuit (2020 revision): Credibility of Witnesses

**Jury Instruction No. 13 –**

**Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.


**AUTHORITY FOR JURY INSTRUCTION NO. 13**

Pattern Jury Instruction 3.5.1, Civil Cases, Eleventh Circuit (2020 revision): Impeachment of Witnesses Because of Inconsistent Statements

**Jury Instruction No. 14 – Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

**AUTHORITY FOR JURY INSTRUCTION NO. 14**

Pattern Jury Instruction 3.6.2, Civil Cases, Eleventh Circuit (2020 revision): Expert Witness – When Expert Fees Represent a Significant Portion of the Witness's Income

## Jury Instruction No. 15 – Burden of Proof

As I mentioned earlier, in this case it is the responsibility of the Plaintiffs to prove every essential part of their claims by a "preponderance of the evidence." If Plaintiffs meet that <u>initial</u> burden, Experian then has the burden of proving *any affirmative defense by a preponderance of the evidence* <u>that it fulfilled the requirements of the FCRA</u>. This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the facts offered by a party are more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

## <u>AUTHORITY FOR JURY INSTRUCTION NO. 15</u>

Pattern Jury Instruction 3.7.1, Civil Cases, Eleventh Circuit (2020 revision): Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence (as revised for shifting burdens); *Williams v. First Advantage LNS Screening Sols. Inc.*, 947 F.3d 735, 745 (11th Cir. 2020) (discussing 15 U.S.C. § 1681e(b)); *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1280 (11th Cir. 2017) (same); *Sampson v. Equifax Info. Servs., LLC*, No. CIV.A. CV204-187, 2005 WL 2095092, at *2–3 (S.D. Ga. Aug. 29, 2005) (citing *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991)) ("If a consumer satisfies her initial burden by presenting evidence tending to show that the reporting agency published a credit report containing inaccurate data, '[t]he agency can escape liability if it establishes that an inaccurate report was generated by following reasonable procedures….'").

**Jury Instruction No. 16 – FCRA's General Purpose**

The FCRA is a federal law that requires consumer reporting agencies to adopt reasonable procedures for the handling of consumers' personal and financial information in a manner which is fair and equitable for consumers with regard to confidentiality, accuracy, relevancy, and the proper use of such information.

**AUTHORITY FOR JURY INSTRUCTION NO. 16**

See 15 U.S.C. §1681(b) ("It is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter.").

**Jury Instruction No. 17 – FCRA Definitions**

Plaintiffs are "consumers" entitled to the protection and benefit of the FCRA. Experian is a consumer reporting agency that is regulated by the FCRA. *Under the FCRA, a "consumer report" is any report that serves as a factor in establishing a consumer's eligibility for credit that is used or expected to be used primarily for personal, family, or household purposes.* The credit reports referred to in this case are consumer reports within the meaning of the FCRA *only if they were sent by Experian to a third party, such as a bank or other lender. A report sent by Experian directly to the Plaintiffs is called a "consumer disclosure."*

**AUTHORITY FOR JURY INSTRUCTION NO. 17**

See 15 U.S.C. § 1681a(c), (d), and (f) (definitions)

**Jury Instruction No. 18 –Plaintiffs' FCRA Claim [15 U.S.C. § 1681e(b)]**

The FCRA requires that, when any consumer reporting agency prepares a consumer report, it must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the [agency's] report relates." To *be accurate* <u>reach maximum possible accuracy</u>, information must be factually true and *not materially misleading* <u>also unlikely to lead to a misunderstanding</u>. *Information is materially misleading if "it is objectively likely to cause the intended user to take adverse action against its subject." "On the other hand, the fact that some user somewhere could possibly squint at a report and imagine a reason to think twice about its subject would not render the report objectively misleading."* <u>Under this standard, a consumer reporting agency like Experian can be liable under FCRA even if it generates a consumer report that is technically accurate but nonetheless misleads its users as to its meaning or implication.</u>

*The FCRA, however, recognizes that total accuracy in Experian's consumer reports is not a realistic objective, and it does not require Experian's consumer reports to be error-free. The mere fact that Experian may have furnished consumer reports related to Plaintiffs that contained inaccurate information is not, in and of itself, sufficient for you to find that Experian is liable under the FCRA.*

