**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:19-CV-23084-WILLIAMS/TORRES**

| | |
|---|---|
| OMAR SANTOS and AMANDA CLEMENTS on behalf of themselves and all others similarly situated, )<br>)<br>)<br>) | |
| Plaintiffs, )<br>) | CASE NO. 1:19-cv-23084-KMW |
| v. )<br>) | |
| HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES, and EXPERIAN INFORMATION SOLUTIONS, INC., )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. )<br>)<br>)<br>) | |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

i

Defendant Experian Information Solutions, Inc., hereby moves for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Experian is entitled to judgment in its favor because Plaintiffs have conceded they did not plead or suffer any actual damages caused by Experian's alleged conduct, and this Court has conclusively ruled that Plaintiffs must prove minimal actual damages to establish their claims under section 1681e(b) and 1681i of the Fair Credit Reporting Act (FCRA).[1]

## BACKGROUND

The alleged basis for Plaintiffs' FCRA claims is that Experian listed an inaccurate status date for certain collection accounts on Plaintiffs' consumer reports. ECF No. 1 ¶¶ 38–41, 44-47; *see also* ECF No. 133 at 2-3. During discovery it became clear that the allegedly inaccurate date never caused Plaintiffs to suffer a denial of credit or any other actual damages. Experian therefore moved for summary judgment on the ground that causation and actual damages are elements of Plaintiffs' claims, and that Plaintiffs suffered no actual damages. ECF No. 39. In the summary judgment ruling, this Court agreed with Experian on the law, and held that "Plaintiffs must ultimately prove that Experian's 'consumer report was inaccurate and that the inaccurate report caused [Plaintiffs] to suffer damages.'" ECF No. 83 at 11 (quoting *Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1251 (11th Cir. 2020)). Rather than entering judgment in Experian's favor, however, the Court ruled that Plaintiffs should have an opportunity for more discovery to prove that a "[credit] denial was caused by an inaccuracy in Experian's report if, in

---

[1] This motion is limited to the issue of actual damages as part of a stipulation with Plaintiffs to efficiently dispose of the case on a narrow basis. But Experian has, and reserves the right to raise on appeal or otherwise, alternative grounds for judgment in its favor.

1

fact, that is the case." *Id.* at 11 & n.3.  That ruling was based on Plaintiffs' insistence, at the time, that "they were in fact damaged" by the allegedly inaccurate status date.  *Id.* at 9.

After the close of discovery, Plaintiffs moved for class certification and disclaimed any reliance on actual damages.  ECF No. 88.  Notwithstanding this Court's summary judgment ruling, Plaintiffs argued that "any actual damages to Plaintiffs or class members are irrelevant" because "Plaintiffs have elected to seek statutory damages."  *Id.* at 18.  Magistrate Judge Torres rejected Plaintiffs' argument and recommended denying class certification.  In Judge Torres's view, this Court's summary judgment order "unequivocally found" that Plaintiffs must prove actual damages as an element of their claims.  ECF No. 147 at 8.  And proof of actual damages for each class member "would be an individual and highly factual determination," which defeated predominance for class certification under Rule 23(b)(3).  *Id.* at 9.  Plaintiffs then filed an objection to Judge Torres's report.

While the class certification motion was pending, Plaintiffs filed an expedited motion to stay trial, which had been scheduled for January 2022.  ECF No. 176.  Plaintiffs conceded that they "do not plead actual damages," they "disclaimed seeking actual damages" in this case, and they stipulated that they "will not present evidence of actual damages" at trial.  ECF No. 176 at 3–4.  As a result, Plaintiffs argued, if actual damages are an element of their FCRA claims, then the "efficient" course is for this Court "to resolve the case through" an "expedited motion for judgment on the pleadings," and enter final judgment in Experian's favor.  *Id.* at 4.

At the December 21, 2021 Calendar Call (ECF No. 183), this Court informed the Parties that it would adopt Judge Torres's Report and deny class certification for the reasons stated in the Report.  *See* ECF No. 183.  That same day, the Court entered a paperless order adopting the Report and denying class certification.  ECF No. 184.  At the Calendar Call, the Court and the Parties

2

discussed Experian filing a motion for judgment on the pleadings that could dispose of the case without the need for trial. *See* ECF No. 183. The Parties have conferred and agreed to the proposed briefing schedule filed contemporaneously herewith.

## LEGAL STANDARD

Judgment on the pleadings should be entered "when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002). "If upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint." *Id.* Where, as here, "the defendant is the movant, a motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6)." *FBK Assocs. v. Suntrust Bank*, No. 13-CV-20156, 2014 WL 12514899, at *2 (S.D. Fla. Nov. 19, 2014) (Williams, J.).

## ARGUMENT

Experian is entitled to judgment in its favor. As this Court has twice ruled, causation and actual damages are elements of Plaintiffs FCRA claims. ECF No. 83 at 11; ECF No. 184; *see also* ECF No. 147 at 8. This is compelled by Eleventh Circuit precedent and is the best reading of the FCRA, in light of its purpose, text, and history, as Experian has explained. ECF No. 151 at 3–6.

Plaintiffs admit that they cannot prove these elements of their claims. Indeed, they have now conceded that (1) they never pleaded actual damages, (2) they never suffered actual damages, and (3) they will not attempt to prove actual damages at trial. ECF No. 176 at 3–4; *see* ECF No. 1 (Complaint) ¶¶ 2, 71. Based on these undisputed concessions, Plaintiffs' Complaint fails to

3

plead a claim as a matter of law. Further, any amendment to the Complaint would be futile. Consequently, there is nothing left for this Court to do but to enter judgment in Experian's favor.

WHEREFORE, Experian respectfully requests that the Court grant this motion, dismiss the complaint, and enter final judgment in its favor with prejudice.

Dated: January 10, 2022                             Respectfully submitted,


/s/ *A.M. Cristina Pérez Soto*
A.M. Cristina Pérez Soto
Fla. Bar No. 096692
Christina Mastrucci Lehn
Fla. Bar No. 113013
**JONES DAY**
600 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 714-9700
Facsimile: (305) 714-9799
E-mail: cperezsoto@jonesday.com
Email: cmlehn@jonesday.com

William R. Taylor (*pro hac vice*)
**JONES DAY**
717 Texas, Suite 3300
Houston, TX  77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
Email: wrtaylor@jonesday.com

John A. Vogt (*pro hac vice*)
**JONES DAY**
3161 Michelson Drive, Suite 800
Irvine, CA 92612-4408
(949) 851-3939
javogt@jonesday.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 10, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record.

*/s/ A.M. Cristina Pérez Soto*
A.M. Cristina Pérez Soto