## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

OMAR SANTOS and AMANDA CLEMENTS on behalf of themselves and all others similarly situated,

        Plaintiffs,

  vs.

HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES and EXPERIAN INFORMATION SOLUTIONS, INC.,

        Defendants.
_____/

Case No 1:19-cv-23084-KMW

**PLAINTIFFS' MOTION TO STAY PENDING RESOLUTION OF THEIR RULE 23(f) APPEAL AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs Omar Santos and Amanda Clements ("Plaintiffs") respectfully move for an Order staying this action until the United States Court of Appeals for the Eleventh Circuit resolves Plaintiffs' pending appeal of this Court's Order denying Plaintiffs' motion for class certification.

## INTRODUCTION

On April 15, 2022, the Eleventh Circuit ***granted*** Plaintiffs' petition for permission to appeal this Court's denial of Plaintiffs' motion for class certification under Fed. R. Civ. P. 23(f), and the appeal is now pending. (ECF No. 198.) This development is significant. The Eleventh Circuit rarely grants review under Rule 23(f).[1] One of the criteria it uses when considering a Rule 23(f) petition is whether the challenged decision likely constitutes an abuse of discretion. That the Eleventh Circuit granted review here, therefore, indicates that Plaintiffs have a strong likelihood of success on the merits. Courts routinely exercise their discretion to stay actions under these circumstances.

A stay is particularly appropriate here because the appeal will resolve a discrete legal issue—whether Plaintiffs must prove that they and putative class members suffered actual damages in order to recover statutory damages under § 1681n(a) of the Fair Credit Reporting Act ("FCRA")—that is critical to both the class certification decision and the merits of the case. Plaintiffs have argued that the text of the FCRA creates a cause of action for willful violations of the statute entitling consumers to recover either actual damages *or* statutory damages in a range between $100 and $1,000. 15 U.S.C. § 1681n(a). Plaintiffs asserted such a claim against

---

[1] *See Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1277 (11th Cir. 2000) (the Eleventh Circuit typically "use[s] restraint in accepting Rule 23(f) petitions"); Jonathan R. Chally, et al., *Interlocutory Appeal of Class Certification Decisions Under Rule 23(f): An Untapped Resource*, Bloomberg Law (Nov. 11, 2014), available at https://news.bloomberglaw.com/us-law-week/interlocutory-appeal-of-class-certification-decisions-under-rule-23-f-an-untapped-resource (observing that the Eleventh Circuit accepts Rule 23(f) petitions at "unusually low rates").

1

Defendant Experian Information Solutions, Inc. ("Experian") and elected to seek statutory damages instead of actual damages. But this Court, in an order otherwise denying Experian's motion for summary judgment, held that Plaintiffs must prove that Experian's "inaccurate report caused [Plaintiffs] to suffer damages." (ECF No. 83 at 10-11.) That ruling then served as the sole basis for denying Plaintiffs' motion for class certification. (ECF Nos. 147, 184.) The pending appeal, therefore, will resolve whether proof of actual damages is required to recover statutory damages under the FCRA.

There is no valid reason to rush forward while the Eleventh Circuit is deciding a central legal question that may dramatically alter the landscape of this case. A ruling from the Eleventh Circuit in Plaintiffs' favor, for example, would require denial of Experian's pending motion for judgment on the pleadings, which rests on the same issue that the Eleventh Circuit will resolve in the appeal. (ECF No. 186.) Indeed, in granting Plaintiff's petition for permission to appeal, the Eleventh Circuit rejected Experian's claim that its pending motion for judgment on the pleadings obviates the need for immediate review. The Eleventh Circuit's ultimate resolution of the discrete legal issue before it—regardless of which party prevails—will be binding on this Court and dictate the course of this litigation.

As explained below, the factors that courts generally consider when determining whether to stay an action pending appeal favor Plaintiffs' request: Plaintiffs have a strong likelihood of success on the merits, the balance of hardships tilts towards granting a stay, and Experian cannot plausibly suggest that a stay will in any way prejudice it. For these reasons, courts routinely stay litigation once a petition for appeal under Rule 23 has been granted. *See, e.g., Earl v. Boeing Co.*, 21 F.4th 895, 900 (5th Cir. 2021) (staying district court proceedings pending resolution of Rule 23(f) appeal); *Aronson v. Gannett Publ'g Servs., LLC*, No. EDCV-19-996, 2020 WL 8610851, at

*1 (C.D. Cal. Dec. 15, 2020) (staying case after Ninth Circuit granted Rule 23(f) review); *Nieberding v. Barrette Outdoor Living, Inc.*, No. 12-2353-DDC-TJJ, 2014 WL 5817323, at *2 (D. Kan. Nov. 10, 2014) (staying all proceedings after Tenth Circuit granted Rule 23(f) review); *In re Amgen Inc. Sec. Litig.*, No. CV072536PSGPLAX, 2010 WL 11469044, at *1 (C.D. Cal. Feb. 2, 2010) (staying case after Ninth Circuit granted Rule 23(f) review); *see also* Joseph M. McLaughlin, McLaughlin on Class Actions Law and Practice § 7:1 (12th ed. 2015) ("Even if a stay is denied when the application is based solely on the filing of a Rule 23(f) petition, courts have been more willing to re-evaluate whether a stay should issue once the petition is granted.").

