UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:19-CV-23084-WILLIAMS/TORRES

| | |
|---|---|
| OMAR SANTOS and AMANDA CLEMENTS on behalf of themselves and all others similarly situated, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>HEALTHCARE REVENUE RECOVERY )<br>GROUP, LLC d/b/a ARS ACCOUNT )<br>RESOLUTION SERVICES, and )<br>EXPERIAN INFORMATION )<br>SOLUTIONS, INC., )<br>)<br>Defendants. )<br>)<br>)<br>) | CASE NO. 1:19-cv-23084-KMW |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
OPPOSITION TO PLAINTIFFS' MOTION FOR STAY PENDING APPEAL**

i

## INTRODUCTION

This Court has repeatedly declined to hit the brakes on this litigation by denying stays and extensions, and there is no reason to reverse course now. Indeed, the posture here presents two strong reasons for denying a stay. *First*, the case is already at its end. The only thing left for this Court to do is enter judgment on the pleadings based on Experian's fully briefed motion (ECF No. 186), which was filed after *both* Parties agreed such a motion was the most efficient way to dispose of this case. The Court has already ruled and reaffirmed its ruling that Plaintiffs must prove actual damages as an element of their claims under the Fair Credit Reporting Act (FCRA). And Plaintiffs concede that they have no proof of actual damages. Ruling in Experian's favor is therefore a simple formality.

*Second*, Plaintiffs cannot begin to meet their burden of showing irreparable harm absent a stay. Under binding Supreme Court precedent that Plaintiffs fail to cite, ordinary litigation costs and attorneys' fees do not constitute irreparable harm. But Plaintiffs cannot even get that far because they do not face the prospect of additional litigation costs. The only remaining step in this matter is the entry of final judgment in Experian's favor, which will expend virtually no judicial resources and cost the Parties nothing. The stay should be denied.

## BACKGROUND

Plaintiffs' FCRA claims are based on an allegedly inaccurate status date for collections accounts on their credit reports. *See* Opp. to Class Certification, ECF No. 133 at 2-4. These claims suffer from a fundamental problem: the date at issue is immaterial to creditors and caused Plaintiffs no damage. *Id.* at 3. Thus, early in discovery, Experian moved for summary judgment on the ground that actual damage is an element of Plaintiffs' claims under 15 U.S.C. § 1681e. ECF No. 39. Experian also moved for a stay of discovery, which this Court denied. ECF No. 49.

On March 22, 2021, this Court ruled that Plaintiffs must, as an element of their claim, "prove that Experian's … inaccurate report caused [them] to suffer damages." ECF No. 83 at 11 (quotation marks omitted). The court nevertheless denied summary judgment to provide Plaintiffs with "an opportunity to conduct discovery" on damages. *Id.* at 11 n.3, 12.

After discovery closed, Plaintiffs moved for class certification and disclaimed any reliance on actual damages, insisting that damages were not an element of their claims. ECF No. 88 at 18 & n.49. Experian's opposition addressed damages, but also raised the alternative argument that most (or all) of the absent class members lack Article III standing. ECF No. 133 at 16; ECF No. 151 at 9-13. Plaintiffs failed to respond to that alternative argument. ECF No. 151 at 13.

Magistrate Judge Torres recommended denying class certification. As he explained, this Court's summary judgment order "unequivocally found" that Plaintiffs must prove actual damages, and proof of actual damages for each class member "would be an individual and highly factual determination," which defeated predominance under Rule 23(b)(3). ECF No. 147 at 8-9. Judge Torres did not address Experian's alternative argument that the absent class members lack standing. This Court then adopted the recommendation in full. ECF No. 184.

Before the scheduled trial on Plaintiffs' individual claims, the Parties filed a request to stay the trial for three months, which this Court denied. ECF No. 148. Plaintiffs then filed an expedited motion for a conference to "examine the possibility of an expedited disposition of the case" through judgment on the pleadings. ECF No. 176 at 1. In support, Plaintiffs again admitted they lacked any evidence of damages and conceded they would produce no evidence of damages at trial. *Id.* at 4. After discussing Plaintiffs' concession at a Calendar Call on Dec. 21, 2021, the Court canceled the trial date and invited the Parties to agree on allowing Experian to file a motion for judgment on the pleadings to bring the case to a final judgment. *See* ECF No. 185 at 1.

