# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| OMAR SANTOS and AMANDA CLEMENTS on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>　　　　　Defendants.<br>_____/ | Case No 1:19-cv-23084-KMW |

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO STAY PENDING RESOLUTION OF THEIR RULE 23(f) APPEAL**

Plaintiffs Omar Santos and Amanda Clements ("Plaintiffs") respectfully submit this Reply in support of their Motion to Stay this action until the United States Court of Appeals for the Eleventh Circuit resolves Plaintiffs' pending appeal of this Court's Order denying Plaintiffs' motion for class certification.

## INTRODUCTION

In opposing Plaintiffs' request for a stay, Defendant Experian does not and cannot dispute that the pending appeal before the Eleventh Circuit will resolve a discrete legal issue that is critical to both the Court's class certification decision and the merits of the case. Instead, Experian urges this Court to deny Plaintiffs' motion to stay because, in Experian's view, "the case is already at its end." *See* Experian's Opposition ("Oppo.") at 1. Experian's tired refrain was rejected by the Eleventh Circuit when it granted Plaintiffs' petition for permission to appeal under Fed. R. Civ. P. 23(f),[1] and this Court should likewise reject it as a basis to deny Plaintiffs' motion to stay.

The Eleventh Circuit granted Plaintiffs' petition with full knowledge of the procedural posture of this case, confirming that the discrete legal issue before it requires immediate adjudication without further delay. Experian's opposition does nothing to warrant a departure from the course the Eleventh Circuit set in motion. In the interests of judicial economy and fairness, this Court should allow the Eleventh Circuit to resolve the parties' dispute as to the applicable legal standard without additional rulings that may complicate the review process, especially since appellate briefing is already in progress.

---

[1] In the section entitled "Reasons for Denying the Petition" in Experian's Answer in Opposition to Petition for Appeal Under Rule 23(f), Experian stated "First, a final judgment is imminent, so there is no need for immediate review." *See* Experian's Answer in Eleventh Circuit Case No. 22-90001, at p. 7.

## ARGUMENT

**I.     Plaintiffs Are Likely to Succeed On the Merits of Their Appeal.**

Experian concedes, as it must, that Plaintiffs' likelihood of success on the merits of the appeal is a critical factor in determining whether a stay is appropriate. But Experian's suggestion that Plaintiffs do not have a strong likelihood of success ignores reality.

First, Experian tautologically argues Plaintiffs' have failed to meet their burden because "[t]his Court has ruled—and ruled again—that Plaintiffs must prove damages to support their FCRA claims." *See* Oppo. at 6. But that is the precise ruling that the Eleventh Circuit agreed to review in the pending appeal, and the Eleventh Circuit decision granting Plaintiffs' Rule 23(f) petition to appeal is *prima facie* evidence that Plaintiffs' have a strong likelihood of success on the merits, because that is a key factor guiding the Eleventh Circuit's exercise of its own discretion. *See Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1274 (11th Cir. 2000).

Similarly unpersuasive is Experian's citation to *De Leon-Granados v. Eller & Sons Trees, Inc.*, No. 1:05-CV-1473-CC, 2006 WL 8432449 (N.D. Ga. Nov. 17, 2006), for the proposition that the mere grant of a Rule 23(f) petition does not establish that plaintiffs are likely to prevail on the merits of the appeal. There, the court reached that conclusion after noting that, unlike here, "[the movants] have not even articulated for this Court the specific issues or errors they intend to present on appeal. As such, this Court cannot begin to analyze whether [the movants] are likely to prevail on the merits of their appeal." *Id.* at *2.

Next, Experian argues that "there is a strong likelihood that [the Eleventh Circuit] will affirm on the alternative ground that most or all putative class members lack Article III standing," because Experian purportedly disclosed the erroneous credit information to a computer rather than a human being. *See* Oppo. at p. 6. But Experian's novel "standing" argument—which has nothing to do with its motion for judgment on the pleadings—was never

2

presented to this Court when Experian opposed class certification. As a result, it is unlikely that the Eleventh Circuit will even reach its standing argument on appeal. *See Sellers v. Rushmore Loan Mgmt. Servs., LLC*, 941 F.3d 1031, 1042 (11th Cir. 2019) (remanding case after determining that district court abused its discretion in denying class certification based on the wrong legal standard so that "the district court may decide in the first instance" whether to grant class certification based on the correct legal standard).

In either event, Experian's "standing" argument lacks merit. Plaintiffs' theory of injury does not depend on having a "person," as opposed to a computer, review the inaccurate credit reports Experian disseminated. Nor does the FCRA's requirement that Experian maintain reasonable procedures to ensure maximum possible accuracy of reported information depend on whether the reported information is viewed by a person or a computer.

