**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

OMAR SANTOS and AMANDA
CLEMENTS on behalf of themselves and
all others similarly situated,

        Plaintiffs,

   vs.

EXPERIAN INFORMATION
SOLUTIONS, INC.,

        Defendant.

_____/

Case No 1:19-cv-23084-KMW

## JOINT RESPONSE TO ORDER TO SHOW CAUSE

Plaintiffs Omar Santos and Amanda Clements and Defendant Experian

Information Solutions, Inc., by and through their undersigned counsel, jointly

provide the following response to the Court's Order to Show Cause ("OSC"; ECF

298).

On November 10, 2025, this Court entered an Order (ECF No. 284) staying

this action pending the Eleventh Circuit's resolution of *Santos v. Experian*

*Information Solutions, Inc.*, No. 25-13764 (11th Cir.), which appeals the denial of

Experian's Motion to Compel Arbitration.  The Parties filed a Joint Status Report as

instructed by the Court on January 9, 2026.  However, the Parties neglected to file

any subsequent status reports prior to the issuance of the present OSC.  Alongside

the instant response, the Parties are filing a Status Report that reflects the current state of the appeal.  The Parties hereby reaffirm their obligation to file status reports every 60 days while the appeal is resolved.

The omission was inadvertent, and the Parties respectfully submit that sanctions are not warranted for three reasons.

*First*, the omission does not warrant an exercise of this Court's inherent power to impose sanctions for litigation misconduct.  "A court may exercise this power 'to sanction the willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'"  *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017) (quoting *Marx v. Gen Revenue Corp.*, 568 U.S. 371, 382 (2013)).  Thus, the "key to unlocking a court's inherent power [to impose sanctions] is a finding of bad faith."  *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998).  The Parties' failure here is regrettable, but it falls far short of the standard.  *Cf. Purchasing Power*, 851 F.3d at 1224–25 ("[I]n the absence of direct evidence of subjective bad faith, this standard can be met if an attorney's conduct is so egregious that it could only be committed in bad faith.").  Though the Parties acted inadvertently when they failed to file the status report, they did not act in bad faith or for oppressive reasons.

*Second*, the error was harmless.  Even under the lower standard for sanctions for violations of scheduling or pretrial orders (*see* Fed. R. Civ. P. 16(f)), sanctions

2

would only be warranted when necessary "to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation." *United States v. Samaniego*, 345 F.3d 1280, 1284 (11th Cir. 2003) (quotations omitted).[1]  Although the Parties recognize the value of keeping the Court appraised of proceedings on appeal, briefing remains ongoing in the Eleventh Circuit, and the trial court proceedings remain stayed.  The Parties' inadvertence did not cause delay or interfere with trial preparation.

*Third*, the Parties respectfully appeal to the leniency of the Court in the exercise of its discretion.  *See Samaniego*, 345 F.3d at 1284 ("[D]istrict courts have discretion to decide if there is a pattern of delay or a deliberate refusal to comply with court orders or directions that justifies a sanction.").  The Parties have otherwise complied with all orders of this Court and made a mistake while focusing on their appellate briefs.  That mistake caused no material harm in the present proceedings. And the severity of this Court's Show Cause Order alone will certainly function to ensure the Parties' compliance as the appeal continues in the Eleventh Circuit.

For the foregoing reasons, the Parties respectfully request that the Court refrain from issuing sanctions.

---

[1] Rule 16(f), concerning scheduling and pretrial orders, does not apply here.  But even if it did, sanctions would not be warranted for the reasons described above. *See Walker v. Grampa's Real Est. Inc.*, No. 20-CV-61557, 2021 WL 3566316, at *1 (S.D. Fla. Aug. 10, 2021) (sanctions under Rule 16(f) not warranted where conduct "caused no interference or delay"), *adopted*, No. 20-61557-CIV, 2021 WL 3612262 (S.D. Fla. Aug. 12, 2021).

Respectfully Submitted,

Dated:  May 21, 2026         **PODHURST ORSECK, P.A.**

/s/ Peter Prieto
Peter Prieto (FBN 501492)
Matthew P. Weinshall (FBN 84783)
2525 Ponce de Leon, Suite 700
Coral Gables, Florida 33134
Tel: (305) 928-8501
Fax: (305) 358-2382
Email:  pprieto@podhurst.com
        mweinshall@podhurst.com

Roland Tellis
Adam M. Tamburelli
**BARON & BUDD, P.C.**
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Email:  rtellis@baronbudd.com
        atamburelli@baronbudd.com

Dennis McCarty
Jonathan Raburn
**McCARTHY & RABURN PLLC**
2931 Ridge Road, Suite 101 #504
Rockwall, Texas 75032
Email:  dennismccartylaw@gmail.com
        jonathan@geauxlaw.com

Attorneys for Plaintiffs OMAR SANTOS and AMANDA
CLEMENTS on behalf of themselves and all others
similarly situated

4

Dated:  May 21, 2026

*/s/ Ana María Cristina Pérez Soto*
Ana María Cristina Pérez Soto, (FBN 096692)
**JONES DAY**
600 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone:  (305)714-9700
Fax: (305)714-9799
Email:  cperezsoto@jonesday.com

William R. Taylor, (*pro hac vice*)
**JONES DAY**
717 Texas, Suite 3300
Houston, Texas 77022
Telephone: (832)239-3939
Fax:  (832)239-3600
Email:   wrtaylor@jonesday.com

Attorneys for Defendant EXPERIAN INFORMATION
SOLUTIONS, INC.

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 21, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

By: */s/ Ana María Cristina Pérez Soto*
Ana María Cristina Pérez Soto