*The FCRA instead requires Experian to adopt reasonable procedures. Experian violated the FCRA only if it failed to have reasonable procedures in place when preparing Plaintiffs' credit reports. That is true even if the credit report contained inaccurate information. A procedure is "reasonable" if it is a procedure that you would expect an ordinarily prudent company to follow under similar circumstances. In evaluating whether Experian's procedures were "reasonable," you must weigh different factors: first, the risk of inaccuracy using existing procedures; second,*

*whether the specific inaccuracy would cause serious harm to consumers; third, the cost and feasibility of adopting additional procedures; and fourth, Experian's ability to maintain consumer credit data in a way that meets the needs of consumers and creditors in commerce.*

*A procedure is not unreasonable simply because an employee made a mistake. The FCRA recognizes that a consumer reporting agency like Experian maintains consumer credit information for millions of consumers and must process this information in a manner that adequately meets the needs of consumers applying for credit and lenders extending credit. Thus, the FCRA requires Experian only to adopt reasonable procedures for ensuring accuracy, not to ensure that no employee ever makes an inadvertent error.*

Plaintiffs claim that Experian violated this requirement of the FCRA by *failing to have reasonable procedures in place, and by* including on their credit reports inaccurate delinquency-related dates, known as the Date of Status or the Payment Level Date, and incorrect account history for accounts reported by ARS Account Resolution Services, a medical debt collector. Plaintiffs further allege that Experian provided those credit reports to third-parties for credit decisions, and those inaccurate reports created the misleading impression that Plaintiffs' debts entered "collections" status more recently than they really did.

Plaintiffs have the initial burden to prove by the preponderance of the evidence that *(1)* their Experian credit reports contained inaccurate information and *(2)* that those credit reports were provided to third-parties*, and (3) that an inaccuracy in the credit report caused a third party to deny credit to the Plaintiffs, or caused the Plaintiffs to suffer some other type of damage.*

If Plaintiffs meet that burden, the burden shifts to Experian to prove *by a preponderance of the evidence that* it followed reasonable procedures to assure the maximum possible accuracy of Plaintiffs' credit reports. In determining whether Experian has maintained reasonable

procedures, you must weigh the potential that the information will create a kind of misleading impression against the availability of more accurate information and the burden on Experian providing such information. The FCRA is not directed to Experian's policy, but at the actual procedure, method or steps the company, its employees, or its agents followed in obtaining information, and in preparing and disclosing the credit reports.

## AUTHORITY FOR JURY INSTRUCTION NO. 18

See 15 U.S.C. § 1681e(b); Pattern Jury Instruction 1.1, Civil Cases, Eleventh Circuit (2020 revision): General Preliminary Instruction (as revised to address shifting burdens); *Williams v. First Advantage LNS Screening Sols. Inc.*, 947 F.3d 735, 745 (11th Cir. 2020) (discussing 15 U.S.C. § 1681e(b)); *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1280 (11th Cir. 2017) (same); *Sampson v. Equifax Info. Servs., LLC*, No. CIV.A. CV204-187, 2005 WL 2095092, at *2–3 (S.D. Ga. Aug. 29, 2005) (citing *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991)) ("If a consumer satisfies her initial burden by presenting evidence tending to show that the reporting agency published a credit report containing inaccurate data, '[t]he agency can escape liability if it establishes that an inaccurate report was generated by following reasonable procedures…'").

*3A Fed. Jury Prac. & Instr. § 153 (Overview) (6th ed.) ("The Fair Credit Reporting Act does not impose strict civil liability upon consumer reporting agencies for the accuracy or completeness of the information contained in their reports."); Erickson v. First Advantage Background Servs. Corp., 981 F.3d 1246, 1252 (11th Cir. 2020) ("[W]hen evaluating whether a*

*report is accurate under the Act, we look to the objectively reasonable interpretations of the report. If a report is so misleading that it is* **objectively likely to cause the intended user to take adverse action against its subject,** *it is not maximally accurate. On the other hand, the fact that some user somewhere could possibly squint at a report and imagine a reason to think twice about its subject would not render the report objectively misleading.")*