In accordance with the weight of authority and for the reasons explained below, this Court should stay proceedings in this action until the Eleventh Circuit resolves the pending Rule 23(f) appeal.

## **BACKGROUND**

On April 5, 2021, Plaintiffs filed a motion for class certification. (ECF No. 86.) On May 13, 2021, this Court referred the motion to Magistrate Judge Torres (ECF No. 114), who, on October 27, 2021, issued a report and recommendation to deny class certification (ECF No. 147). The report and recommendation rested entirely on this Court's summary judgment holding that Plaintiffs must prove actual damages to recover statutory damages, which served as "a roadblock to Plaintiffs' position." (*Id*. at 7.)

On November 5, 2021, Plaintiffs filed objections to the report and recommendation, arguing that requiring actual damages or credit denial was inconsistent with the text of § 1681n of the FCRA and binding authority. (ECF No. 150.) On December 21, 2021, the Court affirmed and adopted the report and recommendation, thus denying Plaintiffs' motion for class certification. (ECF No. 184.)

On January 4, 2022, Plaintiffs filed a petition for permission to appeal the Court's denial of class certification pursuant to Fed. R. Civ. P. 23(f). On April 15, 2022, the Eleventh Circuit granted Plaintiffs' petition. (ECF No. 198.)

## ARGUMENT

This Court has broad discretion to stay these proceedings pending the Eleventh Circuit's resolution of Plaintiffs' appeal of the denial of class certification. *See* Fed. R. Civ. P. 23(f). To decide whether to grant a stay, courts generally consider four factors: (1) whether the movant makes a strong showing that it is likely to succeed on the merits; (2) whether the movant will be irreparably injured without a stay; (3) whether other interested parties will be irreparably injured by a stay; and (4) where the public interest lies. *See Nken v. Holder*, 556 U.S. 418, 426 (2009). As discussed below, the application of these factors weighs in favor of a temporary stay pending the outcome of the appeal.

### 1. Plaintiffs' Appeal Is Likely to Succeed.

"Generally speaking, the first factor" of the four-factor test "is the most important." *Guirola-Beeche v. U.S. Dep't of Just.*, 662 F. Supp. 1414, 1417-18 (S.D. Fla. 1987). It weighs strongly in favor of a stay because the Eleventh Circuit's order granting Plaintiffs' petition to appeal the class certification decision is *prima facie* evidence that there is a likelihood of success on the merits. One of the "guideposts" the Eleventh Circuit uses in determining whether to grant interlocutory review under Rule 23(f) is "whether the petitioner has shown a substantial weakness in the class certification decision, such that the decision likely constitutes an abuse of discretion." *Prado-Steiman*, 221 F.3d at 1274. Thus, the order granting Plaintiffs' Rule 23(f) petition indicates that, in the Eleventh Circuit's view, the decision denying class certification "likely constitutes an abuse of discretion." *Id.*; *see Nieberding*, 2014 WL 5817323, at *2 ("the Tenth Circuit has already granted both [d]efendants' petitions for permission to appeal under Rule 23(f), thus satisfying the first layer of the inquiry");

4

*Amgen*, 2010 WL 11469044, at *4 (order granting leave to appeal under Rule 23(f) supported stay because "[t]he Ninth Circuit rarely permits Rule 23(f) appeals to proceed"); *Rosen v. J.M. Auto Inc.*, No. 07-61234-CIV, 2009 WL 7113827, at *1 (S.D. Fla. May 20, 2009) ("While the Court is confident that it has correctly applied the law to the issues of this case, we acknowledge that the Court of Appeals may reverse our ruling. Defendants have therefore established this element.").

  **2. The Balance of Hardships Tilts in Favor of Granting a Stay.**

  The second and third factors likewise favor granting a stay. "If the case were to proceed with dispositive motions or trial, and if the Court were reversed on appeal, both parties would suffer irreparable harm in spending substantial time and resources on litigation." *Salhotra v. Simpson Strong-Tie Co., Inc.*, No. 19-CV-07901-TSH, 2022 WL 1091799, at *2 (N.D. Cal. Apr. 12, 2022); *see Pena v. Taylor Farms Pac., Inc.*, No. 2:13-CV-01282-KJM-AC, 2015 WL 5103157, at *5 (E.D. Cal. Aug. 31, 2015) ("[M]any courts have found the costs of pretrial litigation, incurred unnecessarily, would constitute irreparable harm."). In addition, Experian cannot seriously claim to be prejudiced by a stay that allows the Eleventh Circuit to clarify the applicable legal standard and ensures that the parties do not waste resources litigating under the wrong standard.