On January 10, 2022, Experian filed its motion for judgment on the pleadings. ECF No. 186. Judgment is warranted, Experian explained, because Plaintiffs concede they cannot prove actual damages, which this Court has twice held is an element of their claims. *Id.* Meanwhile, Plaintiffs petitioned for and were granted an interlocutory appeal of this Court's class certification order under Rule 23(f). Regardless of Plaintiffs' appeal, however, Experian's motion for judgment on the pleadings has now been ripe for decision since briefing concluded on January 20, 2022. And this Court has already resolved the merits of the motion—it is based entirely on this Court's two prior rulings. Accordingly, the only thing left for this Court to do is to enter a final judgment in Experian's favor.

## ARGUMENT

An interlocutory appeal of a class certification order "does not stay proceedings in the district court unless the district judge or the court of appeals so orders." FRCP 23(f). "Thus, Rule 23(f) contemplates that … most cases … will continue notwithstanding the pendency of an appeal." *Loc. 703, IB of T Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.*, 2012 WL 13024409, at *1 (11th Cir. Sept. 4, 2012) (denying a stay pending appeal).

To show that this is the exceptional case warranting a stay, Plaintiffs bear the burden to demonstrate "(1) a likelihood that they will prevail on the merits of the appeal; (2) irreparable injury unless the stay is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest." *Usry v. Equityexperts.org, LLC*, 2020 WL 7488655, at *1 (S.D. Ga. Dec. 21, 2020). According to the Eleventh Circuit, the "first two factors" are "most critical"— Plaintiffs must make a "a strong showing that [they] will likely succeed on the merits and that [they] will face irreparable injury absent a stay." *Grocery & Food Emps.*, 2012 WL 13024409, at *1 (11th Cir. 2012) (citing *Nken v. Holder*, 556 U.S. 418, 433–435 (2009)). Plaintiffs have satisfied none of these requirements.

3

***No irreparable harm.*** To begin with, Plaintiffs have utterly failed to show irreparable harm absent a stay. They contend that the costs of a trial on their individual claims constitutes irreparable harm. Mot. 5. But there will be no trial even if a stay is denied. That's because the only thing left for this Court to do is enter final judgment in Experian's favor. Plaintiffs half-heartedly suggest that a final judgment will result in "the expense and attendant delay of a full appeal." Mot. 5. But the miniscule expense of filing a second notice of appeal is not irreparable harm, and Plaintiffs offer no authority or argument to the contrary. At bottom, neither the Parties nor this Court will expend significant resources by proceeding to final judgment. The "advanced litigation posture" therefore weighs decidedly "against a stay pending an interlocutory appeal." *Reyes v. BCA Fin. Servs., Inc.*, 2018 WL 6444920, at *1 (S.D. Fla. Dec. 10, 2018).

It would make no difference, moreover, even if Plaintiffs were forced to go to trial. "Merely saying [they] would need to incur additional fees, costs, and expenses is hardly sufficient to establish irreparable harm." *Id.* "Litigants always incur additional fees, costs, and expenses if a requested stay were to be denied." *Id.* Plaintiffs resort to district court cases from California to support their spurious argument that litigation costs can amount to irreparable harm, but the Eleventh Circuit and the Supreme Court have squarely held otherwise: "Mere injuries, however substantial, in terms o[f] money, time and energy necessarily expended in the absence of a stay, are not enough" to establish "irreparable injury." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1112 n.20 (11th Cir. 2004) (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)); *see also Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974) ("Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury."); *FTC v. Standard Oil Co. of California*, 449 U.S. 232, 244 (1980) (same); *Triangle Const. & Maint. Corp. v. Our Virgin Islands Labor Union*, 425 F.3d 938, 947, 947 n.8 (11th Cir. 2005) ("the expense of

4

participating in an arbitration proceeding would not constitute irreparable injury"). Moreover, even Plaintiffs' California cases are contrary to Ninth Circuit precedent. *Nationwide Biweekly Admin., Inc. v. Owen*, 873 F.3d 716, 736 n.20 (9th Cir. 2017) ("litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury").

Plaintiffs' litigation-expense argument is particularly misplaced because their complaint seeks attorneys' fees from Experian. Compl. ¶ 71. At best, "[a]n injury is 'irreparable' only if it cannot be undone through monetary remedies," and litigation expenses can be undone through an award of attorneys' fees in appropriate cases. *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990). For these reasons, Plaintiffs lack any basis for their assertion that litigation costs constitute irreparable harm here, whether those costs come in the form of a final appeal or a full trial on their individual claims.