This reading of the plain language of the FCRA was confirmed by the Supreme Court's ruling in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), in which the Supreme Court removed all doubt as to whether such an injury is sufficient to provide Plaintiffs and the Class with Article III standing to pursue a claim for statutory damages. The Supreme Court held that all 1,853 class members "whose [inaccurate] reports were *disseminated to third parties* suffered a concrete injury in fact under Article III." *Id.* at 2209 (emphasis added). Nothing in the Supreme Court's decision turned on the reaction of third parties to the inaccurate information, or whether computers or humans received the inaccurate disclosures—all that mattered was the dissemination or publication to third parties. Importantly, Experian raised this argument in its Answer to Plaintiffs' Rule 23(f) petition, and the Eleventh Circuit rightfully rejected it. This Court should do the same.

In sum, the Eleventh Circuit would not have granted Plaintiffs' petition unless Plaintiffs demonstrated that there is a likelihood of success on the merits of their appeal. The Eleventh Circuit did so despite Experian proffering identical arguments in opposition to the petition as it does here. Experian's opposition to Plaintiffs' motion to stay provides no basis for this Court to depart from the Eleventh Circuit's judgment.

## II. Plaintiffs Will Suffer Irreparable Harm Absent A Stay.

Experian does not claim that it would be prejudiced by a stay that allows the Eleventh Circuit to clarify the applicable legal standard and ensure that the parties do not waste resources litigating under the wrong legal standard. Instead, Experian again rests on its hollow claim that this case is "at its end" because its motion for judgment on the pleadings remains pending. But this Court has not indicated that it intends to rule in Experian's favor on the motion, which Plaintiffs have opposed.

In addition, Plaintiffs' briefing before the Eleventh Circuit is now underway. If the Court does not stay this case and grants Experian's motion for judgment on the pleadings, Plaintiffs will have expended time and money on the currently pending appeal, and they will be forced to start over with the delay of a full appeal. These are the type of potentially unrecoverable, wasted expenses that courts have considered in finding irreparable harm to support a stay. *Salhotra v. Simpson Strong-Tie Co., Inc.*, No. 19-CV-07901-TSH, 2022 WL 1091799, at *2 (N.D. Cal. Apr. 12, 2022); *see Pena v. Taylor Farms Pac., Inc.*, No. 2:13-CV-01282-KJM-AC, 2015 WL 5103157, at *5 (E.D. Cal. Aug. 31, 2015) ("[M]any courts have found the costs of pretrial litigation, incurred unnecessarily, would constitute irreparable harm.").

Moreover, allowing a speedy resolution of the discrete issue before the Eleventh Circuit is in the public interest. Indeed, in granting Plaintiffs' Rule 23(f) Petition, the Eleventh Circuit

considered "whether the appeal will permit the resolution of an unsettled legal issue that is important to the particular litigation as well as important in itself." *Prado-Steiman*, 221 F.3d at 1275.

## CONCLUSION

As the numerous cases that Plaintiffs cited in their motion indicate, courts routinely grant stays under these circumstances—once an appellate court has granted review under Rule 23(f), as the Eleventh Circuit has done here. For the foregoing reasons, Plaintiffs respectfully request that the Court grant a stay of these proceedings pending the Eleventh Circuit's resolution of the appeal of this Court's Order denying Plaintiffs' motion for class certification.

Dated:  May 10, 2022

        **PODHURST ORSECK, P.A.**

        */s/ Matthew P. Weinshall*
        Peter Prieto (FBN 501492)
        John Gravante (FBN 617113)
        Matthew P. Weinshall (FBN 84783)
        Alissa Del Riego (FBN 99742)
        SunTrust International Center
        One S.E. Third Avenue, Suite 2300
        Miami, Florida 33131
        Telephone:  (305)358-2800/Fax: (305)358-2381

        Roland Tellis
        rtellis@baronbudd.com
        Adam Tamburelli
        atamburelli@baronbudd.com
        **BARON & BUDD, P.C.**
        15910 Ventura Boulevard
        Suite 1600
        Encino, California 91436

        Dennis McCarty
        dennismccartylaw@gmail.com
        Jonathan Raburn
        jonathan@geauxlaw.com
        **McCARTHY & RABURN PLLC**
        2931 Ridge Road, Suite 101 #504

        Rockwall, Texas 75032

        Attorneys for Plaintiffs OMAR SANTOS and AMANDA CLEMENTS on behalf of themselves and all others similarly situated

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on May 10, 2022, via the Court Clerk's CM/ECF system which will provide notice to all parties' counsel of record by operation of the Court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may also access this filing through the Court's CM/ECF System.

        */s/ Matthew P. Weinshall*
        Mathew P. Weinshall