### Jury Instruction No. 19 – Willful Violations of the FCRA

*Plaintiffs claim that Experian "willfully" failed to adopt reasonable procedures to assure accuracy of Plaintiffs' credit reports.  Plaintiffs have the burden of proof and must persuade you by a preponderance of the evidence that Experian willfully failed to adopt reasonable procedures for the accuracy of Plaintiffs' credit reports.*  A company such as Experian willfully violates the FCRA by acting either with knowledge that its act violated the FCRA, or in reckless disregard of the FCRA. Reckless disregard entails an unjustifiably high risk of harm that is either known or so obvious that it should be known. A defendant may act with reckless disregard of its statutory obligations by repeatedly ignoring warning signs that it is violating the law or by failing to take corrective action to prevent future violations.

Note that *violations of the FCRA that occur through mere carelessness or negligence are not willful.  On the other hand,* reckless disregard need not be a knowing, intentional, premeditated or malicious violation of the law. Plaintiffs Omar Santos and Amanda Clements do not need to show that Experian deliberately violated the law, only that it acted with reckless disregard for their rights as consumers under the FCRA. *This means that Plaintiffs bear the burden of proving that Experian's procedures posed an unjustifiably high risk of inaccuracy that was either known to Experian or so obvious that it should have been known.  A risk is unjustifiably high only if the risk of a harmful inaccuracy in a credit report substantially outweighs the cost and feasibility of adopting additional procedures that would effectively reduce the risk.*

Your verdict will be for the Plaintiffs if you find that Experian willfully violated the FCRA.

Your verdict will be for Experian if Plaintiffs do not prove Experian willfully violated the FCRA.

**<u>AUTHORITY FOR JURY INSTRUCTION NO. 19</u>**

See 15 U.S.C. §1681n; *Williams v. First Advantage LNS Screening Sols. Inc*, 947 F.3d 735, 745

(11th Cir. 2020); *Safeco Ins. Co. of Amer. v. Burr*, 551 U.S. 47, 57–68 (2007).

*Jury Instruction No. 19.5 – Standing*

To present their claims, Plaintiffs must also satisfy a requirement known as "standing." This requires Plaintiffs to prove that Experian caused them a "concrete injury" by violating the FCRA.  Plaintiffs can establish a concrete injury by proving that Experian sent an inaccurate credit report to a lender, and that the inaccuracy was meaningful or "material" to the lender in making credit determinations.

Plaintiffs have alleged that Experian's inaccurate reports created the misleading impression that Plaintiffs' debts entered "collections" status more recently than they really did. Thus, to meet their burden of establishing standing, Plaintiffs must prove that a lender received an inaccurate report about each Plaintiff, and that the inaccurate information caused each lender to have the impression that Plaintiffs' debts entered collections status more recently than they really did.

**_AUTHORITY FOR JURY INSTRUCTION NO. 19.5_**

*Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (facts alleged to support standing "must be supported adequately by the evidence adduced at trial"); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 342 (2016) (only a material inaccuracy in a credit report causes injury); *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2209 (2021) (inaccurate statement in credit report that plaintiff was a "potential terrorist" was material to lenders and therefore caused injury).

**Jury Instruction No. 20 – Statutory Damages**

Plaintiffs are claiming statutory damages in this case.

If you find that Experian willfully violated the FCRA, *and that an inaccurate credit report caused Plaintiffs to be denied credit or suffer some other harm*, you must award statutory damages between $100 and $1000 to Plaintiffs <u>and every class member</u>. It is up to you to set the amount based upon the facts and circumstances of this case. When determining the amount of statutory damages, you may consider congress's purposes in enacting the FCRA.

<u>Plaintiffs do not need to prove that they suffered actual damages in order to recover statutory damages.</u>

**<u>AUTHORITY FOR JURY INSTRUCTION NO. 20</u>**

See 15 U.S.C. §1681n; *Safeco Ins. Co. of Amer. v. Burr*, 551 U.S. 47, 57–68 (2007) (statutory damages for willful violations of the FCRA); *Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1311 (11th Cir. 2009) ("statutory damages may be used in cases where no actual damages were incurred"); *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 921 (11th Cir. 2020) (same); *Ashby v. Farmers Ins. Co. of Oregon*, 592 F. Supp. 2d 1307, 1313–15 (D. Or. 2008) ("The Court concludes the factor most germane to the amount of a statutory-damages award to class members is the jury's perception of the importance, and hence the value, of the rights and protections conferred on the consuming public by FCRA's adverse-action notice requirements."); *Dreher v. Experian Info. Solutions, Inc.*, 2014 WL 2800766, at *3–4 (E.D. Va. June 19, 2014) (same).

*Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1160 (11th Cir. 1991) (plaintiff has "the affirmative duty of coming forward with evidence supporting his claim that [defendant's] alleged inaccurate report caused him harm"); Dkt. 83 at 9, *Santos v. HRRG LLC*, No. 19-cv-23084 (S.D. Fla. March 23, 2021) ("the Court reiterates that to prevail, Plaintiffs must ultimately prove that Experian's 'consumer report was inaccurate and that the inaccurate report caused [Plaintiffs] to suffer damages.'").

**Jury Instruction No. 21 – Punitive Damages**

Plaintiffs are also seeking punitive damages in this case.

The FCRA provides that if you find *by clear and convincing evidence* that Experian willfully violated the FCRA, you may award punitive damages in addition to statutory damages.

*Clear and convincing evidence is a higher burden for Plaintiffs to meet than the preponderance of the evidence. Evidence is clear and convincing only if it persuades you that the claim is highly probable or reasonably certain. Therefore, you may award punitive damages only if you determine that it is highly probable or reasonably certain that Experian willfully violated the FCRA.*

The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party.

In considering the amount of any punitive damages, you should consider the degree of reprehensibility of Experian's conduct. You may also consider the evidence regarding Experian's financial resources.


**AUTHORITY FOR JURY INSTRUCTION NO. 21**

15 U.S.C. §1681n; 3A Fed. Jury Prac. & Instr. § 153:71 (6th ed.) (punitive damages);

 *Williams v. First Advantage LNS Screening Sols. Inc*, 947 F.3d 735, 750 (11th Cir. 2020) (discussing standard for punitive damages).

*In re Thomason, 493 B.R. 890, 903 (Bankr. N.D. Ga. 2013) (stating that an award of punitive damages requires clear and convincing evidence of actions that are "so egregious in nature that they display a callous defiance of federal law or betray a malicious intent to cause harm")*

### Jury Instruction No. 22 – Duty to Deliberate

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**AUTHORITY FOR JURY INSTRUCTION NO. 22**

Pattern Jury Instruction 3.8.1, Civil Cases, Eleventh Circuit (2020 revision): Duty to Deliberate When Only the Plaintiff Claims Damages

**Jury Instruction No. 23 – Election of Foreperson Explanation of Verdict Form**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**AUTHORITY FOR JURY INSTRUCTION NO. 23**

Pattern Jury Instruction 3.9, Civil Cases, Eleventh Circuit (2020 revision): Election of Foreperson Explanation of Verdict Form[s]

Dated: November 12, 2021                    Respectfully submitted,


                                            /s/ A.M. Cristina Pérez Soto
                                            A.M. Cristina Pérez Soto
                                            Fla. Bar No. 096692
                                            Christina Mastrucci Lehn
                                            Fla. Bar No. 113013
                                            **JONES DAY**
                                            600 Brickell Avenue, Suite 3300
                                            Miami, Florida 33131
                                            Telephone: (305) 714-9700
                                            Facsimile: (305) 714-9799
                                            E-mail: cperezsoto@jonesday.com
                                            Email: cmlehn@jonesday.com

                                            William R. Taylor (*pro hac vice*)
                                            **JONES DAY**
                                            717 Texas, Suite 3300
                                            Houston, TX  77002
                                            Telephone: (832) 239-3939
                                            Facsimile: (832) 239-3600
                                            Email: wrtaylor@jonesday.com

                                            John A. Vogt (*pro hac vice*)
                                            **JONES DAY**
                                            3161 Michelson Drive, Suite 800
                                            Irvine, CA 92612-4408
                                            (949) 851-3939
                                            javogt@jonesday.com

                                            *Attorneys for Defendant*
                                            *Experian Information Solutions, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 12, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record.

*/s/ A.M. Cristina Pérez Soto*
A.M. Cristina Pérez Soto