  In contrast, requiring Plaintiffs to litigate this case through trial on an individual basis and under a standard that may be invalidated by the Eleventh Circuit may ring the death knell of the litigation, as the maximum each Plaintiff can obtain if they are successful at trial is $1,000. That amount pales in comparison to the cost of proceeding through the time and expense of a trial, with expensive expert testimony. And, if judgement is entered against them before trial, Plaintiffs will have to go through the expense and attendant delay of a full appeal after they have already litigated the case for almost three years. Allowing the Eleventh Circuit to decide the dispositive issue now eliminates the prejudice to Plaintiffs with no additional burden on Experian.

### 3. The Public Interest and Judicial Economy Favors A Stay.

A stay is in the public interest. It will avoid unnecessary litigation and suspend the case in place while the Eleventh Circuit resolves Plaintiffs' appeal and clarifies the law on a central issue. *See Pena*, 2015 WL 5103157, at *6 (finding a stay to be in the public interest). "The public interest lies in proper resolution of the important issues raised in this case, and issuance of a stay would avoid wasting resources on a class action litigation which might be changed in scope on appeal." *Salhotra*, 2022 WL 1091799, at *2 (internal quotation marks omitted); *see Earl*, 21 F.4th at 900 ("[T]he public interest supports staying district court proceedings to avoid potentially wasteful and unnecessary litigation costs where, as here, the appellant has shown a substantial likelihood of success on appeal.").

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant a stay of these proceedings pending a ruling on Plaintiffs' Rule 23(f) appeal to the Eleventh Circuit.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Counsel for Plaintiffs have conferred with Counsel for Experian, who have indicated that Experian opposes the relief requested herein.

Dated:  April 19, 2022　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　**PODHURST ORSECK, P.A.**

　　　　　　　　　　　　　　　　　　　*/s/ Matthew P. Weinshall*
　　　　　　　　　　　　　　　　　　　Peter Prieto (FBN 501492)
　　　　　　　　　　　　　　　　　　　John Gravante (FBN 617113)
　　　　　　　　　　　　　　　　　　　Matthew P. Weinshall (FBN 84783)
　　　　　　　　　　　　　　　　　　　Alissa Del Riego (FBN 99742)
　　　　　　　　　　　　　　　　　　　SunTrust International Center
　　　　　　　　　　　　　　　　　　　One S.E. Third Avenue, Suite 2300
　　　　　　　　　　　　　　　　　　　Miami, Florida 33131
　　　　　　　　　　　　　　　　　　　Telephone:  (305)358-2800/Fax: (305)358-2381
　　　　　　　　　　　　　　　　　　　Email:   pprieto@podhurst.com
　　　　　　　　　　　　　　　　　　　　　　　 jgravante@podhurst.com
　　　　　　　　　　　　　　　　　　　　　　　 mweinshall@podhurst.com
　　　　　　　　　　　　　　　　　　　　　　　 adelriego@podhurst.com

　　　　　　　　　　　　　　　　　　　Roland Tellis
　　　　　　　　　　　　　　　　　　　rtellis@baronbudd.com
　　　　　　　　　　　　　　　　　　　Adam Tamburelli
　　　　　　　　　　　　　　　　　　　atamburelli@baronbudd.com
　　　　　　　　　　　　　　　　　　　**BARON & BUDD, P.C.**
　　　　　　　　　　　　　　　　　　　15910 Ventura Boulevard
　　　　　　　　　　　　　　　　　　　Suite 1600
　　　　　　　　　　　　　　　　　　　Encino, California 91436

　　　　　　　　　　　　　　　　　　　Dennis McCarty
　　　　　　　　　　　　　　　　　　　dennismccartylaw@gmail.com
　　　　　　　　　　　　　　　　　　　Jonathan Raburn
　　　　　　　　　　　　　　　　　　　jonathan@geauxlaw.com
　　　　　　　　　　　　　　　　　　　**McCARTHY & RABURN PLLC**
　　　　　　　　　　　　　　　　　　　2931 Ridge Road, Suite 101 #504
　　　　　　　　　　　　　　　　　　　Rockwall, Texas 75032

　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs OMAR SANTOS and AMANDA
　　　　　　　　　　　　　　　　　　　CLEMENTS on behalf of themselves and all others similarly
　　　　　　　　　　　　　　　　　　　situated

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on April 19, 2022, via the Court Clerk's CM/ECF system which will provide notice to all parties' counsel of record by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may also access this filing through the Court's CM/ECF System.

/s/ *Matthew P. Weinshall*
Mathew P. Weinshall