This dooms Plaintiffs' motion. Proof of irreparable harm is a necessary requirement for granting a stay, regardless of whether there is any likelihood of success on appeal. *Grocery & Food Emps.*, 2012 WL 13024409, at *1 (11th Cir. 2012). The Eleventh Circuit has instructed that courts "need not decide whether [the moving parties] have shown they are likely to prevail" on a Rule 23(f) appeal, where "they have alleged no irreparable harm." *Id.* And lower courts have routinely followed that instruction in denying stays for Rule 23(f) appeals. *See, e.g.*, *Usry*, 2020 WL 7488655, at *1 ("Defendants have alleged no irreparable harm," so "the Court need not determine whether Defendants are likely to prevail on appeal"); *Calderone v. Scott*, 2016 WL 2586658, at *3 (M.D. Fla. May 5, 2016) ("Even though Plaintiffs have established a likelihood of success on appeal, the Court finds a stay inappropriate" because Plaintiffs failed to show "irreparable harm"). Likewise, this Court can rest its decision solely on irreparable harm.

***No likelihood of success on the merits.***  But Plaintiffs have also failed to make a "strong showing that [they are] likely to succeed on the merits" of their appeal.  *Nken*, 556 U.S. at 426.  This Court has ruled—and ruled again—that Plaintiffs must prove damages to support their FCRA claims.  And Experian has repeatedly explained why this Court got it right.  ECF No. 39 at 6; ECF No. 151 at 3-6.  There is no evidence in the text or history of the FCRA that Congress intended to subject Credit Reporting Agencies to billions of dollars in class-wide statutory damages for an (alleged) error on a consumer report that was immaterial to creditors and caused no damage to anyone.  *Id.*  Plaintiffs contend they have shown a likelihood of success because the Eleventh Circuit granted their petition for appeal.  Mot. 4.  But the mere "grant of the petition does not establish that [Plaintiffs] are likely to prevail on the merits of the appeal."  *De Leon-Granados v. Eller & Sons Trees, Inc.*, 2006 WL 8432449, at *2 (N.D. Ga. Nov. 17, 2006).

Regardless, even if the Eleventh Circuit were to disagree with this Court on actual damages, there is a strong likelihood that it will affirm on the alternative ground that most or all putative class members lack Article III standing.  The argument is based (in part) on undisputed evidence that no human ever reviewed the credit reports of 99.89% of class members.  ECF No. 151 at 9-13.  This fact eviscerates Plaintiffs' theory of Article III injury, which relies on the notion that a human creditor reviewed a credit report and was confused by an inaccurate status date on a collections account.  *Id.* at 11-12.  According to Plaintiffs, that confusion caused the creditors to misread the age of the debt even though the status date is never appropriately used under industry standards to determine the age of a collections account.  *Id.*  But this theory does not apply to 99.89% of putative class members, whose credit reports were indisputably reviewed only by an automated system, not a human.  *Id.* at 12-13.  And courts cannot certify a class with 99.89% of members who are uninjured.  *Id.*  Plaintiffs failed to respond to this argument during class

6

certification because they have no convincing response. Having failed to respond, Plaintiffs cannot make any showing, much less a strong showing, that the Eleventh Circuit will not reach that issue and affirm on that alternative ground. It likely will.

*__Balance of harms and the public interest.__* The final two factors also militate against a stay. Plaintiffs make no showing that denial of a stay will cause "any harm to other persons or the public." *Usry*, 2020 WL 7488655, at *2. Plaintiffs only argument is that a stay will avoid "wasting resources" on litigation. ECF No. 191 at 6. But, as Experian has explained, there will be no wasted resources here because this case is not on course for a trial. The only thing left for this Court to do is enter judgment on the pleadings in Experian's favor. Thus, just as this Court previously denied requests to stay discovery and stay the trial in this case, the Court should proceed apace and enter final judgment in the ordinary course.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' motion for a stay pending appeal.

Dated: May 3, 2022

Respectfully submitted,

/s/ *A.M. Cristina Pérez Soto*
A.M. Cristina Pérez Soto
Fla. Bar No. 096692
Christina Mastrucci Lehn
Fla. Bar No. 113013
**JONES DAY**
600 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 714-9700
Facsimile: (305) 714-9799
E-mail: cperezsoto@jonesday.com
Email: cmlehn@jonesday.com

William R. Taylor (*pro hac vice*)
**JONES DAY**
717 Texas, Suite 3300
Houston, TX  77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
Email: wrtaylor@jonesday.com

John A. Vogt (*pro hac vice*)
**JONES DAY**
3161 Michelson Drive, Suite 800
Irvine, CA 92612-4408
(949) 851-3939
javogt@jonesday.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 3, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel or parties of record.

*/s/ A.M. Cristina Pérez Soto*
A.M. Cristina Pérez Soto
